Martin K. Deniston (State Bar No. 106737)
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
Coudert Brothers LLP and Defendants identified in Exhibit 1

ORIGINAL FILED
07 FEB 28 PM 3: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC., <br><br>  Plaintiff, <br><br> v. <br><br> COUDERT BROTHERS, LLP, and DOES 1 – 500, <br><br>  Defendants. | Case No: C 07-01075 SC <br><br> **ANSWER TO FOURTH AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD:

Defendants Charles E. Aster, Steven H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, William K. Coulter, Richard N. Dean, Richard De Palma, Robert L. Eisen, Joseph Farrell, Kay Georgi, Tara K. Giunta, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew

---

1
ANSWER TO FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
525870.1

Hedden, Janet Hernandez, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Owen Nee, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Robert F. Pietrowski, Jr., Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, Olga Sirodoeva, James B. Sitrick, Roger D. Stark, Edward H. Tillinghast, III, Charles H. Wagner, Roger B. Wagner, Christopher M. Wells, Anthony Williams, Mary F. Voce, John M. Gurley, and Carol B. Stubblefield (collectively, "Defendants") submit this Answer in response to the unverified Fourth Amended Complaint filed by Plaintiff SENORX.

1. Defendants deny all of the allegations contained in paragraph 1 of the Fourth Amended Complaint based on lack of information and knowledge.

2. Defendants deny all of the allegations contained in paragraph 2 of the Fourth Amended Complaint.

3. Defendants deny all of the allegations contained in paragraph 3 of the Fourth Amended Complaint.

4. Defendants admit all of the allegations contained in paragraph 4 of the Fourth Amended Complaint.

5. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, William K. Enger, Robert R. Jesuele, Gregory Keever, George J. Koelzer, Ralph C. Navarro, Russell W. Roten, John A. St. Clair, Glenn W. Trost, William M. Walker, Robert J. Zapf, J.D.

Harriman II, David Huebner, Earl J. Imhoff, Jr., and Edward J. Labowitz were limited liability partners of Coudert Brothers LLP and were acting as lawyers in Los Angeles in the State of California. Defendants deny all other allegations contained in paragraph 5 of the Fourth Amended Complaint based on lack of information and knowledge.

6. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Donald L. Bartels, Lillian K. Nakagawa, David Schnapf, James E. Topinka, Mark H. Wildasin, and William N. Hebert were limited liability partners of Coudert Brothers LLP and were acting as lawyers in San Francisco in the State of California. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Gary L. Benton, John Michaelson, and Greg L. Pickrell were limited liability partners of Coudert Brothers LLP and were acting as lawyers in the State of California. Defendants deny all other allegations contained in paragraph 6 of the Fourth Amended Complaint based on lack of information and knowledge.

7. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Robert A. Christopher, Richard A. Jones, and Edward Lozowicki were limited liability partners of Coudert Brothers LLP and were acting as lawyers in San Jose in the State of California. Defendants deny all other allegations contained in paragraph 7 of the Fourth Amended Complaint based on lack of information and knowledge.

8. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Charles E. Aster, Steven H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, Richard De Palma, Robert L. Eisen, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, James B. Sitrick, Edward H. Tillinghast, III, Mary F. Voce, Charles H. Wagner, Christopher M. Wells, Carol B. Stubblefield, Anthony Williams, Thomas D. Brislin, Thomas J. Drago, Angela Mariana Freyre, Anthony C. Kahn, Carlos E. Mendez-Penate, John F. Sheedy, Theodore Farris, and Amy Johannesen were limited liability partners of Coudert Brothers LLP and were acting as lawyers in the State of New York. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Lance J. Miller, Owen Nee, and Charles Keefe were limited liability partners of Coudert Brothers LLP. Defendants deny all other allegations contained in paragraph 8 of the Fourth Amended Complaint based on lack of information and knowledge.

9. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, William K. Coulter, Richard N.

