LAW OFFICES OF MICHAEL J. PIUZE
Michael J. Piuze, SBN 51342
Holly L. Hostrop, SBN 108403
11755 Wilshire Blvd., Suite 1170
Los Angeles, California 90025
Telephone: (310) 312-1102
Facsimile: (310) 473-0708

Attorneys for Plaintiff SenoRx, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC., <br><br>     Plaintiff, <br><br> vs. <br><br> COUDERT BROTHERS, LLP; and DOES 1-500, inclusive, <br><br>     Defendants. | CASE NO. C -01075 SC <br><br> PLAINTIFFS' STATEMENT PURSUANT TO FED. R. BANKR. P. 9027(e)(3) |

    Plaintiff SenoRx, Inc. hereby files this statement pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3).

    1.    Plaintiff admits that on or about October 2004, Plaintiff SenoRx, Inc. commenced this action for legal malpractice in the Superior Court of the State of California for the County of San Francisco, captioned <u>SenoRx, Inc. v. Coudert Brothers, LLP, and DOES 1 - 500</u>, Case No. CGC O4435849 and that an Answer on behalf of Defendant and Debtor Coudert Brothers, LLP, was filed on January 21, 2005.

    2.    Plaintiff admits that on or about November 3, 2005 and January 25, 2006, Plaintiff SenoRx, Inc. filed DOE amendments with respect to the Complaint for the purpose of substituting specifically named individual defendants for ficticiously named defendants, including, but not limited to, the Individual Partner Defendants named in the Notice of Removal ("Individual Partner Defendants"). Plaintiff has insufficient

PLAINTIFFS' STATEMENT PURSUANT TO FED. R. BANKR. P. 9027(e)(3)

1 information to admit or deny whether any or all of the Individual Partner Defendants are California residents or rendered any services to Plaintiff and on that basis denies such allegation.

3. Plaintiff admits that in March, 2006 a demurrer was filed on behalf of the Individual Partner Defendants and that this, and three subsequent demurrers were sustained with leave to amend the Complaint.

4. Plaintiff admits that on or about September 22, 2006 ("Petition Date"), the Defendant and Debtor Coudert Brothers, LLP commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York entitled In re Coudert Brothers, LLP, Case No. 06-12226.

5. Plaintiff admits that its Fourth Amended Complaint was filed on or about November 8, 2006 and that on or about January 23, 2007 the California Superior Court for the County of San Francisco **overruled** the Individual Partner Defendants' demurrer to Plaintiff's Fourth Amended Complaint.

6. Plaintiff admits that on or about January 31, 2007, Plaintiff filed a proof of claim in the Courdert Brothers LLP bankruptcy case.  Plaintiff denies that this action seeks the "same recovery as the claim set forth on that proof of claim" on the grounds that this action seeks recovery against the Individual Partner Defendants and others, whereas the recovery sought in the proof of claim is against Defendant and Debtor Courdert Brothers LLP.

7. Plaintiff has insufficient information at this point in time to admit or deny, and on that ground denies, the timeliness of the Notice of Removal.

8. Plaintiff admits that the claims in the Removed Action are "related to" the Debtor's pending bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b).

9. Plaintiff denies that the claims in the Removed Action are part of the Bankruptcy Court's "core" jurisdiction pursuant to 28 U.S.C. 28 U.S.C. § 157 and the principles set forth in *Northern Pipeline Constr. Co. v. Marathon Pipe Line*

1  *Co.*, 458 U.S. 50, 71 (1982). Pursuant to 28 U.S.C. § 157(c)(2), Plaintiff does not
2  consent to the entry of final orders or judgments by the bankruptcy judge in this case.
3      10.   Plaintiff reserves all of its rights, including, without limitation, to seek
4  abstention, remand, or withdrawal of the reference with respect to the Removed Action.
5      11.   Neither Defendant and Debtor Coudert Brothers LLP, nor the Individual
6  Partner Defendants have alleged in their Notice of Removal, as required, that the other
7  defendants in the Removed Action consent to removal, and Plaintiff does not concede
8  that such consent is not required.
9      12.   Plaintiff is entitled to a trial by jury of the claims in the Removed Action
10 under the Seventh Amendment to the United States Constitution, and Plaintiff timely
11 made a jury demand in the Removed Action. Pursuant to 28 U.S.C. § 157(e), Plaintiff
12 does not consent to a jury trial conducted by the bankruptcy court in this case.
13     13.   Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), Plaintiff
14 has mailed a copy of this statement to every other party in the Removed Action.

DATED: March 8, 2007.                    THE LAW OFFICES OF MICHAEL J. PIUZE

                                         By: _____
                                             MICHAEL J. PIUZE
                                             Attorneys for Plaintiff

PLAINTIFFS' STATEMENT PURSUANT TO FED. R. BANKR. P. 9027(e)(3)

**PROOF OF SERVICE**
SenoRX, Inc. v. Coudert Brothers LLP, et al.
Case No. C -01075 SC

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11755 Wilshire Boulevard, Suite 1170, Los Angeles, California 90025.

On March 8, 2007, I served the foregoing document described as: **PLAINTIFFS' STATEMENT PURSUANT TO FED. R. BANKR. P. 9027(e)(3)**, on the parties in this action by placing:

_____ the original to the propounding party and a true copy to all other parties; or

  X    a true copy thereof enclosed in a sealed envelope addressed as follows:

Martin K. Deniston, Esq.
Wilson, Elser, Moskowitz, Edleman & Dicker LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90017
TEL     (213) 443-5100
FAX    (213) 443-5101

(X)     By Mail ON March 8, 2007, I personally deposited the above-named document in a United States Post Office Box with postage thereon fully prepaid at Cathedral City, California. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

()     By Personal Service: I delivered such envelope by hand to the addressee(s) above.

()     By Federal Express: I caused such envelope to be delivered by Federal Express delivery service to the offices of the addressee.

(X)     By Facsimile Transmission: On March 8, 2007, I caused the above-named document to be transmitted by facsimile transmission telephonically to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

Executed on March 8, 2007, at Cathedral City, California.

( ) (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X) (Federal) I declare that I am employed by the office of member of the bar or this court at whose direction the service was made.

_____
Holly L. Hostrop

PLAINTIFFS' STATEMENT PURSUANT TO FED. R. BANKR. P. 9027(e)(3)