LAW OFFICES OF MICHAEL J. PIUZE
Michael J. Piuze, SBN 51342
Geraldine Weiss, SBN 168455
Holly L. Hostrop, SBN 108403
11755 Wilshire Blvd., Suite 1170
Los Angeles, California 90025
Telephone: (310) 312-1102
Facsimile: (310) 473-0708
Email address dweiss@mjplaw.net

Attorneys for Plaintiff SenoRx, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC.,<br><br>          Plaintiff,<br><br>       vs.<br><br>COUDERT BROTHERS, LLP; and DOES 1-500, inclusive,<br><br>          Defendants. | CASE NO. C -01075 SC<br><br>**NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: April 27, 2007<br>Time: 10:00 am<br>Ctrm: 1<br>Judge: Honorable Samuel Conti<br><br>Complaint Filed: October 27, 2004<br><br>FILED CONCURRENTLY HEREWITH<br><br>DECLARATION OF GERALDINE WEISS; PROOF OF SERVICE; [PROPOSED] ORDER |

PLEASE TAKE NOTICE that on April 27, 2007 at 10:00 a.m., in Department 1 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff SenoRx, Inc. ("Plaintiff") will move this Court for an Order to Remand this action to the Superior Court of the County of San Francisco, State of California, in which it was originally filed by Plaintiff.

///

1

1    Plaintiff bases this Remand Motion upon this Notice of Motion, the attached

2    Memorandum of Points and Authorities, the Declaration of Geraldine Weiss with

3    attached exhibits, all of the files and records in this action and such additional

4    arguments or matters as may be offered at the hearing on this Motion.

5    Dated: March 22, 2007.                    LAW OFFICES OF MICHAEL J. PIUZE

6

7                                              BY _____

8                                                  Geraldine Weiss
                                                   Attorney for Plaintiff SenoRx,
                                                   Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL & MOTION TO REMAND OR ABSTAIN &
MEMORANDUM  IN SUPPORT THEREOF

CASE NO. C -01075 SC

1

# TABLE OF CONTENTS

2
PAGE

3  I.  INTRODUCTION ................................................................6

4  II.  BACKGROUND.................................................................6

5  I.  LEGAL ARGUMENT .............................................................9

6      A.  MOTION TO REMAND.......................................................9

7          1.  Jurisdiction under 28 U.S.C. 1452 ..................................9

8          2.  Remand on Equitable Grounds.....................................9

9              a.  Issues of State Law Predominate.............................10
            b.  Comity...........................................................11
10             c.  This Action is Remote to the Bankruptcy Proceeding.............11
            d.  Difficulty of Applicable State Law............................11
11             e.  Waste of Judicial Resources.................................13
            f.  Prejudice to Plaintiff.........................................13
12             g.  Jury Trial.......................................................13

13     B.  ABSTENTION.............................................................14

14         1.  Mandatory Abstention.............................................14

15         2.  Discretionary Abstention..........................................17

16             a.  Efficient Administration.......................................17
            b.  State Law Issues Predominate...............................17
17             c.  The Difficulty or Unsettled Nature of State Law................17
            d.  Presence of Related Proceeding in State Court.................18
18             e.  Lack of Federal Jurisdiction..................................18
            f.  Feasibility of Severing Claims Determination
19                from Enforcement..............................................18
             g.  Forum Shopping...............................................19
20             h.  Right to a Jury Trial...........................................19
            i.  Non Debtor Parties...........................................19
21             j.  Summary......................................................19
            k.  Ninth Circuit Policy...........................................19
22

23 IV.  CONCLUSION..................................................................19

24

25

26

27

28

NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL & MOTION TO REMAND OR ABSTAIN &
MEMORANDUM  IN SUPPORT THEREOF

CASE NO. C -01075 SC

# INDEX OF AUTHORITES

**CASES**

**Page(s)**

Citigroup, Inc. v. Pac. Inv. Mgmt. Co., 296 B.R. 505, 509 (C.D. Cal. 2003).........................10

