# EXHIBIT 1

## SENORX, INC. vs. COUDERT BROTHERS, LLP, et al.

Case No.  C -01075 SC

REMAND MOTION

1   LAW OFFICES OF MICHAEL J. PIUZE
  Michael J. Piuze, SBN 51342
2   Geraldine Weiss, SBN 168455
  11755 Wilshire Boulevard, Suite 1170
3   Los Angeles, California 90025
  Telephone: (310) 312-1102
4   Facsimile: (310) 473-0708
  Attorneys for Plaintiff

5

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

               FOR THE COUNTY OF SAN FRANCISCO

10

11   SENORX, INC.,             )  CASE NO. CGC 04-435849

12           Plaintiff,    )

13         vs.            )  **FOURTH AMENDED COMPLAINT**
                     )  **FOR DAMAGES FOR**

14   COUDERT BROTHERS, LLP, WILLIAM K. )  **PROFESSIONAL (LEGAL)**
  ENGER; ROBERT R. JESUELE;       )  **NEGLIGENCE**

15   GREGORY KEEVER; GEORGE J.     )
  KOELZER; RALPH C. NAVARRO;    )  Hon. Katherine Feinstein

16   RUSSELL W. ROTEN; JOHN A. St.   )  DEPT.:    501
  CLAIR; GLENN W. TROST; WILLIAM M. )

17   WALKER; ROBERT J. ZAPF; J.D.    )  Action Filed: October 27, 2004
  HARRIMAN II; DAVID HUEBNER; EARL J. )  Trial Date:  Vacated

18   IMHOFF, JR.; EDWARD J. LABOWITZ;  )
  DONALD L. BARTELS; GARY L. BENTON;)

19   LILLIAN K. NAKAGAWA; DAVID     )
  SCHNAPF; JAMES E. TOPINKA; MARK H. )

20   WILDASIN; WILLIAM N. HEBERT;    )
  ROBERT A. CHRISTOPHER; RICHARD A. )

21   JONES; EDWARD B. LOZOWICKI; GREG )
  L. PICKRELL; CHARLES E. ASTER;   )

22   STEVEN H. BECKER; PHILIPPE     )
  BENNETT; THOMAS D. BRISLIN;    )

23   PAMELA T. CHURCH; EDMUND S.    )
  COHEN; JEFFREY E. COHEN; JAMES C. )

24   COLIHAN; CHARLES H. CRITCHLOW; )
  RICHARD A. DE PALMA; THOMAS J.  )

25   DRAGO; ROBERT L. EISEN; ANGELA  )
  MARIANA FREYRE; KEVIN W. GOERING;)

26   DEBORAH J. GOLDSTEIN; MICHAEL J. )
  HAGAN; ROBERT E. HANLON; GERALD )

27   V. HANNON; JEFFREY C. HAYES;    )
                     )

28                       )

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2006 NOV -8 PM 3: 34

GORDON PARK-LI, CLERK

BY: _____
DEPUTY CLERK

1  ANDREW S. HEDDEN; STEPHEN M.
   HUDSPETH; ANTHONY C. KAHN; W.
2  MICHAEL KELLY; FREDERICK P.
   KONTA; GEORGE J. MARTIN, JR.;
3  BRIAN E. McGUNIGLE; CARLOS E.
   MENDEZ-PENATE; BARRY METZGER;
4  LANCE J. MILLER; MARILYN SELBY
   OKOSHI; RICHARD M. ORNITZ,
5  KENNETH R. PAGE; DARRELL
   PRESCOTT; CLYDE E. RANKIN, II;
6  RICHARD R. REILLY; THOMAS J. RICE;
   JOHN F. SHEEDY; JAMES B. SITRICK;
7  EDWARD H. TILLINGHAST, III; MARY F.
   VOCE; CHARLES H. WAGNER;
8  CHRISTOPHER M. WELLS; ANTHONY
   WILLIAMS; MICHAEL R. CALABRESE;
9  WILLIAM K. COULTER; RICHARD N.
   DEAN; CHARLES FRIEDLANDER; KAY
10 GEORGI; TARA KALAGHER GIUNTA;
   JANET HERNANDEZ; GEORGE M.
11 KNAPP; EDWARD H. LIEBERMAN;
   TEDSON J. MEYERS; ROBERT F.
12 PIETROWSKI, JR.; ROGER D. STARK;
   ROGER B. WAGNER; JONATHAN CAHN;
13 ROBERT CLARE; JOSEPH FARRELL;
   THEODORE FARRIS; JOHN GURLEY;
14 MARIAN HADLER; AMY JOHANNESEN;
   CHARELS KEEFE; JON MICHAELSON;
15 OWEN NEE; OLGA SIRODOEVA;
   CAROLE STUBBLEFIELD; and DOES 112
16 through 500, Inclusive,

