Martin K. Deniston (State Bar No. 106737)
Diana M. Estrada (State Bar No. 212702)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
Coudert Brothers LLP and Defendants identified in Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC., | ) Case No: C 07-01075 SC |
| Plaintiff, | ) |
| v. | ) **DEFENDANTS' OPPOSITION TO** |
| | ) **PLAINTIFF'S OBJECTION TO** |
| COUDERT BROTHERS, LLP, and | ) **REMOVAL AND MOTION TO** |
| DOES 1 – 500, | ) **REMAND OR ABSTAIN** |
| Defendants. | ) |
| | ) **Date: April 27, 2007** |
| | ) **Time: 10:00 a.m.** |
| | ) **Courtroom: 1** |
| | ) **Judge: Honorable Samuel Conti** |
| | ) |
| | ) **[Filed Concurrently with Declaration** |
| | **of Diana M. Estrada]** |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN
538514.1

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................... 2

II.   FACTUAL BACKGROUND ........................................................ 2

III.  THIS COURT HAS JURISDICTION OVER THIS MATTER
      UNDER 28 U.S.C. §1452.............................................................. 6

IV.   THE AUTOMATIC STAY PREVENTS REMAND
      OF THIS MATTER ...................................................................... 12

V.    ABSTENTION AND EQUITABLE REMAND ARE NOT
      APPROPRIATE IN THIS CASE AND SHOULD BE DENIED.............. 13

      A.   SenoRx's Request for Abstention in This Case is Inappropriate
           and Should be Denied ...................................................... 14

      B.   Equitable Remand is Not Appropriate in this Case; In Balancing
           the Equitable Grounds for Remand, the Factors Weigh Heavily
           in Favor of Federal Jurisdiction ........................................ 14

           1.   Judicial economy will not be served by remand.................... 15

           2.   Comity Does Not Favor Remand.......................................... 16

           3.   The effect of remand upon the administration of the related
                Title 11 estate will be significant, thus weighing in favor of
                retaining jurisdiction ............................................................ 18

           4.   The effect of bifurcating the claims and parties to an action
                and possibilities of inconsistent results................................. 20

           5.   The predominance of state law issues and non-debtor
                parties ................................................................................. 20

           6.   There will be no prejudice to other parties should this matter
                not be remanded .................................................................. 21

IV.   CONCLUSION.............................................................................. 23

i

**TABLE OF AUTHORITIES**

<u>Cases</u>

*A.H. Robins Co., v. Piccinin*,
788 F.2d 994, 1012 (4th Cir. Va. 1986).....................................16

*In re Birting Fisheries, Inc.*
300 B.R. 489, 499 (9th Cir. BAP Wa. 2003).................................7

*Bond St. Assocs., Ltd. v. Ames Dep't Stores, Inc.*
174 B.R. 28, 32-33 (S.D.N.Y. 1994) .........................................11

*In re Canion*
196 F.3d 579, 586 (5th Cir. Tex. 1999) .....................................10

(*Celotex Corp. v. Edwards*
514 U.S. 300, 308 (1995) .................................................6, 10

*In re Celotex Corp.*
124 F.3d 619, 626-27 (4th Cir. WV. 1997).................................9, 10

*In re Chicago, Milwaukee, St. Paul & Pac. R. Co.*
 6 F.3d 1184, 1189 (7th Cir. N.D. Ill. 1993)................................21

*Citigroup, Inc. v. Pac. Inv. Mgmnt Co.*
(296 B.R. 505 (C.D. Cal. 2003) ............................................18

*Colorado River Water Conservation Dist. v. United States*
424 U.S. 800, 817, (1976) ..................................................13

*Continental Nat'l Bank v. Sanchez* (*In re Toledo*)
170 F.3d 1340, 1349-50 (11th Cir.Fla. 1999) ..............................6

*Daleske v. Fairfield Cmtys., Inc.*
17 F.3d 321, 323 (10th Cir. Colo. 1994)...................................3, 13

*In re DeMert & Dougherty, Inc.*
271 B.R. 821, 842 (Bankr. N.D. Ill. 2001.................................13

ii

*In re Dow Corning Corp.*
86 F.3d 482, 493-94 (6th Cir. TN. 1996)............................................................ 10, 11

*Fietz v. Great W. Savings*
852 F.2d 455, 457 (9th Cir. N.D. Cal. 1988) ............................................................ 8

*Foster Poultry Farms, Inc. v. IBM*
2006 (U.S. Dist. Lexis 73378................................................................................ 3, 12

*Geo. F. Martin Co. v. Royal Ins. Co. of Am.*
2004 U.S. Dist. LEXIS 8927, at *7 n.3 (N.D. Cal. May 14, 2004) .......................... 22

*In re G.I. Industries*
204 F.3d 1276, 1279-80 (9th Cir. Cal.2000) ............................................................ 6

*In re Gruntz, 202 F.3d 1074*
1080-81 (9th Cir.Cal. 2000) ..................................................................................... 7

*In re Honeycomb, Inc.*
(1987, BC SD NY) 72 BR 371 ................................................................................ 21

*Holcomb Health Care Servs., LLC v Quart Ltd., LLC* (*In re Holcomb Health Care Servs.*, LLC)
(2004, BC MD Tenn) 329 BR 622 .......................................................................... 21

*H.J. Rowe Inc. v. Sea Products, Inc.*
 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998) .............................................................. 17

*Liljeberg Enterprises Intl. v. Vista Hosp., et al.*
(2004 U.S. Dist. Lexis 23955............................................................................... 2, 12

