LAW OFFICES OF MICHAEL J. PIUZE
Michael J. Piuze, SBN 51342
Geraldine Weiss, SBN 168455
Holly L. Hostrop, SBN 108403
11755 Wilshire Blvd., Suite 1170
Los Angeles, California 90025
Telephone: (310) 312-1102
Facsimile: (310) 473-0708
Email address dweiss@mjplaw.net

Attorneys for Plaintiff SenoRx, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>COUDERT BROTHERS, LLP; and DOES 1-500, inclusive,<br><br>    Defendants. | CASE NO. C 07-01075 SC<br><br>**PLAINTIFF SENORX, INC.'S AMENDED REPLY MEMORANDUM IN OPPOSITION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN**<br><br>Date: April 27, 2007<br>Time: 10:00 am<br>Ctrm: 1<br>Judge: **Honorable Samuel Conti**<br><br>Complaint Filed: October 27, 2004 |

# I. INTRODUCTION

Contrary to Defendants' assertions in their Opposition papers, at the very least, Plaintiff SenoRx, Inc.'s claims against the nondebtor Individual Partner Defendants should be remanded to the California Superior Court on the following grounds:

1. Plaintiffs' claim against the Individual Partner Defendants is not a "core" proceeding;

2. Remand of this motion would not violate the automatic stay because the Individual Partner Defendants are nondebtors and this action is not subject to the automatic stay as to the Individual Partner Defendants;

3. Whether or not SenoRx consented to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York in the Coudert Brothers LLP bankruptcy case by filing a proof of claim is irrelevant as to the propriety of remanding Plaintiffs' claim against the Individual Partner Defendants, because they are not parties to that action;

4. As set forth in Plaintiff's moving papers, remand based upon equitable grounds and/or abstention is proper.

Plaintiff's claims against the Individual Partner Defendants should be remanded to the California Superior Court in which they were originally and properly filed.

# II. LEGAL ARGUMENT

## A. PLAINTIFF'S ACTION AGAINST THE INDIVIDUAL PARTNER DEFENDANTS IS NOT A "CORE" PROCEEDING

A bankruptcy court has original and exclusive jurisdiction over bankruptcy cases. See 28 U.S.C. § 1334(a). The bankruptcy court's exclusive jurisdiction encompasses "all matters connected with the bankruptcy estate." Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1083 (9th Cir. 2000) (quoting Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995)). In Gruntz, the Ninth Circuit further explained that exclusive jurisdiction exists over "core" proceedings. See Gruntz, 202 F.3d at 1081 ("[T]he separation of "core"

and "non-core" proceedings . . . creates a distinction between those judicial acts deriving from the plenary Article I bankruptcy power and those subject to general Article III federal court jurisdiction."); see also 28 U.S.C. § 157. A "'core proceeding' is one 'that invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" Gruntz, 202 F.3d at 1081 (quoting Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). Put another way, "core" proceedings are those that "arise under the Bankruptcy Code or arise in a bankruptcy case." McCowan v. Fraley (In re McCowan), 296 B.R. 1, 3 (9th Cir. BAP 2003).

Plaintiff does not dispute that adjudication of the **proof of claim** that it filed against Debtor Coudert Brothers LLP is a "core proceeding," because a "proof of claim" only arises in a bankruptcy proceeding. However, Plaintiff strenuously disputes that its action against the Individual Partner Defendants for professional malpractice is a "core proceeding" under the Bankruptcy Code. Plaintiff's malpractice claim against the Individual Partner Defendants is most certainly not one that "could only arise in the context of a bankruptcy proceeding."

In their Opposition papers, Defendants argue that by filing a proof of claim against Defendant Coudert Brothers LLP in the Coudert Brothers LLP bankruptcy case thereby consenting to the jurisdiction of said Court **as to Plaintiff's claim against Coudert Brothers LLP only**, Plaintiff has also consented to the jurisdiction of said Court over Plaintiff's claim against the Individual Partner Defendants. The Individual Partner Defendants also argue that by filing this proof of claim, Plaintiff's claim against the nondebtor Individual Partner Defendants has somehow been transformed into a "core" bankruptcy proceeding. Nonsense.

Not one single case cited by Defendants holds that by filing a proof of claim in a debtor's bankruptcy case, a plaintiff also consents to the jurisdiction of the bankruptcy court to hear claims that a plaintiff may have against nondebtors. Nor do Defendants cite to a single case in which the filing of a proof of claim in a debtor's bankruptcy case

1 transforms a plaintiff's claims against a nondebtor into a "core" bankruptcy proceeding.

2 These arguments by Defendants in opposition to Plaintiff's motion for remand may
3 be summarily dismissed by this Court.

4 Without citation to any admissible evidence whatsoever, Defendants claim in their
5 Opposition papers that "most if not all of the Individual Partner Defendants have filed
6 proofs of claim with the bankruptcy court regarding their intention to seek indemnity from
7 Coudert Brothers LLP for this claim." Defendants' Opposition at pp. 10. Ignoring the clear
8 conflict of interest of the law firm of Wilson, Elser, Moskowitz, Edleman & Dicker
9 representing both Defendant Coudert Brothers LLP and the Individual Partner Defendants,
10 given that the Individual Partner Defendants have allegedly filed proofs of claim against
11 Coudert Brothers, such a statement is made completely without providing this Court with
12 any admissible supporting evidence. Thus, whether or not the Individual Partner
13 Defendants have or have not filed proofs of claim should be ignored by this Court in ruling
14 on Plaintiff's motion for remand.

