Martin K. Deniston (State Bar No. 106737)
Diana M. Estrada (State Bar No. 212702)
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
Coudert Brothers LLP and Defendants identified in Exhibit 1

LAW OFFICES OF MICHAEL J. PIUZE
Michael J. Piuze, SBN 51342
Geraldine Weiss, SBN 168455
11755 Wilshire Boulevard, Suite 1170
Los Angeles, California 90025
Telephone: (310) 312-1102
Facsimile: (310) 473-0708

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC., <br><br> Plaintiff, <br><br> v. <br><br> COUDERT BROTHERS, LLP, and DOES 1 – 500, <br><br> Defendants. | Case No: C 07-01075 SC <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER PURSUANT** <br><br> **Date:       June 8, 2007** <br> **Time:      10:00 a.m.** <br> **Courtroom: 1** <br> **Judge: Honorable Samuel Conti** |

SenoRx and the Individual Partner Defendants, as identified in Exhibit "1"

attached hereto, jointly submit this Case Management Statement and Proposed

Order and request the Court to adopt it as its Case Management Order in this case.

1
Joint Case Management Statement and Proposed Order

551942.2

# DESCRIPTION OF THE CASE

**1. A brief description of the events underlying this action:**

**Factual:**

On October 27, 2004, Plaintiff SenoRx, Inc. commenced this action for legal malpractice in the Superior Court of the State of California for the County of San Francisco, captioned *SenoRx, Inc. vs. Coudert Brothers, LLP, and Does 1-500,* CGC 04435849. The legal malpractice action arises from Coudert Brothers LLP's alleged failure to timely render legal services relating to the filing of patent applications for SenoRx. Specifically, SenoRx claims that Coudert Brothers LLP was retained by SenoRx in 2001 to file patent applications for medical equipment. SenoRx claims it was damaged when three patent applications were not timely filed by Coudert Brothers. The relevant dates are May 20, 2003 (PCT/US/01/4303), June 28, 2003 (PCT/US/01/49295) and June 29, 2003 (PCT/US/01/48233). It is SenoRx's contention that these patents could not be revived in the Japanese market. SenoRx sustained millions of dollars in damages.

**Procedural:**

On October 26, 2005, on November 3, 2005, and on January 25, 2006, SenoRx filed Doe amendments with respect to the Complaint for purposes of substituting specifically named individual defendants for fictitiously named defendants. SenoRx contends that thirty two are California former limited liability partners of Coudert Brothers LLP who may not have rendered services to SenoRx.

Joint Case Management Statement and Proposed Order
551942.2

The appearing Individual Partner Defendants identified in Exhibit "1" contend that they are former limited liability partners of Coudert Brothers LLP, none of whom are California residents or rendered any services to SenoRx and they are being sued as guarantors by SenoRx in this matter. Although SenoRx agrees that the appearing Individual Partner Defendants are former limited liability partners of Coudert Brothers LLP, and are not California residents, SenoRx's position is that these appearing Individual Defendant Partners may or may not have rendered services to SenoRx.

On September 22, 2006, Coudert Brothers LLP filed a Chapter 11 Bankruptcy Petition, in the United States Bankruptcy Court for the Southern District of New York entitled <u>In re Coudert Brothers LLP</u>, Case No. 06-12226. Accordingly, at the time this matter was automatically stayed as to Coudert Brothers LLP pursuant to 11U.S.C. § 362(a). The stay as to Coudert Brothers LLP remains in effect to this day.

Thereafter, SenoRx filed a Fourth Amended Complaint on November 8, 2006. The Appearing Individual Partner Defendants demurred to the Fourth Amended Complaint. On January 23, 2007, the San Francisco Superior Court overruled the Appearing Individual Partner Defendants' demurrer to the Fourth Amended Complaint because the court would need to consider facts outside of the 4-corners of the Fourth Amended Complaint (which would be a task beyond the scope of a demurrer) in order to determine California Corporations Code § 16956's

applicability in the context of this case which the court noted was more appropriate in a summary judgment motion and accordingly invited such a motion.

On January 31, 2007, SenoRx filed a proof of claim in the Coudert Brothers LLP bankruptcy case seeking the same recovery as the claim set forth in the Fourth Amended Complaint.