Dean, Kay Georgi, Tara K. Giunta, Janet Hernandez, Robert F. Pietrowski, Jr., Roger D. Stark, John Gurley, Roger B. Wagner, Michael R. Calabrese, Charles Friedlander, George M. Knapp, Tedson J. Meyers, and Marian Hagler were limited liability partners of Coudert Brothers LLP and were acting as lawyers in Washington, DC. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Jonathan Cahn was a limited liability partner of Coudert Brothers LLP. Defendants deny all other allegations contained in paragraph 9 of the Fourth Amended Complaint based on lack of information and knowledge.

10. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Joseph Farrell was a limited liability partner of Coudert Brothers LLP. Defendants deny all other allegations contained in paragraph 10 of the Fourth Amended Complaint based on lack of information and knowledge.

11. Defendants admit that during some or all of the period of time that Coudert Brothers LLP was representing SenoRx, Olga Sirodoeva was a limited liability partner of Coudert Brothers LLP. Defendants deny all other allegations contained in paragraph 11 of the Fourth Amended Complaint based on lack of information and knowledge.

12. Defendants admit based on information and belief that plaintiff retained and employed the law firm defendant Coudert Brothers LLP to represent it

in regard to certain patent matters. Defendants deny all other allegations contained in paragraph 12 of the Fourth Amended Complaint based on lack of information and knowledge.

13.  Defendants admit that California Corporations Code Section 16956(a)(2) alllows limited liability partnerships to provide security for claims against it with one of three different methods or a combination of those methods. Defendants deny all other allegations contained in paragraph 13 of the Fourth Amended Complaint based on lack of information and knowledge.

14.  Defendants admit that California Corporations Code Section 16956(a)(2) sets forth methods that could be utilized by Coudert Brothers LLP to provide security for claims against it. The statute speaks for itself as to what those methods are. Defendants deny all other allegations contained in paragraph 14 of the Fourth Amended Complaint.

15.  Defendants admit that when SenoRx made a claim against Coudert Brothers LLP, Coudert Brothers LLP maintained a liability insurance policy that contained a self-insured retention of $3,000,000. Defendants deny all other allegations contained in paragraph 15 of the Fourth Amended Complaint based on lack of information and knowledge.

16.  Defendants deny all of the allegations contained in paragraph 16 of the Fourth Amended Complaint.

17.     Defendants deny all of the allegations contained in paragraph 17 of the Fourth Amended Complaint.

18.     Defendants admit based on information and belief that at some point all of the named defendants were limited liability partners of Coudert Brothers LLP. Defendants deny all other allegations contained in paragraph 18 of the Fourth Amended Complaint.

19.     Defendants deny all of the allegations contained in paragraph 19 of the Fourth Amended Complaint.

20.     Defendants deny all of the allegations contained in paragraph 20 of the Fourth Amended Complaint.

21.     Defendants deny all of the allegations contained in paragraph 21 of the Fourth Amended Complaint.

22.     Defendants deny all of the allegations contained in paragraph 22 of the Fourth Amended Complaint.

23.     Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

24.     As a first affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that neither the

Fourth Amended Complaint nor any cause of action asserted therein states facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Offset)

25. As a second affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that if SenoRx has recovered and/or will recover some or all of its alleged damages in this action from other parties, and should Defendants be found liable to SenoRx, their liability should be reduced by the amount of any such recoveries.

## THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

26. As a third affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that each purported cause of action of the Fourth Amended Complaint is barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure §§ 337, 338, 339, 340, 343, and 340.6

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

27. As a fourth affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that SenoRx is estopped from recovery due to the fact, among other reasons, that SenoRx has failed

to sue Edward Lynch, the partner at Coudert Brothers LLP, who was allegedly negligent in the representation of SenoRx, and has instead retained that partner through his new law firm in an attempt to block any indemnity claim by the partners named in this action against Edward Lynch. Therefore, by failing to sue him they should be estopped from pursuing the individual defendants named in this action.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver)

28. As a fifth affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that by SenoRx's acts, conduct and omissions, SenoRx has waived its right to assert each purported cause of action in the Fourth Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(Laches)

29. As a sixth affirmative defense to the Fourth Amended Complaint, Defendants allege that the Fourth Amended Complaint, and each cause of action therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

30. As a seventh affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants are informed and

believe and thereon allege that SenoRx has acted with "unclean hands" with respect to the matters alleged in the Fourth Amended Complaint and, on that ground, is barred from the relief requested therein.