Fietz v. Great W. Sav., 852 F.2d 455, 457 (9th Cir. 1988).....................................................9

In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986)............................................17

In re Dow Corning Corp., 86 F.3d 482, 497 (6th Cir 1996),
    cert denied 519 U.S. 1071 (1997)................................................................................15

In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996)....................................16

In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991)................................16

In re Trans World Airlines, Inc., 278 B.R. 42, 50 (Bankr. D. Del. 2002)......................15, 16

In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990)................................16, 17

In re Wood, 825 F.2d 90, 97 (5th Cir. 1987).......................................................................16

Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).....................................................9

TIG Ins. Co. v. Smolker, 264 B.R. 661, 667 (Bakr. C.D. Cal. 2001)....................................13

Western Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 6 (E.D. Cal. 1988)..........11, 13

Williams v. Shell Oil Co., 169 B.R. 684, 690 (S.D. Cal. 1994...................................10,13, 14

1

**STATUTES, CODES AND TREATISES**
                **Page(s)**

Calif. Corp. C. § 16956.................................................................................................11, 18

Calif. Corp. C. § 16956(a)(2).......................................................8, 11, 12, 13, 18

Calif. Corp. C. § 16956(a)(2)(A).................................................................................11

Calif. Corp. C. § 16956(a)(2)(B).................................................................................11

Calif. Corp. C. §16956(a)(2)(C)....................................................................................8

28 U.S.C. 157(b)(2)......................................................................................................16

28 U.S.C. 1334.....................................................................................8, 9, 17, 18

28 U.S.C. § 1334(b).....................................................................................................15

28 U.S.C. § 1334(c)(1).................................................................................................16

28 U.S.C. 1334(c)(2)...........................................................................................15, 16

28 U.S.C. 1411..............................................................................................................19

28 U.S.C. 1452.....................................................................................................8, 9

Bankr. Rule 9027...........................................................................................................8

1 Collier on Bankruptcy ¶ 3.06{4} (15th ed. Rev. 2003)........................................14

NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL & MOTION TO REMAND OR ABSTAIN &
MEMORANDUM IN SUPPORT THEREOF
CASE NO. C -01075 SC

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
### I.

3
## INTRODUCTION

4
Plaintiff SenoRx, Inc. moves to have this case remanded to the California Superior

5
Court, County of San Francisco, in which it was originally and properly filed, because the

6
case is non-core to the bankruptcy proceeding brought by Defendant Coudert Brothers

7
LLP ("Coudert Brothers") and is purely a state-law-based action properly before the

8
California Superior Court. Accordingly, Plaintiff asserts that this Court must abstain from

9
hearing this action, or, alternatively, may invoke discretionary abstention and equitable

10
remand. In any case, remand is the appropriate result.

11
### II.

12
## 1.  BACKGROUND

13
On August 15, 2001 in San Francisco, California Plaintiff SenoRx, Inc. retained the

14
law firm Defendant/Debtor Coudert Brothers LLP, which included as partners all of the

15
other Defendants, to represent it in regard to certain patent matters, including the filing of

16
Canadian, European and Japanese patent applications.  Coudert Brothers accepted such

17
employment, agreed to represent Plaintiff and to do whatever was necessary to properly

18
and timely file the patents. Fourth Amended Complaint at ¶ 12.  Exhibit 1 to Weiss

19
Declaration.

20
Defendants failed to exercise reasonable care, skill and diligence in their

21
representation of Plaintiff by failing to properly and timely file said patent applications.

22
Fourth Amended Complaint at ¶ 20.  Plaintiff was not informed that its patent applications

23
had not been properly and timely filed until October 27, 2003, at which time the law firm

24
Defendant/Debtor Coudert Brothers LLP provided this information to Plaintiff. Fourth

25
Amended Complaint at ¶ 21.  As a result of Defendants' professional negligence, Plaintiff

26
was, and is, unable to avail itself of, and benefit from, the patents that were not properly

27
or timely filed, which has caused Plaintiff economic harm.  Fourth Amended Complaint at

28

¶ 22.