17              Defendants.

18 _____

19

20      COMES NOW, plaintiff SENORX and for a cause of action against the defendants,

21 and each of them, alleges:

22      1.     That the true names, identities, or capacities, whether individual, corporate,

23 associate, or otherwise of defendants DOES 112 through 500, inclusive, are unknown to

24 plaintiff at this time, and plaintiff therefore sues said defendants by such fictitious names.

25 When the true names, identities, capacities, or participation of such fictitiously designated

26 defendants are ascertained, plaintiff will ask leave of court to amend it's Complaint to insert

27 said names, identities, capacities, together with the proper charging allegations.

28 ///

FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE

2.      Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein as DOE is responsible in some manner for the events and happenings herein referred to, thereby proximately causing the damages to the plaintiff hereinafter set forth.

3.      At all times mentioned herein, each of the defendants sued herein was the agent, servant, and employee of each other and of his/her co-defendants, and as such, was acting within the time, place, purpose, and scope of said agency, service and employment; that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, and employee, and were in some way negligently or otherwise, responsible for the events herein alleged.

4.      Plaintiff is informed and believes, and thereon alleges, that defendant COUDERT BROTHERS, LLP, is, and at all times relevant was, a law firm in the form of a Limited Liability Partnership, with principle offices in New York State, authorized to conduct business as a law firm in the State of California.

5.      Plaintiff is informed and believes, and thereon alleges, that defendants WILLIAM K. ENGER, ROBERT R. JESUELE, GREGORY KEEVER, GEORGE J. KOELZER, RALPH C. NAVARRO, RUSSELL W. ROTEN, JOHN A. St. CLAIR, GLENN W. TROST, WILLIAM M. WALKER, ROBERT J. ZAPF, J.D. HARRIMAN II, DAVID HUEBNER, EARL J. IMHOFF, JR., EDWARD J. LABOWITZ and each of them, are, and at all times relevant were, residents of, and/or doing business as lawyers, each of whose legal structures are presently unknown but may have been COUDERT BROTHER, LLP limited liability partners, in the County of Los Angeles, State of California.

6.      Plaintiff is informed and believes, and thereon alleges, that defendants DONALD L. BARTELS, GARY L. BENTON, LILLIAN K. NAKAGAWA, DAVID SCHNAPF, JAMES E. TOPINKA, MARK H. WILDASIN, WILLIAM N. HEBERT, JOHN MICHAELSON and GREG L. PICKRELL and each of them, are, and at all times relevant were, residents of, and/or doing business as lawyers, each of whose legal structures are presently

3

1  unknown but may have been Coudert Brothers, LLC limited liability partners, in the County
2  of San Francisco, State of California.

3      7.     Plaintiff is informed and believes, and thereon alleges, that defendants
4  ROBERT A. CHRISTOPHER, RICHARD A. JONES and EDWARD B. LOZOWICKI and
5  each of them, are, and at all times relevant were, residents of, and/or doing business as
6  lawyers, each of whose legal structures are presently unknown but may have been
7  COUDERT BROTHERS, LLP limited liability partners, in the County of San Jose, State of
8  California.