*Maitland (In re Harris Pine Mills)*
(1995 9th Cir. Or.) 44 F3d 1431(9th Cir. Or. 1995) ................................................ 13

*McCarthy, Johnson & Miller v. North Bay Plumbing, Inc.*
 (*In re Petit*) 217 F.3d 1072, 1080 (9th Cir. Cal. 2000).................................... 2, 12

*In re Mobile Tool International, Inc.*
320 B.R. 552, 558 (Bankr. D. Del. 2005)................................................................ 16

iii

(*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*
460 U.S. 1, 16 (1983) ...................................................................................... 13

*Natl. Acceptance Co. of CA. v. Levin*
75 B.R. 457, 458-459 (Bankr. AZ 1987 .................................................... 10, 19

*In re Pac. Gas & Elect. Co.*
279 B.R. 561, 571 (Bankr. N.D. Cal. 2002 ..................................................... 21

*Pacor, Inc. Higgins*
743 F.2d 984, 994 (3d Cir. Pa. 1984) ............................................................. 9

*Phico Group, Inc. v Persofsky (In re Phico Group, Inc.)*
(2003, BC MD Pa) 304 BR 170 ........................................................................ 7

*In re Red Ash Coal & Coke Corp.*
83 B.R. 399 (1988 W.D. Va.) ......................................................................... 20

*Renaissance Cosmetics, Inc. v. Development Specialists, Inc.*
277 B.R. 5, 19-20 (S.D.N.Y. 2002) ................................................................ 22

*Regal Row Fina, Inc., v. Washington Mutual Bank*
2004 WL 2826817, at *10 (N.D. Tex. Dec. 9, 2004 ...................................... 17

*In re River Ctr. Holdings, LLC*
288 B.R. 59, 65 (Bankr. S.D.N.Y. 2003) ....................................................... 11

*Shubert v. Roche Holding AG*
157 F. Supp. 2d 542, 547 (E.D. Pa. 2001 ..................................................... 17

*Schulman v. State of California (In re Lazar)*
237 F.3d 967, 981 (9th Cir. Cal. 2001) ......................................................... 14

*Shared Network Users Group, Inc. v WorldCom Techs., Inc.*
(2004, ED Pa) 309 B.R. 446 ............................................................................ 6

*In re Showcase Natural Casing Co.*
(54 B.R. 142 (1985 B.C. S.D. Ohio) ......................................................... 16, 19

*In re Sizzler Rests. Int't, Inc.*
262 B.R. 811, 818-819 (Bankr, C.D. Cal. 2001) ........................................... 10

iv

*In re Soares*
107 F.3d 969, 963 (1st Cir. 1997)...................................................................... 2, 12

*Solomon v. Continental American Life Ins. Co.*
 472 F.2d 1043, 1047 (3d Cir. N.J. 1973)................................................................ 22

*Sommers v. Abshire*
*(1995 E.D. Tex.)* 186 B.R. 107, 409 ...................................................................... 3, 12

*Tallo v Gianopoulos*
(2005, ED NY) 321 B.R. 23........................................................................................7

*In re TIG Insurance Co. v. Smolker*
(2001) 264 B.R. 661 .............................................................................................. 14

*Tracy v. Consolidated R. Corp.*
723 F. Supp. 1051, 1053 (D. Del. 1989)................................................................ 22

*Western Helicopters, Inc. v. Hiller Aviation, Inc.*
97 B.R. 1, 6 E.D. Cal. 1988.................................................................................... 15

*In re WorldCom, Inc. Sec. Litig.*
293 B.R. 308, 332 (S.D.N.Y. 2003 ........................................................................ 13


<u>Statutes</u>

Bankruptcy Rule 9006(b)(1) ..................................................................................... 4

Bankruptcy Rule 9027 ............................................................................................... 4

Bankruptcy Rule 9027(a) ........................................................................................... 4

California Corporations Code § 16956...................................................................... 4

28 U.S.C. § 157 ......................................................................................................... 6

28 U.S.C. § 157(b)(2) ........................................................................................... 2, 11

28 U.S.C. § 157(c) ................................................................................................... 18

11 U.S.C. § 362 ................................................................................................... 2, 12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN
538514.1

11 U.S.C. § 362(a) ................................................................................................ 3, 15

11 U.S.C. § 362(c)(2) .................................................................................................. 12

11 U.S.C. § 362 (d)-(f) ............................................................................................... 12

11 U.S.C. § 541 ............................................................................................................. 6

28 U.S.C. § 1334 ................................................................................................ 4, 8, 18

28 U.S.C. § 1334(b) ................................................................................................ 2, 13

28 U.S.C. § 1334(c) ..................................................................................................... 14

28 U.S.C. § 1452 ................................................................................ 3, 4, 12, 14, 20

28 U.S.C. § 1452(a) ................................................................................................ 8, 13

28 U.S.C. § 1452(b) .................................................................................................... 14

TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD:

Defendants Coudert Brothers LLP (hereinafter referred to as "Coudert Brothers LLP" and/or "debtor"), Charles E. Aster, Steven H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, William K. Coulter, Richard N. Dean, Richard De Palma, Robert L. Eisen, Joseph Farrell, Kay Georgi, Tara K. Giunta, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Janet Hernandez, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Owen Nee, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Robert F. Pietrowski, Jr., Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, Olga Sirodoeva, James B. Sitrick, Roger D. Stark, Edward H. Tillinghast, III, Charles H. Wagner, Roger B. Wagner, Christopher M. Wells, Anthony Williams, Mary F. Voce, John M. Gurley, and Carol B. Stubblefield (hereinafter referred to as "Individual Partner Defendants") hereby submit their opposition to SenoRx's objection to removal and motion for remand or abstention.