15 Defendants spend a considerable amount of time and space in their Opposition
16 papers trying to convince this Court that it has jurisdiction of this matter under 28 U.S.C.
17 § 1452 which provides for the removal of claims related to bankruptcy cases. Even if this
18 Court determines that it has jurisdiction of Plaintiff's action against the nondebtor Individual
19 Defendants as an action "related to" the bankruptcy proceedings, ***"Congress has***
20 ***explicitly provided for courts to find that those matters are more properly***
21 ***adjudicated in state court***." Williams v. Shell Oil Co., 169 B.R. 684, 690 (S.D. Cal. 1994).
22 Section 1452(b) provides for such equitable remand:

23 "The court to which such claim or cause of action is removed may remand
24 such claim or cause of action on any equitable ground. An order entered
25 under this subsection remanding a claim or cause of action, or a decision to
26 not remand, is not reviewable by appeal or otherwise by the court of appeals
27 under section 158(d), 1291, or 1292 of this title or by the Supreme Court of

28

the United States under section 1254 of this title."

As set forth in Plaintiff's moving papers, regardless of this Court's jurisdiction over Plaintiff's claim against the Individual Partner Defendants on the basis that it is "related to" Debtor Coudert Brothers LLP's bankruptcy proceedings, this Court should remand Plaintiff's claim against the Individual Partner Defendants on equitable grounds. See, e.g., Williams, 169 B.R. at 692–93.

### B. THE AUTOMATIC STAY DOES NOT APPLY TO PLAINTIFF'S CLAIM AGAINST THE INDIVIDUAL PARTNER DEFENDANTS

Defendants claim that remand of this action should be denied, because of the automatic stay provisions of 11 U.S.C. 362(a). The automatic stay, however, is not a refuge for nondebtor parties to resist an action against property that is neither property of the estate nor of the Debtor. Here, Plaintiff's claim against the Individual Partner Defendants is neither a claim against the property of Debtor Coudert Brothers LLP's estate, nor against Coudert Brothers LLP. Thus, the automatic stay provisions of Section 362(a) do not apply to Plaintiff's claim against the Individual Partner Defendants.

The automatic stay serves several purposes. The stay gives a debtor a breathing spell from creditors by stopping all collection efforts and all foreclosure actions. Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) (citation omitted). In this respect, the stay permits the debtor to attempt a repayment or reorganization plan; or it simply relieves the debtor of the financial pressures that drove him into bankruptcy. Id. at 1204. The stay also protects creditors by preventing particular creditors from acting unilaterally to obtain payment from a debtor to the detriment of other creditors. Id. (citation omitted).

Although the scope of the automatic stay is broad, the clear language of Section 362(a) stays actions only against a "debtor." Association Of St. Croix Condominium Owners v. St.

1  Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982). As a consequence, "[i]t is universally
2  acknowledged that an automatic stay of proceedings accorded by § 362 may not be
3  invoked by
4  entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual
5  nexus to the . . . debtor." Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196-97
6  (6th Cir. 1983)); see also, United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491-93
7  (9th Cir. 1993) (holding
8  that stay does not preclude government from pursuing deficiency judgment against
9  nondebtor cosignors of promissory note); Croyden Associates v. Alleco, Inc., 969 F.2d
10 675, 677 (8th Cir. 1992) (refusing to extend stay to claims against solvent codefendants),
11 *cert. denied sub nom*, Harry and Jeanette Weinberg Foundation, Inc. v. Croyden
12 Associates, 507 U.S. 908 (1993); Credit Alliance Corp. v. Williams, 851 F.2d 119, 121-22
13 (4th Cir. 1988) (enforcing a default judgment entered against a nondebtor guarantor of a
14 note during the pendency of the corporate obligor's bankruptcy).

### III. CONCLUSION

16 Plaintiff's claims for relief asserted against Defendant Coudert Brothers, LLP and
17 the Individual Partner Defendants in this adversary proceeding are non-core proceedings.
18 The automatic stay does not apply to nondebtor Individual Partner Defendants.
19 As set forth herein and in Plaintiff SenoRx, Inc.'s moving papers, In the interest of
20 comity with the State court and respect for State law, on equitable grounds, and to
21 preserve scarce judicial resources, Plaintiff's removed claim against the Individual Partner
22 Defendants in this adversary proceeding should be remanded to the Superior Court of the
23 State of California, County of San Francisco, pursuant to the Court's broad authority.
24 Dated: April 13, 2007.                    LAW OFFICES OF MICHAEL J. PIUZE

26                                          By: _____
27                                               Holly L. Hostrop
                                                 Attorney for Plaintiff SenoRx, Inc.
28

PLAINTIFF SENORX, INC.'S REPLY MEMORANDUM IN OPPOSITION TO REMOVAL AND MOTION TO REMAND OR ABSTAIN
CASE NO. C -01075 SC                    5