On February 21, 2007, this action was removed pursuant to the provisions of 28 U.S.C. Sections 1452 and 1334 and Bankruptcy Rule 9027. Defendants filed the removal in light of the fact that SenoRx filed a $25,000,000 plus proof of claim on January 31, 2007, with the bankruptcy court in the Southern District of New York.

Although SenoRx thereafter sought to have this matter remanded back to state court, this Court issued an Order on May 24, 2007, denying SenoRx's motion to remand.

**2.     The principal factual issues which the parties dispute:**

The parties dispute the fact that Coudert Brothers LLP was responsible for the missed patent deadlines and propriety of the inclusion of the DOE defendants in the case.

**3.     The principal legal issues which the parties dispute:**

**Individual Partner Defendants' Position:**

It is the Appearing Individual Partner Defendants' position that it is premature to litigate this matter and accordingly premature for any type of disclosures or discovery at this point because: (1) the Individual Partner

4
Joint Case Management Statement and Proposed Order

551942.2

Defendants are being sued as guarantors if there is a finding of liability for malpractice against Coudert Brothers LLP; and (2) this matter is stayed as to Coudert Brothers LLP, pursuant to 11 U.S.C. § 362(a). Coudert Brothers LLP is an indispensable party to this action as there can be no finding of liability against the Individual Partner Defendants until there is: (1) a finding of liability against Coudert Brothers LLP; (2) a subsequent damages assessment against Coudert Brothers LLP based on the liability finding; and (3) a finding that Coudert Brothers cannot satisfy the self-insured-retention under the insurance policy applicable to this case. This necessarily involves a determination of the extent of Coudert Brothers LLP's liability for legal malpractice in this action, which cannot happen at this point due to the stay. Indeed, the Individual Partner Defendants are not being sued for malpractice. They are being sued squarely as guarantors. Accordingly, this matter is not yet ready for initial disclosures.

The discovery relevant in this matter, including discovery on the above inquiries, which necessarily includes discovery regarding Coudert Brothers LLP's insurance coverage and self-insured-retention, is discovery that would be directed to and from Coudert Brothers LLP, and this matter is currently stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. Section 362. Moreover, the estimation of such liabilities is a mandatory obligation of the Bankruptcy Court. A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 1012 (4th Cir. 1986). Therefore, any discovery activities, including disclosures should be deferred to after this matter is

properly transferred to the Southern District of New York where SenoRx filed its proof of claim against Coudert Brothers LLP and/or until SenoRx is able to proceed with their claim against Coudert Brothers LLP. Indeed, SenoRx's desire to engage in discovery regarding Coudert Brothers LLP's insurance proceeds falls squarely within the jurisdiction of the Bankruptcy Court as it involves the Coudert Brothers LLP's bankruptcy estate.

**SenoRx's Position:**

First, SenoRx believes that a legal malpractice case involving a California medical device manufacturer plaintiff and California lawyer defendants based on events that occurred in California that will utilize California law should be tried in California and not in the Southern District of New York. Appearing Individual Defendants all claim that they rendered no services to SenoRx.

Second, SenoRx believes that a determination of California Corporations Code § 16956's applicability in the context of this case (admittedly one of first impression) should be made in California and not in the Southern District of New York. The meaning of California statutes and potentially the intent of the California legislature should be determined in California and not be determined in the Southern District of New York.

Third, SenoRx believes that discovery regarding Coudert Brothers LLP's liability insurance information should occur immediately. It is possible that this

discovery would result in SenoRx's decision to limit its recovery to available liability insurance policy limits.

Due to the stay on certain discovery in the State Court, it has never been established: (1) whether the applicable self insured retention is $3 million or $5 million; (2) exactly how the self insured retention applies (will the insurance be paid up to the applicable policy limits after deducting the self insured retention or must the self insured retention have been paid before the remainder of the insurance policy limits are paid); and (3) what insurance policy limits apply to this lawsuit.

Once these issues are resolved, SenoRx may decide to limit its claim against Coudert Brothers LLP to the available insurance coverage. This case could then be removed from the United States Bankruptcy Court. The resources of the Bankruptcy Court and the United States District Court would no longer be burdened with this litigation.

Fourth, SenoRx does not agree that there can be no finding of liability against Individual Partner Defendants until a finding of liability, a determination of damages, and especially a finding that Coudert Brothers LLP cannot satisfy the self insured retention has been made. Some Individual Partner Defendants may be independently and directly liable. If so, their liability for damages is independent of Coudert's satisfaction of its self insured retention.