## EIGHTH AFFIRMATIVE DEFENSE

(No Damages)

31. As an eighth affirmative defense to the Fourth Amended Complaint, Defendants allege that SenoRx has suffered no damages caused by any alleged wrongful acts of the Defendants.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

32. As a ninth, separate and distinct affirmative defense, the answering Defendants allege that if SenoRx has suffered any damages by reason of the activities alleged in the Fourth Amended Complaint, SenoRx has failed to take action, or has taken insufficient action, to mitigate those damages. Consequently, any damages suffered by SenoRx must be reduced in an amount by which SenoRx could have mitigated those damages, if any.

//

//

//

//

//

# TENTH AFFIRMATIVE DEFENSE

(Vagueness and Uncertainty)

33. As a tenth affirmative defense to the Fourth Amended Complaint, Defendants allege that the Fourth Amended Complaint, and each and every cause of action contained therein, is vague and uncertain.

# ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

34. As an eleventh affirmative defense to the Fourth Amended Complaint, Defendants allege that SenoRx was negligent or at fault in and about the matters and activities alleged in the Fourth Amended Complaint in the way SenoRx and/or its agents conducted themselves and that said negligence or fault contributed to and was a legal cause of SenoRx's alleged damages, if any. Defendants further allege that if they are found to have been negligent or vicariously liable for the negligence or fault of others, and if SenoRx is entitled to recover damages against Defendants by virtue of the Fourth Amended Complaint, or any cause of action therein, such recovery should be diminished by reason of the negligence or fault of SenoRx, and/or its agents, in proportion to the degree of negligence or fault attributable to SenoRx, and/or its agents.

//

//

## TWELFTH AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

35. As a twelfth affirmative defense to the Fourth Amended Complaint, Defendants allege that third parties, persons, entities, and/or their agents were negligent or at fault in and about the matters and activities alleged in the Fourth Amended Complaint in the way such third parties, persons, entities, and/or their agents conducted themselves and that said negligence or fault contributed to and was a legal cause of SenoRx's alleged damages, if any. Defendants further allege that if it is found to have been negligent or vicariously liable for the negligence or fault of others, and if SenoRx is entitled to recover damages against Defendants by virtue of the Fourth Amended Complaint, or any cause of action therein, such recovery should be diminished by reason of the negligence or fault of such third parties, persons, entities, and/or their agents in proportion to the degree of negligence or fault attributable to such third parties, persons, entities, and/or their agents.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Superceding and Intervening Cause)

36. As a thirteenth affirmative defense to the Fourth Amended Complaint, Defendants allege that if in fact SenoRx was damaged in any manner whatsoever, such damage, if any, was a direct and legal result of the intervening and superseding actions on the part of other persons or entities, and not the actions of

the Defendants. Defendants further allege that such intervening, superseding actions of such other persons or entities bar recovery herein by SenoRx against Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Amend Answer)

37. Defendants believe, and, therefore, assert, that it may have additional affirmative defenses that cannot now be articulated because the Fourth Amended Complaint does not describe the matters asserted with sufficient particularity to enable Defendants to determine all the defenses they may have and because Defendants do not have copies of all documents bearing on SenoRx's claims. Defendants, therefore, fully reserve its right to assert additional defenses ascertained upon further investigation and discovery.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Limited Liability Partnership Partner Defense)