On October 27, 2004 Plaintiff SenoRx, Inc. filed this professional negligence action in the California Superior Court, County of San Francisco. The complaint named Coudert Brothers LLP and DOES 1 through 500.  It was  based solely upon California law.  On January 21, 2005 Coudert Brothers LLP answered.   See, Notice of Removal of Action at ¶ 1.

On November 3, 2005 and on January 25, 2006  Plaintiff filed DOE amendments with respect to the complaint for purposes of substituting specifically named individual defendants for ficticiously named defendants.  These included, but were not limited to, the Individual Partner Defendants who are former limited liability partners of Coudert Brothers LLP.  See, Notice of Removal of Action at ¶2.

Plaintiff also filed  DOE amendments naming current and  former California based partners of Coudert Brothers LLP who are also California residents.  These defendants have not joined in the removal of this action.  Weiss Declaration at ¶5.

In March 2006, some Individual Partner Defendants filed a demurrer. The California Superior Court, County of San Francisco sustained the demurrer with leave to amend. Some of the Individual Partner Defendants subsequently filed three additional demurrers, each of which were sustained with leave to amend by the California State Court.  See, Notice of Removal of Action at ¶ 3.

On September 22, 2006, Coudert Brothers LLP filed a Chapter 11 Bankruptcy Petition, in the United States Bankruptcy Court for the Southern District of New York entitled In re Coudert Brothers LLP, Case No. 06-12226. See, Notice of Removal at  ¶ 4.

No Removal was attempted.

On November 8, 2006 Plaintiff filed its Fourth Amended Complaint.  Some of the Individual Partner Defendants demurred again.  On January 23, 2007 the California Superior Court, County of San Francisco overruled their demurrer and ordered those Defendants to file their Answer within 15 days. Exhibit 2, page 4  to Weiss Dec.  In its

7

1  Order the California Superior Court, County of San Francisco stated:

2  "The issue before the Court is whether Plaintiff has pled facts sufficient to

3  state a cause of action against the individual partners ("Defendants") of

4  Coudert Brothers, LLP for the alleged legal malpractice of a former partner.

5  "The parties agree that *California Corporations Code §16956(a)(2)* sets

6  forth the security requirements applicable to law firms that operate as limited

7  liability partnerships in *California*.  Plaintiff seeks to hold the individual

8  partners responsible, *pursuant to Corporations Code §16956(a)(2)(C)*, as

9  guarantors of the partnership's self-insured retention which is permissible

10  under *Corporations Code § 6956(a)(2)(A)*.

11  "An ultimate resolution of the issues raised in Defendants' Demurrer to

12  Fourth Amended Complaint *will involve dissecting the provisions of this*

13  *statute* and applying the fruits of that undertaking to the facts of this case.

14  The viability of Plaintiff's cause of action needs to be analyzed in a factual

15  context whether on a Motion for Summary Judgment/Summary Adjudication

16  or at trial.

17  "Having *sua sponte* reconsidered it prior Order Sustaining Demurrer to Third

18  Amended Complaint, the Court concludes that Plaintiff has pled sufficient

19  facts to state a cause of action against Defendants under the applicable

20  statute.  Defendants Demurrer to Fourth Amended Complaint is overruled."

21  Exhibit 2, page 2-3, to Weiss Dec.. (emphasis added).

22  Now a Removal was attempted.

23  Only after the Court overruled their Demurrer to Plaintiffs' Fourth Amended

24  Complaint and ordered the demurring Individual Partner Defendants to answer, did they

25  remove this action. This occurred on February 21, 2007.  Defendants based their removal

26  of this action upon the provisions of the Bankruptcy Code, 28 U.S.C. Sections 1452 and

27  1334 and Bankruptcy Rule 9027.  See, Notice of Removal at ¶ 8.