9      8.     Plaintiff is informed and believes, and thereon alleges, that defendants
10  CHARLES E. ASTER, STEVEN H. BECKER, PHILIPPE BENNETT, THOMAS D. BRISLIN,
11  PAMELA T. CHURCH, EDMUND S. COHEN, JEFFREY E. COHEN, JAMES C. COLIHAN;,
12  CHARLES H. CRITCHLOW, RICHARD A. DE PALMA, THOMAS J. DRAGO, ROBERT L.
13  EISEN, ANGELA MARIANA FREYRE, KEVIN W. GOERING, DEBORAH J. GOLDSTEIN,
14  MICHAEL J. HAGAN, ROBERT E. HANLON, GERALD V. HANNON, JEFFREY C. HAYES,
15  ANDREW S. HEDDEN, STEPHEN M. HUDSPETH, ANTHONY C. KAHN, W. MICHAEL
16  KELLY, FREDERICK P. KONTA, GEORGE J. MARTIN, JR.,  BRIAN E. McGUNIGLE,
17  CARLOS E. MENDEZ-PENATE, BARRY METZGER, LANCE J. MILLER, MARILYN
18  SELBY OKOSHI, RICHARD M. ORNITZ, KENNETH R. PAGE, DARRELL PRESCOTT,
19  CLYDE E. RANKIN, II, RICHARD R. REILLY, THOMAS J. RICE, JOHN F. SHEEDY,
20  JAMES B. SITRICK, EDWARD H. TILLINGHAST, III; MARY F. VOCE, CHARLES H.
21  WAGNER, CHRISTOPHER M. WELLS, ROBERT CLARE, THEODORE FARRIS, AMY
22  JOHANNESEN, CHARLES KEEFE, OWEN NEE,  CAROLE STUBBLEFIELD and
23  ANTHONY WILLIAMS and each of them, are, and at all times relevant were, residents of,
24  and/or doing business as lawyers, each of whose legal structures are presently unknown
25  but may have been COUDERT BROTHERS, LLP limited liability partners, in the City of
26  New York, State of New York.

27      9.     Plaintiff is informed and believes, and thereon alleges, that defendants
28  MICHAEL R. CALABRESE, WILLIAM K. COULTER, RICHARD N. DEAN, CHARLES

4

FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE

1  FRIEDLANDER, KAY GEORGI, TARA KALAGHER GIUNTA, JANET HERNANDEZ,

2  GEORGE M. KNAPP, EDWARD H. LIEBERMAN, TEDSON J. MEYERS, ROBERT F.

3  PIETROWSKI, JR., ROGER D. STARK, JOHN GURLEY, MARIAN HAGLER, JONATHON

4  CAHN and ROGER B. WAGNER and each of them, are, and at all times relevant were,

5  residents of, and/or doing business as lawyers, each of whose legal structures are

6  presently unknown but may have been COUDERT BROTHERS, LLP limited liability

7  partners, in the City of Washington, D.C.

8       10.    Plaintiff is informed and believes, and thereon alleges, that defendant

9  JOSEPH FARRELL is, and at all times relevant was, a resident of, and/or doing business

10  as a lawyer, whose legal structure is presently unknown but may have been a COUDERT

11  BROTHERS, LLP limited liability partner, in the State of Connecticut.

12       11.    Plaintiff is informed and believes, and thereon alleges, that defendant

13  OLGA SIRODOEVA is, and at all times relevant was, a resident of, and/or doing business

14  as a lawyer, whose legal structure is presently unknown but may have been a COUDERT

15  BROTHERS, LLP limited liability partner, in the State of Maryland.

16       12.    On August 15, 2001, in San Francisco, California, plaintiff retained and

17  employed the law firm defendant COUDERT BROTHERS, LLP, which included as partners

18  all of the other defendants, to represent it in regard to certain patent matters, including the

19  filing of Canadian, European and Japanese patent applications.  At such time and place,

20  the law firm defendant COUDERT BROTHERS, LLP, accepted such employment and

21  agreed to represent plaintiff, and to do whatever was necessary to properly and timely file

22  the patents.

23       13.    The *California Corporations Code Section 16956 (a) (2)* governed and

24  governs limited liability partnerships that practice law in the State of California.  The

25  purpose of this statute is to ensure adequate security for the creditors and potential

26  creditors of an LLP. This included and includes plaintiff SENORX.  The statute allows an

27  LLP to comply with one or a combination of three different methods of ensuring adequate

28  security.

FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE

14.   *California Corporations Code Section 16956 (a)(2)* required and requires that defendant COUDERT BROTHERS, LLP comply with one or a combination of the following three requirements: 1. maintain in accordance with subsection (A) liability insurance in the amount of at least $7,500.000; 2. maintain in accordance with subsection (B) in trust or bank escrow, cash, bank certificates of deposit, United States Treasury obligations, bank letters of credit, or bonds of insurance or surety companies as security or payment of liabilities in the amount of at least $7,500,000; and 3. have a net worth equal to or exceeding fifteen million dollars ($15,000,000) and to file a confirmation of that fact.