## I.    INTRODUCTION

This Court should deny SenoRx's motion to remand this case to the San Francisco Superior Court.  The Court has jurisdiction over this action under 28 U.S.C. § 1334(b), because SenoRx has filed a proof of claim subjecting itself to the

jurisdiction of the bankruptcy court and because the case is related to the bankruptcy

proceedings filed by Coudert Brothers LLP.  Moreover, remand of this matter would

violate the automatic stay as to Coudert Brothers LLP and as established below there

are no equitable grounds that would warrant remand and abstention is inapplicable

in this case.[1]  Therefore, SenoRx's motion for remand or abstention should be

denied.

## II.    FACTUAL BACKGROUND

On October 27, 2004, Plaintiff SenoRx, Inc. commenced this action for legal

malpractice in the Superior Court of the State of California for the County of San

Francisco, captioned *SenoRx, Inc. vs. Coudert Brothers, LLP, and Does 1-500,*

CGC 04435849.  The legal malpractice action arises from Coudert Brothers LLP's

alleged failure to timely render legal services relating to the filing of patent

applications for SenoRx.  The original Complaint was filed by Plaintiff SenoRx on

October 27, 2004.  On November 3, 2005, and on January 25, 2006, SenoRx filed

Doe amendments with respect to the Complaint for purposes of substituting

specifically named individual defendants for fictitiously named defendants.  On

those dates, SenoRx named Doe defendants, including the Individual Partner

---

[1] The remand of this action would violate the automatic bankruptcy stay under 11 U.S.C. §362 as remand would not constitute a mere "ministerial" act that would not violate the automatic stay.  Rather the court by remanding this matter would be required to exercise its "discretion or judgment," which indicates that the decision is not a ministerial act exempt from the stay.  *See McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Petit)* 217 F.3d 1072, 1080 (9th Cir. Cal. 2000) *In re Soares,* 107 F.3d 969, 963 (1st Cir. 1997); *Liljeberg Enterprises Intl. v. Vista Hosp., et al.* (2004 U.S. Dist. Lexis 23955.)

Defendants who are former limited liability partners of Coudert Brothers LLP and none of whom are California residents or rendered any services to SenoRx. Notably, SenoRx has only served the named Doe defendants that reside on the East Coast (e.g., New York, Connecticut, Maryland, Washington, D.C., etc.).  None of the other Doe defendants have been served.[2]

In March 2006, a demurrer was filed on behalf of the Individual Partner Defendants, arguing that the partners of a limited liability partnership who were not involved in the provision of services to SenoRx have no vicarious liability for the liabilities of the partnership with respect to such services.  The court sustained this demurrer, and sustained three subsequent demurrers on the same grounds, each time giving SenoRx leave to amend its complaint.

On September 22, 2006, Coudert Brothers LLP filed a Chapter 11 Bankruptcy Petition, in the United States Bankruptcy Court for the Southern District of New York entitled In re Coudert Brothers LLP, Case No. 06-12226. Accordingly, at the time this matter was automatically stayed as to Coudert Brothers LLP pursuant to 11U.S.C. § 362(a).  The stay as to Coudert Brothers LLP remains in effect to this day.  Thereafter, SenoRx filed a Fourth Amended Complaint on November 8, 2006.  The Individual Partner Defendants demurred to

---

[2] The unserved defendants were not joined in the removal of this action.  28 U.S.C. §1452 permits individual defendants in a multi-defendant case to remove an action from state court without joinder or consent of other defendants when a lawsuit contains matters related to a bankruptcy case.  *Sommers v. Abshire (1995 E.D. Tex.)* 186 B.R. 107, 409; *Daleske v. Fairfield Cmtys., Inc.* 17 F.3d 321, 323 (10th  Cir. Colo. 1994); *Foster Poultry Farms, Inc. v. IBM* 2006 (U.S. Dist. Lexis 73378.)

the Fourth Amended Complaint.  On January 23, 2007, the San Francisco Superior

Court overruled the Individual Partner Defendants' demurrer to the Fourth

Amended Complaint because the court would need to consider facts outside of the

4-corners of the Fourth Amended Complaint (which would be a task beyond the

scope of a demurrer) in order to determine California Corporations Code § 16956's

applicability in the context of this case which the court noted was more appropriate

in a summary judgment motion and accordingly invited such a motion.

On January 31, 2007, SenoRx filed a proof of claim in the Coudert Brothers

LLP bankruptcy case.  A true and correct copy of the Proof of Claim filed by

SenoRx is attached to the declaration of Diana M. Estrada as Exhibit "A."  The

recovery in that proof of claim mirrors the recovery sought in this action.

Pursuant to Bankruptcy Rule 9006(b)(1), the time within which Civil

Actions may be removed under  28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)

was extended by 90 days, through and including March 21, 2007, by United States

Bankruptcy Judge Robert D. Drain of the Southern District of New York.  A true

and correct copy of the Order Extending the 90-Day Period Within Which to

Remove is attached to the Declaration of Diana M. Estrada as Exhibit "B."

On February 21, 2007, this action was properly removed pursuant to the

provisions of 28 U.S.C. Sections 1452 and 1334 and Bankruptcy Rule 9027.  The

removal was filed in light of both the timetable established by the bankruptcy court

for removal and the fact that SenoRx filed a proof of claim on January 31, 2007,

with the bankruptcy court.  SenoRx consented to the jurisdiction of the United

States Bankruptcy Court for the Southern District of New York by the filing of

such a claim.