//

**4. The other factual issues** *[e.g. services of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

**SenoRx's Position:**

SenoRx contends that service by mail was attempted on all individual defendants who were partners at Coudert. Out of state defendants appeared and demurred based on their claimed status as limited liability partners. While their demurrer was pending, no further expense was incurred in personally serving in state defendants (all Coudert partners) who would raise the same issue. After the final demurrer was overruled defendants who had appeared removed this case to Federal Court.

SenoRx contends that discovery of insurance information was stayed by the state court while the serial demurrers were pending. See above.

Senorx contends that full discovery of the direct involvement of Individual Partner Defendants was also stayed by the state court. It is still unknown whether the California Individual Partner Defendants were exclusively involved in the malpractice (likely) or whether non California Individual Partner Defendants were also involved (less likely).

SenoRx contends that its filing of a Proof of Claim in the Bankruptcy Court chosen by Coudert Brothers LLP does not constitute a consent to jurisdiction or venue in the Southern District of New York.

8
Joint Case Management Statement and Proposed Order
551942.2

**Individual Partner Defendants' Position:**

It is the Individual Partner Defendants position that SenoRx consented to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York by the filing of its proof of claim in the United States Bankruptcy Court for the Southern District of New York.

Further, it is the Individual Partner Defendants' position that the denial of SenoRx's motion to remand, confirmed that this matter was properly removed by the debtor Coudert Brothers LLP, joined by the Individual Partner Defendants, to the United States District Court as a necessary first step in having it transferred to the Bankruptcy Court for the Southern District of New York. Therefore, debtor Coudert Brothers LLP, joined by the Individual Partner Defendants will now move to have this matter transferred to the Bankruptcy home court in the Southern District of New York.

The large amount of money at stake in this litigation has the potential to greatly reduce the bankruptcy estate and constitutes a significant potential liability for the debtor. The estimation of such liabilities is a "mandatory obligation of the bankruptcy court" A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 1012 (4th Cir. 1986). In addition, this Court also noted that the proof of claim filed by SenoRx concerned the same transactions as this case and that the Individual Partner Defendants have been named as guarantors of the firm's liabilities. As such, any action against the Individual Partners will necessarily inquire into the liability of

the debtor, Coudert Brothers LLP first, and whether its insurance is sufficient to cover SenoRx's claims.  Accordingly, it is the position of the Individual Partner Defendants that this matter should be transferred to the Southern District of New York where the bankruptcy home court is located.

**5.     The parties which have not been served and the reason:**

It is SenoRx's position that the state court's ruling on out of state individual partner defendants would be binding on individual California partner defendants.  The expense of personally serving several dozen individual defendants was deferred until the court's final ruling.  Once that occurred this case was removed to Federal Court.

**6.     The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

It is SenoRx's position that at present, no parties who have not been previously named as defendants should be joined.

It is the Individual Partner Defendants' position that a third party complaint may be filed against Edward Lynch, the partner at Coudert Brothers LLP, who was allegedly negligent in the representation of SenoRx but not named by SenoRx; however, it is premature based on the fact that until there is a finding of liability and judgment against Coudert Brothers LLP and a showing that Coudert Brothers LLP cannot satisfy that judgment, the action should not proceed against the Individual Defendant Partners, and accordingly may not be ripe against Edward Lynch.

**7.     The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:** The parties do not consent to the assignment of this case to a United States Magistrate Judge.

## ALTERNATIVE DISPUTE RESOLUTION

8.

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(date)* <u>May 18, 2007</u>.

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for _____.

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process that the parties jointly request [or a party separately requests] is _____.

**9.     Please indicate any other information regarding ADR process or deadline:**

It is the Individual Partners Defendants' position that mediation at this point and time is premature for the same reasons set forth above regarding discovery

1 activities in this matter being premature. SenoRx will be guided by the Court on

2 this issue. This was all set forth in the ADR Stipulation.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures*:***

The parties have agreed to defer disclosures at this time. SenoRx's position is that it will defer disclosures pending discussion at the Case Management Conference. The Individual Partner Defendants' position regarding disclosures is set forth above in Section 3. Individual Partner Defendants' have also set forth their position regarding disclosures in their Rule 26(f) Report filed concurrently with this statement.