38. As a fifteenth affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that Defendants were at all relevant times Limited Liability Partners of Coudert Brothers LLP a registered limited liability partnership. By virtue of being limited liability partners of Coudert Brothers LLP, Defendants are immune from liability in this matter pursuant to the limitations of liabilities of individual Limited Liability

Partnership partners set forth in the California Corporations Code and pursuant to the law of the State of New York.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Unripe Action)

39.  As a sixteenth affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that until there is a finding of liability and judgment against Coudert Brothers LLP, and a showing that Coudert Brothers LLP cannot satisfy or discharge that judgment, the action is unripe to proceed against the Defendants as any alleged liability they may have is derivative of Coudert Brothers LLP's liability and Coudert Brothers LLP's subsequent failure to satisfy a judgment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary Parties)

40.  As a seventeenth affirmative defense to the Fourth Amended Complaint and each and every cause of action contained therein, Defendants allege that SenoRx has failed to join all necessary parties to this lawsuit. The disposition of this case in the absence of all necessary parties will be impaired and/or impeded by the absence of all necessary parties that SenoRx has failed to join and will adversely affect the obligations of those who are already parties to this action.

# **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that judgment be entered against SenoRx as follows:

1. SenoRx take nothing by its Fourth Amended Complaint;

2. Attorneys' fees and costs as allowed by law;

3. For such other and further relief as the Court deems just and proper.

Dated: February 28, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:_____
Martin K. Deniston
Attorneys for Defendant
COUDERT BROTHERS LLP and
Defendants identified in Exhibit 1

# DEMAND FOR JURY TRIAL

Defendants demand a trial by jury.

Dated: February 28, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Martin K. Deniston
Attorneys for Defendant
COUDERT BROTHERS LLP and
Defendants identified in Exhibit 1

# EXHIBIT 1

## Case No.:   C 07-01075 SC
## SENORX V. COUDERT BROTHERS LLP AND DOES 1 - 500

Charles E. Aster,
Steven H. Becker,
Pamela T. Church,
Charles H. Critchlow,
Edmund S. Cohen,
Jeffrey E. Cohen,
James C. Colihan,
William K. Coulter,
Richard N. Dean,
Richard De Palma,
Robert L. Eisen,
Joseph Farrell,
Kay Georgi,
Tara K. Giunta,
Kevin W. Goering,
Deborah Goldstein,
John M. Gurley,
Michael J. Hagan,
Robert E. Hanlon,
Gerard V. Hannon,
Andrew Hedden,
Janet Hernandez,
Stephen M. Hudspeth,
W. Michael Kelly,
Frederick P. Konta,
George J. Martin, Jr.,
Edwin S. Matthews, Jr.,
Brian McGunigle,
Barry Metzger,
Owen Nee,
Marilyn S. Okoshi,
Richard M. Ornitz,
Kenneth R. Page,
Robert F. Pietrowski, Jr.,
Darrell Prescott,
Clyde E. Rankin, III,

Richard Reilly,
Thomas Rice,
Olga Sirodoeva,
James B. Sitrick,
Roger D. Stark,
Carol B. Stubblefield
Edward H. Tillinghast, III,
Mary F. Voce,
Charles H. Wagner,
Roger B. Wagner,
Christopher M. Wells,
Anthony Williams,
Philippe Bennett

523898.1

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2900, Los Angles, CA 90071.

On **February 28, 2007**, I served the **ANSWER TO FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing XX a true copy ____ the original thereof enclosed in a sealed envelope addressed as follows:

| Law Offices of Michael J. Piuze<br>Michael J. Piuze, SBN 51342<br>Geraldine Weiss, SBN 168455<br>11755 Wilshire Blvd., Suite 1170<br>Los Angeles, California 90025 | **Attorney for Plaintiff**<br>**Senorx, Inc.**<br><br>Ph: 310-312-1102<br>Fx: 310-473-0708 |
|---|---|

[ X ] (BY MAIL) I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 28, 2007**, at Los Angeles, California.

Kathleen Spendlove

498660.1

PROOF OF SERVICE