28

NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL & MOTION TO REMAND OR ABSTAIN &
MEMORANDUM  IN SUPPORT THEREOF
CASE NO. C -01075 SC

1    Plaintiff agrees with Defendants that this is a non-core proceeding "as it is not a

2  cause of action created or determined by federal bankruptcy laws."   See, Notice of

3  Removal at ¶ 9.

4    Plaintiff hereby moves for equitable remand or abstention and requests that this

5  action be transferred back to the California Superior Court, County of San Francisco, in

6  which is was originally and properly filed.

7                        **II.  LEGAL ARGUMENT**

8                        **A.  MOTION TO REMAND**

9  1.  Jurisdiction under 28 U.S.C. 1452

10    Section 1452 provides for "removal of claims related to bankruptcy cases." Under

11  Section 1452(a), "[a] party may remove any claim or cause of action in a civil action . . .

12  to the district court for the district where such civil action is pending, if such district court

13  has jurisdiction of such claim or cause of action under section 1334 of this title." The

14  question in determining the propriety of removal jurisdiction under Section 1452(a) is

15  whether the action is "related to" a bankruptcy case. The Ninth Circuit has adopted the

16  following test, first articulated by the Third Circuit, for relatedness:

17    "The usual articulation of the test for determining whether a civil proceeding

18    is related to bankruptcy is whether the outcome of the proceeding could

19    conceivably have any effect on the estate being administered in bankruptcy.

20    Thus, the proceeding need not necessarily be against the debtor or against

21    the debtor's property.

22    "An action is related to bankruptcy if the outcome could alter the debtor's

23    rights, liabilities, options, or freedom of action (either positively or negatively)

24    and which in any way impacts upon the handling and administration of the

25    bankrupt estate." Fietz v. Great W. Sav., 852 F.2d 455, 457 (9th Cir. 1988)

26    (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis

27    in original).

28

9

2. <u>Remand on Equitable Grounds</u>.

"[E]ven where federal jurisdiction attaches in actions 'related to' bankruptcy proceedings, Congress has explicitly provided for courts to find that those matters are more properly adjudicated in state court." <u>Williams v. Shell Oil Co.</u>, 169 B.R. 684, 690 (S.D. Cal. 1994). Section 1452(b) provides for such equitable remand:

> "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

Courts have identified the following non-exclusive list of factors as relevant to determining whether to remand on equitable grounds: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which the issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court. See, e.g., <u>Williams</u>, 169 B.R. at 692–93.

a.    <u>Issues of State Law Predominate</u>

Applying the preceding factors to the instant action, remand to the state court is appropriate. Plaintiffs' action exclusively involves issues of state law. All of Plaintiff's claims were brought under California law. No federal claims are asserted. "[W]hen a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling." <u>Citigroup, Inc. v. Pac. Inv. Mgmt. Co.</u>, 296 B.R. 505, 509 (C.D. Cal. 2003) (internal citation omitted).

///

///

NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL & MOTION TO REMAND OR ABSTAIN & MEMORANDUM IN SUPPORT THEREOF
CASE NO. C -01075 SC

1    b.    Comity

2    Plaintiff and certain Defendants are California residents[1] and the professional

3    negligence occurred in California. "Comity dictates that California courts should have the

4    right to adjudicate the exclusively state law claims involving California-centric plaintiffs and

5    California-centric transactions." Citigroup, 296 B.R. at 509.

6    c.    This Action is Remote to the Bankruptcy Proceeding

7    There is little relation between the bankruptcy proceedings and Plaintiff's action.

8    This action involves professional negligence brought against many defendants, only one

9    of whom is a debtor.  A transfer order, therefore, would have the effect of requiring the

10   bankruptcy court to resolve non-bankruptcy claims against non-debtor parties. The case

11   law advises against such a result.

12       "[T]he potential danger arises that the court will be forced to resolve

13       non-bankruptcy related issues between non-debtors. The courts have

14       uniformly held that a bankruptcy court should avoid such a situation."

15       Western Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 6 (E.D. Cal.

16       1988) (citations omitted).