15.   At all times relevant, defendant COUDERT BROTHERS, LLP:

1. maintained liability insurance policies that contain a deductible or self insured retention of a minimum of $3,000,000; 2. failed to maintain in trust or bank escrow, cash, bank certificates of deposit, United States Treasury obligations, bank letters of credit, or bonds of insurance or surety companies as security or payment of liabilities in the amount of at least $7,500,000; and 3. failed to have a net worth equal to or exceeding $15,000,000 and failed to file a confirmation of that fact.

16.   As a result of defendant COUDERT BROTHERS, LLP's choice of maintaining liability insurance policies that contained a deductible or self insured retention of a minimum of $3,000,000 and its failure to maintain cash or the cash equivalents enumerated in Paragraph 15 and its failure to have a net worth of at least $15,000,000 and its failure to file a confirmation of that fact, COUDERT BROTHERS, LLP has failed to ensure adequate security for its creditors and potential creditors, including plaintiff SENORX.

17.   *California Corporations Code Section 16956 (a)(2)* also required and requires in subsection (C) that by virtue of every COUDERT BROTHERS, LLP attorney's status as a partner, each  partner automatically guarantees payment of the difference between the maximum amount of security required for the partnership and the security otherwise provided under subsections (A) and (B).   Therefore any gap in coverage resulting from the deductible or self insured retention of at least $3,000,000, and not

FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE

1 | covered by one or more of the other permissible mechanisms up to the maximum amount

2 | of security required ($15,000,000) is personally guaranteed by each partner of defendant

3 | COUDERT BROTHERS, LLP. These partners would then be proper party defendants in

4 | a professional negligence case.

5 |      18.   All of the individual defendants were partners at the law firm defendant

6 | COUDERT BROTHERS, LLP. By virtue of their status as partners, they have automatically

7 | guaranteed payment of the difference between at least $7,500,000 in subsection (A)

8 | liability insurance; in subsection (B) trust or bank escrow, cash, bank certificates of

9 | deposit, United States Treasury obligations, bank letters of credit, or bonds of insurance

10 | or surety companies as security or payment of liabilities; and the actual amount of the

11 | funds provided by subsections (A) and (B). They have guaranteed payment of any gap in

12 | coverage caused by the deductible or self insured retention of at least $3,000,000 up to

13 | $15,000,000. They are therefore proper party defendants in this case.

14 |      19.   Defendant COUDERT BROTHERS, LLP failed to comply and did not

15 | maintain $7,500,000 in accordance with section 16956(a)(2) (B) in trust or bank escrow,

16 | cash, bank certificates of deposit, United States Treasury obligations, bank letters of credit,

17 | or bonds of insurance or surety companies as security or payment of liabilities; and the

18 | actual amount of the funds provided by subsections (A) and (B). Defendant COUDERT

19 | BROTHERS, LLP failed to comply with section (a)(2) subsection (D) by not filing a

20 | confirmation and/or did not and does not have a net worth equal to or exceeding fifteen

21 | million dollars ($15,000,000) as provided by subsection (D).

22 |      20.   The law firm defendant COUDERT BROTHERS, LLP, failed to exercise

23 | reasonable care, skill and diligence in its representation of plaintiff, which was negligent

24 | and was below the standard of care in the legal community.

25 |      21.   Plaintiff was not informed that its patent applications had not been properly

26 | or timely filed until October 27, 2003, at which time the law firm defendant COUDERT

27 | BROTHERS, LLP provided this information to plaintiff.

28 | ///

---

7

22.    As a direct, proximate and legal result of the negligence of the law firm defendant COUDERT BROTHERS, LLP, plaintiff was and is unable to avail itself of, and benefit from, the patents which were not properly or timely filed, which has caused plaintiff economic harm in excess of the minimum jurisdiction of this court.