This action is inextricably linked to Coudert Brothers LLP's bankruptcy

estate.  In its Fourth Amended Complaint, SenoRx claims that the Individual

Partner Defendants are allegedly liable as guarantors of any judgment obtained

against Coudert Brothers LLP to the extent of Coudert Brothers LLP's self-insured

retention under the insurance policy applicable to this case if Coudert Brothers

LLP does not satisfy the self-insured retention.  Because the claim set forth by

Plaintiff SenoRx against the Individual Partner Defendants is based on their

alleged guarantee of any judgment based upon the liability of Coudert Brothers

LLP (to the extent that Coudert Brothers LLP does not satisfy the self-insured-

retention under the insurance policy applicable to this case), litigation of the

alleged liability of the Individual Partner Defendants would lead to indemnity

claims against Coudert Brothers LLP thus affecting the bankruptcy estate.  Further,

Coudert Brothers LLP's bankruptcy estate is affected by continuing litigation

against the Individual Partner Defendants, as the defense costs of such litigation

will deplete the bankrupt estate and potentially the insurance policies belonging to

Coudert Brothers LLP.

As such, this matter was properly removed by the debtor Coudert Brothers

LLP, joined by the Individual Partner Defendants, to the United States District

DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN
538514.1

Court as a necessary first step in having it transferred to the Bankruptcy Court for the Southern District of New York.

## III.    THIS COURT HAS JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. § 1452.

The Supreme Court has recognized that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." (*Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).)  This "comprehensive" grant "must be read to give district courts . . . jurisdiction over more than simple proceedings involving the property of the debtor or the state." (*Id.*)  Thus, Section 1334(b) covers both: "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Id.* at 308 n.5

SenoRx's motion for remand or abstention must be denied because SenoRx has voluntarily subjected itself to the equitable jurisdiction of the bankruptcy court by filing its proof of claim.  (*Shared Network Users Group, Inc. v WorldCom Techs., Inc.* (2004, E.D. Pa) 309 B.R. 446.)  "The filing of a proof of claim is the prototypical situation involving the 'allowance or disallowance of claims against the estate,' a core proceeding under 28 U.S.C. § 157(b)(2)." *In re G.I. Industries*, 204 F.3d 1276, 1279-80 (9th Cir. Cal. 2000) (citing to *Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1349-50 (11th Cir. Fla. 1999) (stating that a proof of

claim is within the bankruptcy court's jurisdiction even if the underlying claim is based on state law.  (*See* e.g., *Tallo v Gianopoulos* (2005, E.D. NY) 321 B.R. 23 (Upon filing of proof of claim, creditor's claims fell within bankruptcy court's jurisdiction over core proceedings]; *See also, Phico Group, Inc. v Persofsky* (*In re Phico Group, Inc.*) (2003, B.C. MD Pa) 304 BR 170 (Creditor's action against debtor was core proceeding within jurisdiction of bankruptcy court under 28 U.S.C. § 157, even though cause of action concerned contractual rights and obligations of parties that normally were to be determined under state law, where creditor's voluntary act of filing proof of claim against debtor's estate triggered process of allowance and disallowance of claims.)

Accordingly, the Pending Action contains "core" bankruptcy matters that should be left to the exclusive jurisdiction of the bankruptcy court or the United Sates District Court overseeing the bankruptcy case.  (*In re Gruntz*, 202 F.3d 1074, 1080-81 (9th Cir. Cal. 2000) (en banc); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 499 (9th Cir. BAP Wa. 2003) ("In Gruntz, the Ninth Circuit further explained that exclusive jurisdiction exists over core proceedings.")  Therefore, no set of "equitable" factors would justify sending a "core" bankruptcy matter for decision to a state court. Nonetheless, this Court can perhaps most easily dispose of SenoRx's remand motion by finding that equitable principles do not require or support a remand of this case, even assuming it were subject to equitable remand.

Further, assuming *arguendo* that this is not a core proceeding and SenoRx has not voluntarily consented to the jurisdiction of the bankruptcy court by virtue of having filed a proof of claim in this matter, this Court still has subject-matter jurisdiction over this action. Under 28 U.S.C. §1452(a) "[a] party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." This matter was recently removed to this court pursuant to Section 1452, which provides for "removal of claims related to bankruptcy cases." In *Fietz v. Great W. Savings*, 852 F.2d 455, 457 (9th Cir. N.D. Cal. 1988), the Ninth Circuit adopted the following test from the Third Circuit to determine whether a "claim is related to" a bankruptcy case:

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding **could conceivably** have any effect on the estate being administered in bankruptcy. [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

8

*Pacor, Inc. Higgins,* 743 F.2d 984, 994 (3d Cir. Pa. 1984) (Emphasis added.) The court went on to state that it rejects "any limitation of this definition." (*Id.*)