## DISCOVERY

**11. The parties agree to the following discovery plan:**

**SenoRx's Position:**

It is SenoRx's position that discovery be conducted regarding the liability insurance related issues discussed in Section 3. This discovery should be concluded within the next 6 months.

**Individual Partner Defendants' Position:**

It is the Individual Partner Defendants' position, as set forth in more detail above in Section 3 and in the Individual Partner Defendants' Rule 26(f) report, that no discovery should be conducted at this point. Discovery regarding liability insurance issues is discovery appropriately addressed to Coudert Brothers LLP, not

the Individual Partners Defendants. This matter is currently stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. Section 362. Again, none of the Individual Partner Defendants were involved in the alleged malpractice and are instead being sued <u>as guarantors</u> to the extent there is: (1) a finding of liability against Coudert Brothers LLP; (2) a subsequent damages assessment against Coudert Brothers LLP based on the liability finding; and (3) a finding that Coudert Brothers cannot satisfy the self-insured-retention under the insurance policy applicable to this case. Discovery regarding these inquiries is appropriately addressed by Coudert Brothers LLP. Also, discovery activities should be deferred to after this matter is properly transferred to the Southern District of New York where SenoRx filed its proof of claim against Coudert Brothers LLP.

## TRIAL SCHEDULE

**12. The parties request a trial date as follows:**

Plaintiff requests a trial date of May 2008.

It is the Individual Partner Defendants' position that because this matter is currently stayed as to an indispensable party, Coudert Brothers LLP, no trial date can be requested or set at this point.

//

//

//

//

**13.   The parties expect that the trial will last for the following number of days:**

SenoRx believes that the trial will be Approximately 20 days.

Dated:   6/1/07                              /s/

Diana M. Estrada


Dated:   6/1/07                              /s/

Geraldine Weiss

CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:


Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

# EXHIBIT 1

## Case No.:   C 07-01075 SC
## SENORX V. COUDERT BROTHERS LLP AND DOES 1 - 500

| | |
|---|---|
| Charles E. Aster, | Darrell Prescott, |
| Steven H. Becker, | Clyde E. Rankin, III, |
| Pamela T. Church, | Richard Reilly, |
| Charles H. Critchlow, | Thomas Rice, |
| Edmund S. Cohen, | Olga Sirodoeva, |
| Jeffrey E. Cohen, | James B. Sitrick, |
| James C. Colihan, | Roger D. Stark, |
| William K. Coulter, | Carol B. Stubblefield |
| Richard N. Dean, | Edward H. Tillinghast, III, |
| Richard De Palma, | Mary F. Voce, |
| Robert L. Eisen, | Charles H. Wagner, |
| Joseph Farrell, | Roger B. Wagner, |
| Kay Georgi, | Christopher M. Wells, |
| Tara K. Giunta, | Anthony Williams, |
| Kevin W. Goering, | Philippe Bennett |
| Deborah Goldstein, | |
| John M. Gurley, | |
| Michael J. Hagan, | |
| Robert E. Hanlon, | |
| Gerard V. Hannon, | |
| Andrew Hedden, | |
| Janet Hernandez, | |
| Stephen M. Hudspeth, | |
| W. Michael Kelly, | |
| Frederick P. Konta, | |
| George J. Martin, Jr., | |
| Edwin S. Matthews, Jr., | |
| Brian McGunigle, | |
| Barry Metzger, | |
| Owen Nee, | |
| Marilyn S. Okoshi, | |
| Richard M. Ornitz, | |
| Kenneth R. Page, | |
| Robert F. Pietrowski, Jr., | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
Joint Case Management Statement and Proposed Order

551942.2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2900, Los Angles, CA 90071.

On **June 1, 2007**, I served the **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** on the interested parties in this action by placing  XX  a true copy _____ the original thereof enclosed in a sealed envelope addressed as follows:

| Law Offices of Michael J. Piuze<br>Michael J. Piuze, SBN 51342<br>Geraldine Weiss, SBN 168455<br>11755 Wilshire Blvd., Suite 1170<br>Los Angeles, California 90025 | **Attorney for Plaintiff**<br>**Senorx, Inc.**<br><br>Ph: 310-312-1102<br>Fx: 310-473-0708 |
|---|---|

**[ X ]** (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 X   (**Federal**)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 1, 2007**, at Los Angeles, California.

Kathleen Spendlove                                        /s/

2
Joint Case Management Statement and Proposed Order

551942.2