17   d.    Difficulty of Applicable State Law

18   As the California Superior Court, County of San Francisco, noted in its Order

19   overruling the Individual Partner Defendants' Demurrer to Plaintiffs' Fourth Amended

20   Complaint, an ultimate resolution of the issues presented by this action "will involve

21   dissecting the provisions" of **California Corporations Code §16956.**  Order at pp.2-3, Ex.

22   "B" to Weiss Dec.

23   As Plaintiff has alleged in its Fourth Amended Complaint, Section 16956(a)(2)

24   governed and governs limited liability partnerships that practice law in the State of

25   California.  The purpose of this statute is to ensure adequate security for the creditors and

26

27       [1]See, Weiss Dec. ¶ 5.

28
11

1   potential creditors of an LLP. This included and includes Plaintiff SonoRx, Inc. The

2   statute allows an LLP to comply with one of three different methods of ensuring adequate

3   security: (1) maintain in accordance with Section 16956(a)(2)(A) liability insurance in the

4   amount of at least $7,500,000; (2) maintain in accordance with Section 16956(a)(2)(B) in

5   trust or bank escrow, cash, bank certificates of deposit, United States Treasury obligations,

6   bank letters of credit, or bonds of insurance or surety companies as security or payment

7   of liabilities in the amount of at least $7,500,000; and (3) have a net worth equal to or

8   exceeding fifteen million dollars ($15,000,000) and to file confirmation of that fact. See,

9   Corp. C. §16956(a)(2)(A), (B), (C).

10      At all relevant times, Defendant Coudert Brothers, LLP (1) maintained liability

11  insurance policies that contained a deductible or self-insured retention of a minimum of

12  $3,000,000; (2) failed to maintain in trust or bank escrow, cash, bank certificates of

13  deposit, United States Treasury obligations, bank letters of credit, or bonds of insurance

14  or surety companies as security or payment of liabilities in the amount of at least

15  $7,500,000; and (3) failed to have a net worth equal to or exceeding $15,000,000 and

16  failed to file a confirmation of that fact.

17      Plaintiff maintains that California Corporations Code Section 16956(a)(2) also

18  required and requires in Subsection (C) that by virtue of their status as a partner of

19  Coudert Brothers, LLP, each attorney partner automatically guarantees payment of the

20  difference between the maximum amount of security required for the partnership and the

21  security otherwise provided under Subsections (A) and (B). Therefore, any gap in

22  coverage resulting from the deductible or self-insured retention of at least $3,000,000, and

23  not covered by one or more of the other permissible mechanisms up to the maximum

24  amount of security required ($15,000,000) is personally guaranteed by the attorney

25  partners of Defendant Coudert Brothers, LLP. Thus, these partners are proper party

26  defendants in this professional negligence action.

27      There are no California cases on point interpreting California Corporations Code

28
                                           12

1  Section 16956(a)(2)'s proper application to the facts of this case, which adds to the

2  difficulty of this Court or the Bankruptcy Court in applying California law to the facts of this

3  case.

4         e.   <u>Waste of Judicial Resources</u>

5        The San Francisco Superior Court already devoted over two years of its time to this

6  action. During that period, the state court issued substantive rulings on Defendants'

7  demurrers. The state court also exhausted resources on case management.  Failing to

8  remand will require a new court to expend resources getting up to speed on an action that

9  has been pending for over two years, a result that should be avoided. See, e.g., <u>TIG Ins.</u>

10 <u>Co. v. Smolker</u>, 264 B.R. 661, 667 (Bakr. C.D. Cal. 2001) ("The Los Angeles Superior

11 Court, having devoted many hours to the resolution of disputes in this matter over the

12 course of the last several years, is the most appropriate forum for the parties to litigate

13 these claims"). There are no concurrent benefit to the efficient administration of the

14 bankruptcy estate — adding these complicated state claims will only muddle the

15 bankruptcy proceedings. See, e.g., <u>Western Helicopters</u>, 97 B.R. at 7 ("In addition to the

16 unnecessary expense and expenditure of duplicative judicial resources, bifurcating this

17 civil claim creates the real danger of inconsistent results. Such a risk should be avoided