**23.  After this lawsuit was filed defendant COUDERT BROTHERS, LLP was found liable for punitive damages in a case entitled Lyman Gardens Apartments, LLC, at al v. Coudert Brothers, LLP, et al., Los Angeles County Superior Court Case No. BC 299990.  During that trial, testimony was given by Pat Kane, executive director of defendant COUDERT BROTHERS, LLP regarding its financial condition. Pat Kane's testimony of May 5, 2006, included information that liabilities exceeded assets by roughly $18,000,000 and that Coudert did not have the ability to pay all its existing obligations.**

**24.    After this lawsuit was filed defendant COUDERT BROTHERS, LLP's attorney informally told the Court and plaintiff's counsel that defendant  COUDERT BROTHERS, LLP's  insurance proceeds were not required to be paid until the self insured retention of at least $3,000,000 was paid by defendant COUDERT BROTHERS, LLP.  This occurred in court on June 28, 2006.**

**25.    After this lawsuit was filed defendant COUDERT BROTHERS, LLP, filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of New York , Case No. 06-12226.  Notice of the automatic stay was given on October 2, 2006.**

**26.    The practical effect of: a) a negative balance sheet; b)  the requirement that the self insured retention be paid before the insurance proceeds are paid; and c) the automatic stay following the filing of bankruptcy, which prevents any litigation unless recovery is stipulated to be limited to insurance proceeds; is d) clients of defendant COUDERT BROTHERS, LLP who had been damaged by the negligence of defendant COUDERT BROTHERS, LLP, while it was allowed to practice law in the State of California, are  left without a remedy unless the partners of COUDERT**

FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE

1   **BROTHERS, LLP are individually liable for the negligence of the partnership.**

2       WHEREFORE, plaintiff prays for judgment against the defendants, and each of

3   them, as follows:

4       1.    For economic damages, according to proof, in excess of the minimum

5   jurisdiction of this court;

6       2.    For interest on the judgment from the date of filing suit;

7       3.    For costs of the suit; and

8       4.    For such other and further relief as to the court seems just and proper.

9

10  Dated: November 7, 2006        LAW OFFICES OF MICHAEL J. PIUZE

11

12                       By:_____

13                              MICHAEL J. PIUZE
                                Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1                                **PROOF OF SERVICE**
                       <u>SenoRx, Inc. v. Coudert Brothers, LLP</u>

2                           Case No. CGC 04-435849

3

                 STATE OF CALIFORNIA COUNTY OF LOS ANGELES

4

5        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11755 Wilshire Boulevard, Suite 1170, Los Angeles, California 90025.

6        On November 7, 2006, I served the foregoing document described as: **FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE,** on the parties in this action by placing:

7

  <u>    </u>   the original to the propounding party and a true copy to all other parties; or

8

  <u> X </u>   a true copy thereof enclosed in a sealed envelope addressed as follows:

9

10       Martin K. Deniston, Esq.                   Charles Keefe, Esq.
      Wilson, Elser, Moskowitz, Edelman & Dicker LLP    **Coudert Brothers LLP**

11       555 South Flower Street, Suite 2900          1114 Avenue of the Americas
      Los Angeles, California 90071              New York, NY 10036

12       TEL  (213) 624-3044                    TEL  (212) 626-4400
      FAX  (213) 624-8060                   FAX  (212) 626-4120

13       **Attorneys for Coudert Brothers LLP**

14

15   (X)     By Mail:  As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

16   I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

  ()      By Personal Service:  I delivered such envelope by hand to the addressee(s) above.

18

  ()      By Federal Express:  I caused such envelope to be delivered by Federal Express delivery service to

19   the offices of the addressee.

20   ()      By Facsimile Transmission:  I caused the above-named document  to be transmitted by facsimile transmission telephonically to the offices of the addressee(s) at the facsimile number(s) so indicated above.

21   The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

22

       Executed on November 7, 2006, at Los Angeles, California.

23

24   (X) (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25   () (Federal) I declare that I am employed by the office of member of the bar of this court at whose direction the service was made.

26

27

28

                          GERALDINE WEISS

**FOURTH AMENDED COMPLAINT FOR DAMAGES FOR PROFESSIONAL (LEGAL) NEGLIGENCE**

# EXHIBIT 2

## SENORX, INC. vs. COUDERT BROTHERS, LLP, et al.

## Case No.  C -01075 SC

## REMAND MOTION

1

2

3

4

5

6

7

8

9 **SUPERIOR COURT OF CALIFORNIA**

10 **County of San Francisco**

11 Department No. 503

12

13 SENORX, INC.,

14                Plaintiff,      Case No.: CGC 04 - 435849

15      v.