Under the Ninth Circuit's expansive view of relatedness, the outcome of the instant action will have an effect on the estate being administered in bankruptcy. First, this proceeding against the debtor Coudert Brothers LLP can both positively and negatively affect the bankruptcy estate. To the extent Coudert Brothers LLP is liable for damages in this action, the estate could be taxed significantly given the fact that the proof of claim filed by SenoRx (which mirrors the recovery sought in this action) with the bankruptcy court on January 31, 2007, in the Southern District of New York was $25 million plus. Moreover, because SenoRx seeks to hold the Individual Partner Defendants liable as guarantors for damages that Coudert Brothers LLP does not/cannot pay, should there be a finding of liability and damages this would render any potential liability for damages against the Individual Partner Defendants pertinent to the status of Coudert Brothers LLP's bankruptcy estate for two reasons. First, a holding of liability against the Individual Partner Defendants as guarantors on the one hand reduces the claim against the Coudert Brothers LLP bankruptcy estate because the Fourth Amended Complaint seeks to hold the Individual Partner Defendants unconditionally liable upon Coudert Brothers LLP's failure to satisfy its self-insured-retention; thus, affecting the bankruptcy estate positively. "[A] claim between two non-debtors that will potentially reduced the bankruptcy estate's liabilities produces an effect on the estate sufficient to confer

related to jurisdiction."  (*In re Canion,* 196 F.3d 579, 586 (5th Cir. Tex. 1999); *Natl. Acceptance Co. of CA. v. Levin* 75 B.R. 457, 458-459 (Bankr. AZ 1987.)  Second, a holding of liability against the individual partner defendants on the other hand gives rise to indemnity claims by the individual partner defendants against the Coudert Brothers LLP bankruptcy estate; thus, negatively impacting the bankruptcy estate as it will have to pay legal fees to defend itself potentially depleting the estate and any insurance policies belonging to the estate.

Indeed, most if not all of the Individual Partner Defendants have filed proofs of claim with the bankruptcy court regarding their intention to seek indemnity from Coudert Brothers LLP for this claim.  The possibility of indemnification or contribution by the debtor, even in absence of a formal indemnification agreement, constitutes a conceivable effect so as to trigger related to jurisdiction under Section 1452.  (*In re Sizzler Rests. Int't, Inc.* 262 B.R. 811, 818-819 (Bankr, C.D. Cal. 2001) ("courts have routinely found suits between non-debtors to be related to the bankruptcy, [even where]…the duty to indemnify is not based on an unconditional contractual obligation, this court is persuaded by those cases which have refused to… require an unconditional indemnification agreement."); *See also, e.g., In re Celotex Corp.*, 124 F.3d 619, 626-27 (4th Cir.  WV. 1997) (removal proper where defendant nondebtor had potential indemnification or contribution claims against debtor); *In re Dow Corning Corp.*, 86 F.3d 482, 493-94 (6th Cir. TN. 1996) (removal proper where defendant nondebtors and debtors' shareholders had potential

10

indemnification or contribution claims against debtor), cert. denied, 519 U.S. 1071 (1997);  *In re River Ctr. Holdings, LLC*, 288 B.R. 59, 65 (Bankr. S.D.N.Y. 2003) (removal proper because debtor could be required to indemnify defendant nondebtor and pay his legal fees); *Bond St. Assocs., Ltd. v. Ames Dep't Stores, Inc.*, 174 B.R. 28, 32-33 (S.D.N.Y. 1994) (removal proper even if no express indemnification agreement exists, because debtor could be required to indemnify nondebtor guarantor.)

In addition, the Individual Partner Defendants have also relied upon the debtor Coudert Brothers LLP and its insurance policies to cover their defense costs and any liability that could be assessed against them in this case.  This could not only deplete the bankruptcy estate but it could also conceivably affect the amount of insurance coverage available for debtor Coudert Brothers LLP itself.  In *In re Dow Corning Corp.*, 86 F.3d 482, 494-95 (6th Cir. TN. 1996) the Court held that removal is proper where defendant nondebtors and debtors were co-insured under various insurance policies.

There is no doubt that this matter will have an effect on the administration of the Coudert Brothers LLP bankruptcy estate.  Thus, this matter is sufficiently related to the bankruptcy estate giving this court jurisdiction over the matter.   Therefore, SenoRx's request for abstention and remand should be denied.

**IV.    THE AUTOMATIC STAY PREVENTS REMAND OF THIS MATTER.**

Debtor Coudert Brothers LLP removed this matter joined by the Individual Partner Defendants.  First and foremost, as the automatic bankruptcy stay applies to Coudert Brothers LLP, the remand of this action would violate the automatic bankruptcy stay under 11 U.S.C. §362 as remand would not constitute a mere "ministerial" act.  Rather the court by remanding this matter would be required to exercise its "discretion or judgment," which indicates that the decision is not a ministerial act exempt from the stay.  (*See In re Soares*, 107 F.3d 969, 963 (1st Cir. MA. 1997); *McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Petit)* 217 F.3d 1072, 1080 (9th Cir. Cal. 2000); *Liljeberg Enterprises Intl. v. Vista Hosp., et al.* (2004 U.S. Dist. Lexis 23955.).)  The stay is automatic upon filing of the bankruptcy petition and applies to all actions against the debtor.  It remains in force until a federal court either disposes of the case or lifts the stay.  (11 U.S.C. § 362(c)(2)) and (d)-(f).)  The fact that the non-debtor Individual Partner Defendants joined the removal is of no consequence to the automatic stay of this matter because the plain language of 28 U.S.C. § 1452 makes clear that any party may remove matters without joinder or consent of other parties.  (*Sommers v. Abshire (1995 E.D. Tex.*) 186 B.R. 107, 409; *Daleske v. Fairfield Cmtys., Inc.* 17 F.3d 321, 323 (10th  Cir. Colo. 1994); *Foster Poultry Farms, Inc. v. IBM* 2006 (U.S. Dist. Lexis 73378.)   Therefore, Coudert Brothers LLP could have conceivably removed this entire action without the Individual Partner Defendants' joinder and the

automatic stay would apply prohibiting this court from remanding this action.