18 if there are no countervailing benefits"); <u>Williams</u>, 169 B.R. at 693 (finding that the

19 consolidation of products-liability claims with the bankruptcy proceedings "would unduly

20 burden the administration of the bankruptcy estate")

21        f.   <u>Prejudice to Plaintiff</u>

22       Plaintiff will be prejudiced in the absence of a remand, having spent considerable

23 resources prosecuting this action in state court, including engaging in motion practice and

24 conducting discovery. If this action is transferred to the Court in which Coudert Brothers

25 filed bankruptcy, Plaintiff will have to hire new counsel competent to practice in New York,

26 and this new counsel will have to expend time and resources learning the case. This

27 prejudice weighs in favor of equitable remand.  See, e.g., <u>TIG</u>, 264 B.R. at 667 ("The

28

13

1    parties to the Action [other than the debtor] would be significantly prejudiced if they were

2    required to begin the education process anew with a new judge in a new court").

3            g.    <u>Jury Trial</u>

4            Plaintiff requested a jury trial when it filed it's original complaint.  <u>Exhibit 3 </u>to Weiss

5    Declaration.

6            In cases where equitable remand is appropriate such as this one, courts have found

7    remand appropriate as to all defendants, rather than as to only the non-debtor defendants.

8    For example in <u>TIG</u>, the district court found that where the claims against the debtors and

9    non-debtors alike were based entirely on state law and where significant resources had

10   been

11   exhausted in state court as to claims against both sets of defendants, complete remand

12   was

13   appropriate. TIG, 264 B.R. at 667; see also <u>Williams</u>, 169 B.R. 694.

14           So too here. The state court expended over two years adjudicating the claims

15   against Coudert Brothers and the Individual Partner Defendants. The claims against

16   Coudert Brothers involve the same novel and complicated issues of state law described

17   above. The only difference is the absence of prejudice to Coudert Brothers, since Coudert

18   Brothers already has to participate in the New York bankruptcy proceedings. This lack of

19   prejudice does not mean, however, that somehow Plaintiff would benefit by splitting the two

20   actions. On the contrary, the division of this action into two actions would compound the

21   potential waste of resources that can only be avoided by remand. It would also heighten

22   the risk of inconsistent results. Thus, equitable remand is appropriate as to all defendants.

23                        **B. ABSTENTION**

24   1.    <u>Mandatory Abstention</u>

25           Under the express language of 28 U.S.C. 1334(c)(2) this Court is required by law

26   to abstain from hearing this case. Where there are non-debtor parties abstention is

27   mandatory. See, 1 Collier on Bankruptcy ¶ 3.06{4} (15th ed. Rev. 2003). There is no

28
                                    14

1  bankruptcy jurisdiction over this case because the abstention provisions of 28 U.S.C. §

2  1334(c) qualify Section 1334(b)'s broad grant of jurisdiction." In re Dow Corning Corp., 86

3  F.3d 482, 497 (6th Cir 1996), cert denied 519 U.S. 1071 (1997).

4          Federal subject matter jurisdiction is provided by 28 U.S.C. § 1334(b) for civil

5  proceedings "arising in or related to" bankruptcy cases. Subsection (c)(2) of the same

6  section, however, instructs the district court to abstain from hearing such a case when

7  certain conditions are met. The statute reads:

8          Upon timely motion of a party in a proceeding based upon a State law claim

9          or State law cause of action, related to a case under title 11 but not arising

10         under title 11 or arising in a case under title 11, with respect to which an

11         action could not have been commenced in a court of the United States

12         absent jurisdiction under this section, the district court shall abstain from

13         hearing such proceeding if an action is commenced and can be timely

14         adjudicated, in a State forum of appropriate jurisdiction.   28 U.S.C. §

15         1334(c)(2).