16 COUDERT BROTHERS, LLP, and    ORDER RE: DEFENDANTS' REQUEST
     FOR JUDICIAL NOTICE; DEMURRER

17 DOES 1 – 500,      TO FOURTH AMENDED COMPLAINT;
     MOTION TO STRIKE

18                Defendants.

19

20 **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

21     Pursuant to Defendants' Request for Judicial Notice, the Court takes

22 judicial notice of the following:

23     Exhibit A: Judicial notice is taken of the New York Department of State

24 Certification and the California Secretary of State Registration pursuant
    to Evidence Code §452(h).

25

Page 1

Case No.: CGC-04-435849     **ORDER**     SENORX, INC. v. COUDERT BROTHERS et al.

1

2   Exhibit B: Judicial notice is taken of the Doe Amendments filed in this
matter pursuant to Evidence Code §452(d).

3

Exhibit C: Judicial notice is taken of the existence of the LLP Certificate
4   of Registration filed with The State Bar of California pursuant to
Evidence Code §452(h).

5

Exhibit D: Judicial notice is taken of the existence of the declarations
6   previously filed in this action pursuant to Evidence Code §452(d). The
Court does not take judicial notice of the truth of the content of said
7   declarations.

8   Exhibit E: Judicial notice is taken of the existence of the Coudert
Brothers, LLP website pursuant to §452(h). The Court does not take
9   judicial notice of the truth of the content of the website. Judicial notice
is taken of provisions of New York state law pursuant to Evidence Code
10   §452(a).

11   Exhibit F: Judicial notice is taken of this Court's prior Order pursuant to
Evidence Code §§ 452(c), (d).

12

13

14   **DEMURRER TO FOURTH AMENDED COMPLAINT**

15   The issue before the Court is whether Plaintiff has pled facts sufficient to

16   state a cause of action against the individual partners ("Defendants") of

17   Coudert Brothers, LLP for the alleged legal malpractice of a former partner.

18   The parties agree that California Corporations Code § 16956(a)(2) sets

19   forth the security requirements applicable to law firms that operate as limited

20   liability partnerships in California. Plaintiff seeks to hold the individual

21   partners responsible, pursuant to Corporations Code §16956(a)(2)(C), as

22   guarantors of the partnership's self-insured retention which is permissible

23   under Corporations Code § 16956(a)(2)(A).

24

25

1

2        An ultimate resolution of the issues raised in Defendants' Demurrer to

3  Fourth Amended Complaint will involve dissecting the provisions of this statute

4  and applying the fruits of that undertaking to the facts of this case.  The

5  viability of Plaintiff's cause of action needs to be analyzed in a factual context

6  whether on a Motion for Summary Judgment/Summary Adjudication or at

7  trial.

8        Having *sua sponte* reconsidered its prior Order Sustaining Demurrer to

9  Third Amended Complaint, the Court concludes that Plaintiff has pled

10  sufficient facts to state a cause of action against Defendants under the

11  applicable statute.   Defendants Demurrer to Fourth Amended Complaint is

12  overruled.

13

14  **DEFENDANTS' MOTION TO STRIKE**

15        Defendants' Motion to Strike paragraphs 23 through 26 of the Fourth

16  Amended Complaint is granted pursuant to California Code of Civil Procedure

17  § 436(a).

18        Defendants' Motion to Strike Plaintiff's Doe Amendments is denied.

19  Whether Plaintiff was genuinely ignorant of the true identities of the Doe

20  Defendants (Defendants herein) at the time of the filing of the original

21  complaint is irrelevant in this case.  Here, Plaintiff was genuinely ignorant of

22  the *facts* giving Plaintiff a cause of action against Defendants at the time of the

23  filing of the original complaint.  *Munoz v. Purdy* (1979) 91 Cal.App.3d 942, 946.

24

25

1

2  Therefore, pursuant to California Code of Civil Procedure § 474, Plaintiff's Doe

3  Amendments are proper.

4

5  **ORDER**

6      Defendants are granted leave to answer within 15 days.

7

8  DATED:_____JAN 2 3 2007_____

9

10                              JUDGE KATHERINE FEINSTEIN
   _____

11                              KATHERINE FEINSTEIN
                                Judge of the Superior Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# SUPERIOR COURT OF CALIFORNIA
## County of San Francisco

SENORX, INC.