Therefore, this court must refrain from remanding this action.

## V.     ABSTENTION AND EQUITABLE REMAND ARE NOT APPROPRIATE IN THIS CASE AND SHOULD BE DENIED.

Even if the automatic stay were determined not to be in force, with regard to this remand motion, (even though it is in force) in a situation where a state claim that is removed to federal District Court does not qualify as a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)-(N), the Court has discretion to retain jurisdiction over it and refer the case to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).  (*Maitland (In re Harris Pine Mills) 44 F3d 1431 (9th Cir. Or. 1995).)*  In analyzing whether to retain jurisdiction, the "balance [is] weighed heavily in favor of the exercise of jurisdiction." (*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).)  Accordingly, SenoRx bears a heavy burden in establishing why this Court should decline to perform its "virtually unflagging obligation" to exercise its Congressional grant of jurisdiction. (*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, (1976); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003); *In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001).  Plaintiff's request for abstention and remand fails to meet this burden and should accordingly be denied.

**A.**     **SenoRx's Request for Abstention in This Case Is Inappropriate and Should be Denied.**

SenoRx cannot establish that abstention pursuant to 28 U.S.C. § 1334(c) is applicable, because it is not.  The Ninth Circuit has made clear that abstention can exist only where there is a parallel proceeding in state court.   Where there is no pending state court proceeding, §§1334(c)(1) and 1334 (c)(2) are inapplicable to actions removed under 28 U.S.C. §1452.  (*Schulman v. State of California (In re Lazar*) 237 F.3d 967, 981  (9th Cir. Cal. 2001); *In re TIG Insurance Co. v. Smolker* (2001) 264 B.R. 661.)  Therefore, SenoRx's request for abstention must be denied because this matter was removed under 28 U.S.C. §1452 and there is no parallel proceeding in state court.  Accordingly, the Court may not abstain from accepting jurisdiction over this action.

**B.**     **Equitable Remand is Not Appropriate in this Case; In Balancing the Equitable Grounds for Remand, the Factors Weigh Heavily in Favor of Federal Jurisdiction.**

Courts in this Circuit apply a multi-factor analysis for equitable remand under Section 1452(b).   In deciding whether to remand a case pursuant to Section 1452(b), courts consider the following six factors: (1) judicial economy; (2) comity and respect for state court decision-making capabilities; (3) the effect of remand upon the administration of the related Title 11 estate; (4) the effect of bifurcating the claims and parties to an action and possibilities of inconsistent results; (5) the

predominance of state law issues and non-debtor parties; and (6) the prejudice to other parties to the action.  (*Western Helicopters, Inc. v. Hiller Aviation, Inc.* 97 B.R. 1, 6 E.D. Cal. 1988.)  Consideration of these factors in the instant case weigh in favor of this court retaining jurisdiction.

**1.      Judicial economy will not be served by remand.**

Judicial economy and efficiency plainly will be served by this court retaining jurisdiction over this matter.  This action is currently stayed pursuant to 11 U.S.C. §362(a).  As the Individual Partner Defendants had no involvement in the alleged malpractice and rendered no services to SenoRx,  the Fourth Amended Complaint against the Individual Partner Defendants alleges that the Individual Partner Defendants are guarantors of any judgment obtained against Coudert Brothers LLP to the extent of Coudert Brothers LLP's self-insured-retention under the insurance policy applicable to this case if Coudert Brothers LLP does not satisfy the self-insured-retention.   Indeed, there can be no finding of liability against the Individual Partner Defendants until there is: (1) a finding of liability against Coudert Brothers LLP; (2) a subsequent damages assessment against Coudert Brothers LLP based on the liability finding; and (3) a finding that Coudert Brothers cannot satisfy the self-insured-retention under the insurance policy applicable to this case.  This necessarily involves a determination of the extent of Coudert Brothers LLP's  liability for legal malpractice in this action.  Thus, until there is a finding of liability, a judgment against Coudert Brothers LLP, and a showing that Coudert Brothers LLP cannot

satisfy or discharge that judgment, the action cannot proceed against the Individual

Partner Defendants as any alleged liability they may have is derivative of Coudert

Brothers LLP's liability.  A determination of the extent of a debtor's liabilities is

inherently a function for the Bankruptcy Court.  (*See A.H. Robins Co., v. Piccinin*,

788 F.2d 994, 1012 (4th Cir. Va. 1986) (estimation of a debtor's liabilities "is a

mandatory obligation of the bankruptcy court"); *In re Mobile Tool International,

Inc.*, 320 B.R. 552, 558 (Bankr. D. Del. 2005) (denying motion to abstain and

finding that adversary proceedings were not remote from the underlying bankruptcy

case because "[t]hey involve potential liabilities of the Estate, the very essence of a

bankruptcy case.").

   Not only is the determination of Coudert Brothers LLP's liability in this

matter inherently a function of the bankruptcy court, such a determination of liability

could not be made in state court because this matter as to Coudert Brothers LLP is

currently stayed.  It therefore makes sense that this entire matter not be remanded.

Indeed, SenoRx could not even proceed against the non-debtor Individual Partner

Defendants without proceeding against Coudert Brothers LLP's bankruptcy estate.

Therefore, judicial economy militates against remand and supports federal

jurisdiction over this matter.