16         In other words, the statute requires six criteria for mandatory abstention to apply:

17  1) a timely motion to abstain; 2) a state-law-based claim or cause of action; 3) such action

18  has already been commenced in state court; 4) the action can be timely adjudicated in that

19  state court; 5) there is no independent basis for federal jurisdiction absent bankruptcy; and

20  6) the matter before the court is non-core. In re Trans World Airlines, Inc., 278 B.R. 42, 50

21  (Bankr. D. Del. 2002). Each of these criteria is met in this case.

22         First, the motion to abstain is timely.  Defendants removed the case to this Court

23  on February 21, 2007 and Plaintiff has filed the instant motion to remand on less than one

24  month after the removal. This is certainly timely, particularly because this Court has not

25  yet conducted any proceedings in this action.

26         Second, the case involves only state-law-based claims. The legal malpractice

27  claims asserted by Plaintiff against Defendants are founded entirely on California state

28

15

law.

Third, this case was commenced in a state court of appropriate jurisdiction. As already

noted, this proceeding was filed in the Superior Court of the State of California, County of San Francisco in 2004.

Fourth, the California Superior Court can timely adjudicate the action; there is no evidence whatsoever to the contrary. Section 1334(c)(2) does not require that the state court be intimately familiar with the parties or claims, or even that it be more familiar with these elements than the federal court to which the case was removed. The statute requires merely that the state court can timely adjudicate the action. See, e.g., Trans World Airlines, 278 B.R. at 51 ("[T]he issue under § 1334(c)(2) is not whether the action would be more quickly adjudicated in this Court than in the state court, but rather, whether the action can be timely adjudicated in the state court.") (emphasis in original). There is no valid suggestion that the California Superior Court cannot do so in this case.

Fifth, there is no independent basis for federal jurisdiction absent bankruptcy. Thus, because there is no diversity of citizenship or other independent basis for federal subject matter jurisdiction, the fifth requirement for mandatory abstention is met.

Sixth, the present action is not a core proceeding. The characterization of proceedings as

core or non-core is guided by the examples provided in 28 U.S.C. § 157(b)(2). "'[A] proceeding is core under [28 U.S.C.] section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996) (quoting In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991)). "'If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an

16

1    "otherwise related" or non-core proceeding.'" Id. (quoting <u>In re Wood</u>, 825 F.2d 90, 97 (5th

2    Cir. 1987)).

3       This action does not involve any substantive rights provided by the Bankruptcy

4    Code. None of the examples of core proceedings provided by § 157 is present in the

5    instant action. Nor could any of the claims arise only in a bankruptcy case. Indeed, this

6    action was pending for two years before Defendant Coudert Brothers filed its bankruptcy

7    petition. Clearly, this action is non-core.

8       Because all of the criteria for mandatory abstention are present in this case, the

9    Court should abstain from hearing it. In the alternative, the Court should invoke

10   discretionary abstention and equitable remand.

11   2.    <u>Discretionary Abstention</u>

12       The Court may in its discretion nonetheless abstain from hearing a matter in the

13   interest of justice, or in the interest of comity with state courts or respect for state law. 28

14   U.S.C. § 1334(c)(1). In <u>In re Tucson Estates, Inc.</u>, the Ninth Circuit identified twelve factors

15   that a court should consider when deciding whether to abstain:

16       1. the effect on the efficient administration of the estate;

17       2. the extent to which state law predominates over bankruptcy issues;

18       3. the difficulty or unsettled nature of the state law;

19       4. the presence of a related proceeding state court or other court;

20       5. the jurisdictional basis other than 28 U.S.C. § 1334;

21       6. the degree of relatedness to the main bankruptcy case;

22       7. the substance of the asserted core proceeding;

23       8. the feasibility of severing state law claims from core bankruptcy matters to allow

24   judgments to be entered in state court with enforcement left to the bankruptcy court;

25       9. the burden of the bankruptcy court's docket;

26       10. the likelihood that the commencement of the proceeding in bankruptcy court

27   involves forum shopping by one of the parties;

28

1        11. the existence of a right to a jury trial; and

2        12. the presence in the proceeding of nondebtor parties. <u>In re Tucson Estates, Inc.</u>,

3  912 F.2d 1162, 1167 (9th Cir. 1990).