                                    Plaintiff(s),

        vs.

COUDERT BROTHERS, LLP, and
DOES 1 – 500,

                                    Defendant(s),

Case Number: CGC – 04- 435849

### CERTIFICATE OF MAILING
(CCP 1013a (4) )

---

I, Melinka Jones, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On January 23, 2007, I served the attached ORDER RE: DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; DEMURRER TO FOURTH AMENDED COMPLAINT; MOTION TO STRIKE by placing a copy thereof in a sealed envelope, addressed as follows:

Michael Piuze, Esq.
Law offices of Michael Piuze
11755 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025
310-312-1102

Martin K. Deniston, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
555 South Flower Stret, Suite 2900
Los Angeles, CA 90071
213-443-5100

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: January 23, 2007

                    GORDON PARK-LI, Clerk

                    By: _____ MELINKA JONES _____
                            Melinka Jones, Deputy Clerk

**EXHIBIT 3**

**SENORX, INC. vs. COUDERT BROTHERS, LLP, et al.**

Case No.  C -01075 SC

REMAND MOTION

COURTESY COPY

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 2 7 2004

GORDON PARK-LI, Clerk
BY: JUN R. PANELO
Deputy Clerk

1   JORDAN LAW GROUP
2   PATRICK W. JORDAN (Bar No. 52115)
    WILLIAM GREEN (Bar No.129816)
3   1010 "B" Street, Suite 320
    San Rafael, CA 94901
4   Telephone: (415) 459-9865
    Fax: (415) 459-9871

    CASE MANAGEMENT CONFERENCE SET

5   Attorneys for SENORX, INC.

    PLAN I   APR 0 1 2005 9:00 AM

6
7                           DEPARTMENT 212

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10

11  SENORX, INC.,                    )   CASE NO.   CGC 04 4 3 5 8 4 9
                                     )
12          Plaintiff,               )
                                     )
13  vs.                              )   COMPLAINT FOR PROFESSIONAL
                                     )   NEGLIGENCE, BREACH OF
14  COUDERT BROTHERS, LLP, and       )   CONTRACT AND BREACH OF
    DOES 1-500,                      )   FIDUCIARY DUTY
15                                   )
            Defendants.              )   DEMAND FOR JURY TRIAL
16                                   )
    ─────────────────────────────── )

17

18          Plaintiff, SenoRx, Inc. ("SenoRx"), alleges on information and belief as follows:

19                          **GENERAL ALLEGATIONS**

20          1.      At various relevant times alleged herein, Plaintiff, SenoRx, was and is a

21  California Corporation authorized to and transacting business in the State of California.

22          2.      Defendant, Coudert Brothers, LLP (hereinafter "Coudert") was and is a

23  Limited Liability Partnership transacting business in the State of California.

24          3.      Plaintiff is ignorant of the true names and capacities of defendants sued

25  herein as Does 1-500, inclusive, and therefore sues these Defendants by such fictitious names.

26  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

27  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named

28  Defendants is and was responsible in some manner for the occurrences herein alleged and that

1  Plaintiff's damages were proximately caused by such Defendants.

2          4.      Plaintiff is informed and believes, and thereon alleges, that each

3  Defendant, including Doe defendants, were at all material times acting as an agent for each of the

4  other Defendants jointly and severally liable with each of those other Defendants for all liabilities

5  and causes of action set forth herein.

6                              **FIRST CAUSE OF ACTION**

7                          **(FOR PROFESSIONAL NEGLIGENCE)**

8          5.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4

9  of this complaint as though fully set forth herein.

10         6.      At all relevant times, Plaintiff SenoRx was engaged in an Attorney-Client

11  relationship with Coudert.  Pursuant to the Attorney-Client relationship, SenoRx requested that

12  defendant Coudert to provide legal services relating to the filing of Japanese, European and

13  Canadian PCT applications.

14         7.      Coudert failed to timely and properly render those legal services in breach

15  of Coudert's duty of care toward SenoRx.