### 2.  Comity Does Not Favor Remand.

   Comity towards the state court is not a significant factor where, as here, prior

to Coudert Brothers LLP's bankruptcy, discovery was stayed, the trial date was

vacated and pleadings were only finally settled in January 2007, after Individual

Partner Defendants' demurrer to SenoRx's Fourth Amended Complaint was

overruled . (*See Shubert v. Roche Holding AG*, 157 F. Supp. 2d 542, 547 (E.D. Pa.

2001) (comity not important factor if case has not spent much time in state court);

*H.J. Rowe Inc. v. Sea Products, Inc.,* 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998)

(refusing to remand where proceedings in the state court were "not sufficiently

advanced such that concerns for comity and waste of judicial resources are

implicated").  Here, no state court judgments will be impaired, nor will judicial

resources be wasted by removal.  (*See Regal Row Fina, Inc., v. Washington Mutual

Bank*, 2004 WL 2826817, at *10 (N.D. Tex. Dec. 9, 2004) (where case will affect

bankruptcy proceedings and minimal activity in the state court eliminates danger

that federal court will impair any state judgments, comity does not favor remand).

Indeed, comity counsels in favor of proceeding in a federal forum here.

SenoRx has filed a proof of claim with the bankruptcy court.  The United States

Bankruptcy Court for the Southern District of New York has continuing

jurisdiction over the proof of claims filed, including exclusive authority to resolve

disputes relating to the claim.

**3.    The effect of remand upon the administration of the related Title 11 estate will be significant, thus weighing in favor of retaining jurisdiction.**

This matter is inextricably linked to the administration of Coudert Brothers LLP's bankruptcy estate.  SenoRx's argument that this action does not involve the administration of Coudert Brothers LLP's bankruptcy estate and that it is only remotely related to the bankruptcy case is disingenuous at best.  In fact SenoRx has cited to *Citigroup, Inc. v. Pac. Inv. Mgmnt Co.* (296 B.R. 505 (C.D. Cal. 2003), which is distinguishable from the instant case as the debtor Enron in that case was not even a party to the action that Citibank sought to remove to the bankruptcy court in which the Enron bankruptcy was pending.  (*Id.* at 509.)  Given the nature and extent of the relief that SenoRx is seeking as evidenced in the proof of claim filed by SenoRx with the bankruptcy court, this case is not merely "related to" the bankruptcy case, in effect, it is the bankruptcy case.  As discussed above, if this matter were remanded to state court it would interfere with the bankruptcy courts determination of the extent of Coudert Brothers LLP's liability in this action which is an inherent function of the bankruptcy court.  In addition, the bankruptcy court has jurisdiction under 28 U.S.C. § 1334 to hear adversary proceedings against guarantors of Chapter 11 debtor's debt, which is a related proceeding under 28 U.S.C. § 157(c) because holding of liability against guarantors will necessarily reduce the claim against the debtor and thus affect the administration of the estate.

1   (*National Acceptance v. Levin supra* at 458-459 citing to *In re Showcase Natural*

2   *Casing Co.* (54 B.R. 142 (1985 B.C. S.D. Ohio).)

3

4        Again, here a holding of liability against the Individual Partner Defendants on

5   the one hand reduces the claim against the Coudert Brothers LLP bankruptcy estate;

6   thus, affecting the bankruptcy estate positively.  In addition, a holding of liability

7   against the individual partner defendants on the other hand gives rise to indemnity

8   claims by the individual partner defendants against the Coudert Brothers LLP

9

10   bankruptcy estate; thus, negatively impacting the bankruptcy estate as it will have to

11   pay legal fees to defend itself potentially depleting the estate and any insurance

12   policies belonging to the estate.  Therefore, because these matters will impact the

13

14   bankruptcy estate, federal jurisdiction should apply so that matters affecting the

15   estate will be dealt with by the United States District Court or the bankruptcy court.

16

17        Furthermore, SenoRx's suit against the individual partners could also

18   conceivably affect debtor Coudert Brothers LLP's estate by imposing discovery

19   burdens on the debtor.  SenoRx's lawsuit against the debtor Coudert Brothers LLP

20   and the Individual Partners Defendants is based on a single cause of action for legal

21   malpractice.  Although none of the Individual Partner Defendants named in this

22

23   lawsuit were in any way involved in this alleged malpractice they were named as

24   defendants as guarantors.  That said, the debtor, Coudert Brothers LLP, not the non-

25   debtor individual defendants will bear the brunt of discovery.  Such focus will

26

27

28

detract from Coudert Brothers LLP's ability to successfully reorganize thus impacting the estate.

**4.    The effect of bifurcating the claims and parties to an action and possibilities of inconsistent results.**

There is a single cause of action asserted in SenoRx's Fourth Amended Complaint.  As set forth above, before any liability can be attributed to the Individual Partner Defendants, there is a necessary finding of liability and a judgment for damages against the Coudert Brothers LLP estate, and then yet another finding that the Coudert Brothers LLP estate cannot satisfy the self-insured-retention under the applicable insurance policy for this case.  Accordingly, having the instant matter in the home court of the bankruptcy estate in one centralized location avoids the need to bifurcate claims.  However, because SenoRx seeks to redress a single wrong in its single cause of action against both the alleged guarantors (i.e., the Individual Partner Defendants) and the debtor (Coudert Brothers LLP) the claim is rendered a single claim under 28 U.S.C. §1452 and not separate and distinct capable of being severed.  (*In re Red Ash Coal & Coke Corp.* 83 B.R. 399 (1988 W.D. Va.) Indeed, this is why this matter is proper in the home court of the bankruptcy estate where all matters can be decided during a single proceeding.