4        a.    <u>Efficient Administration</u>.

5        It cannot be seriously argued that the Bankruptcy Court can more effectively

6  administer these claims were it is unable to enter a final judgment and can only entertain

7  a jury trial on the specific stipulation of the parties. Arguably jury trials would of necessity

8  proceed in the United States District Court. This would not promote efficient administration

9  of the estate.

10        b.    <u>State Law Issues Predominate</u>.

11        This factor is clearly applicable in this action for legal malpractice brought under

12  California state law and also involves, as set forth in the California Superior Court's Order

13  overruling Individual Defendants' Demurrer to Plaintiffs' Fourth Amended Complaint the

14  proper interpretation of California Corporations Code Section **Corporations Code §16956**

15  is vital to the resolution of Plaintiffs' claims against the Individual Partner Defendants.

16  There are no federal law issues presented.

17        c.    <u>The Difficulty or Unsettled Nature of State Law</u>

18        As set forth above, this action involves the proper application of California

19  Corporations Section 16956(a)(2) to the facts of this case and there are no California

20  cases on point to guide this Court or the Bankruptcy Court.

21        d.    <u>Presence of Related Proceeding in State Court.</u>

22        The state court action is filed and was proceeding at the time of the removal.

23        e.    <u>Lack of Federal Jurisdiction</u>.

24        Absent § 1334 this Court would have no jurisdiction over the parties and subject

25  matter of this case.

26        f.    <u>Feasibility of Severing Claims Determination from Enforcement.</u>

27        Clearly this is feasible in this situation, since once the claims are determined by a

28

1  state court jury, the bankruptcy court would address how claims are to be paid.

2        g.    <u>Forum Shopping</u>.

3        There can be no misunderstanding that Defendants have removed this action to

4  gain advantage in litigation and to attempt to deprive Plaintiff of its right to a jury trial.

5  Defendants removed this action only after the California Superior Court overruled the

6  Individual Partner Defendants' Demurrer to Plaintiff's Fourth Amended Complaint and

7  ordered Defendants to answer.

8        h.    <u>Right to a Jury Trial</u>.

9        The plaintiffs clearly have a right to a jury trial under applicable law. See, 28 U.S.C.

10  1411.

11        I.    <u>Non Debtor Parties</u>.

12        All but one Defendant, Coudert Brothers, Inc., are non-debtor defendant parties.

13        j.    <u>Summary</u>.

14        The remaining factors also favor remand or abstention or at the very least are

15  neutral in their application.

16        k.    <u>Ninth Circuit Policy</u>.

17        The Ninth Circuit has stated that there is a clear policy to be followed to give state

18  court litigants the right to have claims heard in state court. <u>In re Castlerock Properties</u> ,

19  781 F.2d 159, 163 (9th Cir. 1986).

20        As set forth herein, remand is appropriate, and this Court should remand this

21  adversary proceeding to the California Superior Court, County of San Francisco.

22                       **III.**

23                  **<u>CONCLUSION</u>**

24        Plaintiff's claims for relief asserted against Defendant Coudert Brothers, LLP and

25  the Individual Partner Defendants in this adversary proceeding are non-core proceedings

26  related to Debtor Coudert Brothers, LLP Chapter bankruptcy case.

27  ///

28

1       In the interest of comity with the State court and respect for State law, on equitable

2  grounds, and to preserve scarce judicial resources, Plaintiff's removed claims in this

3  adversary proceeding should be remanded to the Superior Court of the State of California,

4  County of San Francisco, pursuant to the Court's broad authority as set forth above.

5  Dated: March 22, 2007          LAW OFFICES OF MICHAEL J. PIUZE

6

7                         By:   _____

8                                 Geraldine Weiss
                                 Attorney for Plaintiff SenoRx, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF, AND, PLAINTIFF'S OBJECTION TO REMOVAL & MOTION TO REMAND OR ABSTAIN &
MEMORANDUM  IN SUPPORT THEREOF

CASE NO. C -01075 SC