16                 As a direct and proximate result of Coudert's breaches of the standard of

17  care, SenoRx suffered damages.  Said monetary damages include, but are not limited to, any and

18  all amounts lost by SenoRx as a result of the failure to timely or properly file the Japanese,

19  European and Canadian PCT applications, as well as the fees paid to subsequent counsel to

20  attempt to rectify Coudert's negligent acts and/or omissions.  The amount of SenoRx's damages

21  is in excess of the jurisdictional limit of this court and subject to proof at trial.

22                            **SECOND CAUSE OF ACTION**

23                          **(FOR BREACH OF WRITTEN CONTRACT)**

24         9.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4

25  of this complaint as though fully set forth herein.

26         10.     At all relevant times, Plaintiff SenoRx entered into a written contract with

27  Coudert.  Pursuant to the written contract, Coudert agreed to provide legal services relating to the

28  filing of Japanese, European and Canadian PCT applications.

PRINTED ON
RECYCLED PAPER

                                        2

COMPLAINT FOR PROFESSIONAL NEGLIGENCE,
BREACH OF CONTRACT AND BREACH
OF FIDUCIARY DUTY; DEMAND FOR JURY TRIAL

1          11.    Coudert failed to timely and properly render those legal services in breach

2   of its written contract with SenoRx.

3          12.    As a direct and proximate result of Coudert's breaches of the standard of

4   care, SenoRx suffered damages. Said monetary damages include, but are not limited to, any and

5   all amounts lost by SenoRx as a result of the failure to timely or properly file the Japanese,

6   European and Canadian PCT applications, as well as the fees paid to subsequent counsel to

7   attempt to rectify Coudert's negligent acts and/or omissions. The amount of SenoRx's damages

8   is in excess of the jurisdictional limit of this court and subject to proof at trial.

9                     **THIRD CAUSE OF ACTION**

10                  **(FOR BREACH OF FIDUCIARY DUTY)**

11          13.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4

12   of this complaint as though fully set forth herein.

13          14.    At all relevant times, Plaintiff SenoRx was engaged in an Attorney-Client

14   relationship with Coudert. As such, Coudert became a fiduciary for SenoRx and therefor had

15   certain fiduciary obligations and duties toward SenoRx. Pursuant to the fiduciary relationship,

16   Coudert had a duty to provide certain legal services relating to the filing of Japanese, European

17   and Canadian PCT applications.

18          15.    Coudert failed to timely and properly render those legal services in breach

19   of its fiduciary duty toward SenoRx.

20          16.    As a direct and proximate result of Coudert's breaches of the standard of

21   care, SenoRx suffered damages. Said monetary damages include, but are not limited to, any and

22   all amounts lost by SenoRx as a result of the failure to timely or properly file the Japanese,

23   European and Canadian PCT applications, as well as the fees paid to subsequent counsel to

24   attempt to rectify Coudert's negligent acts and/or omissions. The amount of SenoRx's damages

25   is in excess of the jurisdictional limit of this court and subject to proof at trial.

26          WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

27          (1)    For monetary damages in excess of the jurisdictional limit of this Court

28   caused by Defendant's breaches.

PRINTED ON
RECYCLED PAPER

COMPLAINT FOR PROFESSIONAL NEGLIGENCE,
BREACH OF CONTRACT AND BREACH
OF FIDUCIARY DUTY; DEMAND FOR JURY TRIAL

1    (2)    For interest at the legal rate;

2    (3)    For attorneys' fees and costs of suit incurred herein; and,

3    (4)    For such other and further relief that the Court may deem appropriate.

4

5    DATED:  October 26, 2004          JORDAN LAW GROUP
                                       PATRICK W. JORDAN
6                                      WILLIAM GREEN

7

8                                      By:

9                                         WILLIAM GREEN
                                       Attorneys for Plaintiff SENORX, INC.

10

11                    **DEMAND FOR JURY TRIAL**

12          Plaintiff, SenoRx Incorporated hereby demands a jury trial in the above-

13    referenced matter.

14    DATED:  October 26, 2004          JORDAN LAW GROUP
                                       PATRICK W. JORDAN
15                                      WILLIAM GREEN

16

17                                      By:

18                                         WILLIAM GREEN
                                       Attorneys for Plaintiff SENORX, INC.

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

                                                4

                              COMPLAINT FOR PROFESSIONAL NEGLIGENCE,
                              BREACH OF CONTRACT AND BREACH
                              OF FIDUCIARY DUTY; DEMAND FOR JURY TRIAL