**5.    The predominance of state law issues and non-debtor parties**

Federal courts may give deference to a state court when a case presents unsettled issues of state law.  Here, however, SenoRx's entire case rests on a single

20

negligence claim for legal malpractice.  Although SenoRx attempts to argue that California Corporations Code in relation to the non-debtor Individual Partner Defendants alleged guarantee of damages if any awarded against Coudert Brothers LLP is both unsettled and unique because there is no state authority directly on point, this does not matter.  (*See In re Chicago, Milwaukee, St. Paul & Pac. R. Co.,* 6 F.3d 1184, 1189 (7th Cir. N.D. Ill. 1993) ("If a state law issue is not unsettled, or if there is no state authority directly on point, then the bankruptcy court is qualified to resolve the issue, and there is no need to refer it to a state court.");  SenoRx's single claim for legal malpractice does not present a novel area of state law.  Accordingly, equitable remand is not appropriate.  There is no unique or unsettled issue of state law that warrants abstention based on comity concerns.

      **6.**      **There will be no prejudice to other parties should this matter not be remanded.**

      The right to a jury trial is a neutral factor as both the state and federal courts can provide a trial by jury.  (*In re Pac. Gas & Elect. Co*, 279 B.R. 561, 571 (Bankr. N.D. Cal. 2002).  Moreover, by filing proof of claim, SenoRx submits to the historically equitable jurisdiction of the Bankruptcy Court, governed by 28 USCS § 157, so there is no right to jury trial.  (*In re Honeycomb, Inc.* (1987, BC SD NY) 72 BR 371; See also, *Holcomb Health Care Servs., LLC v Quart Ltd., LLC* (*In re Holcomb Health Care Servs.*, LLC) (2004, BC MD Tenn) 329 BR 622 -- Defendants in an adversary proceeding in bankruptcy were not entitled to jury trial,

21

1    or if jury was properly demanded, such demand was waived by numerous actions,

2    including the fact that one of defendants filed a proof of claim, thereby consenting to

3
4    bankruptcy court's jurisdiction.)

5        The fact that SenoRx's lawyers are in California is irrelevant.  To the extent

6    the location of SenoRx's lawyers is a legitimate consideration at all, it would be

7    relevant only in the context of transfer, not remand.  Numerous cases reject the

8
9    notion that convenience of counsel is a legitimate concern even for a transfer

10   motion.  (*See, e.g., Solomon v. Continental American Life Ins. Co.,* 472 F.2d 1043,

11   1047 (3d Cir. N.J. 1973); *Tracy v. Consolidated R. Corp.,* 723 F. Supp. 1051, 1053

12
13   (D. Del. 1989); *Geo. F. Martin Co. v. Royal Ins. Co. of Am.*, 2004 U.S. Dist. LEXIS

14   8927, at *7 n.3 (N.D. Cal. May 14, 2004).

15
16       The pending action is not a lawsuit between two California residents, but one

17   with witnesses scattered across the country mostly on the East Coast (e.g., the 48

18   Individual Partner Defendants all reside on the East Coast).  Indeed, SenoRx itself is

19
20   incorporated in Delaware.  SenoRx will in no way be prejudiced by litigating the

21   pending action in the United States District Court.  (*See, e.g., Renaissance*

22   *Cosmetics, Inc. v. Development Specialists, Inc.*, 277 B.R. 5, 19-20 (S.D.N.Y. 2002)

23
24   (denying debtor's attempt to remand action to state court in part because

25   conveniences of modern travel and communication technology have made it more

26
27   difficult to argue that litigating in a particular forum is inconvenient for the parties

28

---

22

and witnesses).  Therefore, there will be no prejudice to SenoRx by denying its

motion for remand of abstention.

As established above, the consideration of the six equitable factors utilized to

determine whether equitable remand is appropriate all weigh in favor of a federal

forum for this action.  Therefore, this matter should not be remanded.

## VI.    CONCLUSION

This court has proper jurisdiction over this matter, abstention is inapplicable

to this matter, and the equitable factors to determine whether remand is appropriate

weigh in favor of federal jurisdiction.  Therefore, Coudert Brothers LLP and the

Individual Partner Defendants respectfully request that this court deny SenoRx's

request for remand and/or abstention.

Dated: April 6, 2007                    WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP


By:           /s/
    Martin K. Deniston
    Diana M. Estrada
    Attorneys for Defendant
    COUDERT BROTHERS LLP and
    Defendants identified in Exhibit 1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within action.  My business address is 555 South Flower Street, Suite 2900, Los Angles, CA 90071.

On **April 6, 2007**, I served the **DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTON TO REMOVAL AND MOTION TO REMAND OR ABSTAIN** on the interested parties in this action by placing  XX  a true copy ____ the original thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Law Offices of Michael J. Piuze | **Attorney for Plaintiff** |
| Michael J. Piuze, SBN 51342 | **Senorx, Inc.** |
| Geraldine Weiss, SBN 168455 | |
| 11755 Wilshire Blvd., Suite 1170 | Ph: 310-312-1102 |
| Los Angeles, California 90025 | Fx: 310-473-0708 |

**[X] BY OVERNIGHT MAIL**  I placed true and correct copies of said document(s) in sealed envelopes addressed as stated on the attached service list and caused such envelopes to be sent by overnight mail via Federal Express.

X  **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 6, 2007**, at Los Angeles, California.


Kathleen Spendlove                      /s/

DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN
538514.1