Martin K. Deniston (State Bar No. 106737)
Diana M. Estrada (State Bar No. 212702)
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
Coudert Brothers LLP and Defendants identified in Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC., | Case No: C 07-01075 SC |
| Plaintiff, | |
| v. | **DEFENDANTS' REPORT PURSUANT TO FEDERAL RULES OF CIVIL PROCEUDRE RULE 26(f)** |
| COUDERT BROTHERS, LLP, and DOES 1 – 500, | |
| Defendants. | Date:         June 8, 2007 |
| | Time:        10:00 a.m. |
| | **Courtroom: 1** |
| | **Judge: Honorable Samuel Conti** |

Pursuant to the Court's Order Setting Case Management Conference, the parties have met and conferred pursuant to Rule 26(f) and Defendants, Charles E. Aster, Steven H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, William K. Coulter, Richard N. Dean, Richard De Palma, Robert L. Eisen, Joseph Farrell, Kay Georgi, Tara K. Giunta, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan,

Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Janet Hernandez, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Owen Nee, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Robert F. Pietrowski, Jr., Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, Olga Sirodoeva, James B. Sitrick, Roger D. Stark, Edward H. Tillinghast, III, Charles H. Wagner, Roger B. Wagner, Christopher M. Wells, Anthony Williams, Mary F. Voce, John M. Gurley, and Carol B. Stubblefield (hereinafter referred to as "Individual Partner Defendants") hereby submit their Rule 26(f) Report.

## A. Introduction:

Based upon the unique circumstance of this case, this introduction has been included to provide the Court with an understanding of the contextual background of this matter.

On October 27, 2004, Plaintiff SenoRx, Inc. commenced this action for legal malpractice in the Superior Court of the State of California for the County of San Francisco, captioned *SenoRx, Inc. vs. Coudert Brothers, LLP, and Does 1-500,* CGC 04435849. The legal malpractice action arises from Coudert Brothers LLP's alleged failure to timely render legal services relating to the filing of patent applications for SenoRx. The original Complaint was filed by Plaintiff SenoRx on October 27, 2004. On November 3, 2005, and on January 25, 2006, SenoRx filed Doe amendments with respect to the Complaint for purposes of substituting

specifically named individual defendants for fictitiously named defendants. On those dates, SenoRx named Doe defendants, including the Individual Partner Defendants who are former limited liability partners of Coudert Brothers LLP and none of whom are California residents or rendered any services to SenoRx. Notably, SenoRx has only served the named Doe defendants that reside on the East Coast (e.g., New York, Connecticut, Maryland, Washington, D.C., etc.). None of the other Doe defendants have been served.

In March 2006, a demurrer was filed on behalf of the Individual Partner Defendants, arguing that the partners of a limited liability partnership who were <u>not</u> involved in the provision of services to SenoRx have no vicarious liability for the liabilities of the partnership with respect to such services. The court sustained this demurrer, and sustained three subsequent demurrers on the same grounds, each time giving SenoRx leave to amend its complaint.

On September 22, 2006, Coudert Brothers LLP filed a Chapter 11 Bankruptcy Petition, in the United States Bankruptcy Court for the Southern District of New York entitled <u>In re Coudert Brothers LLP</u>, Case No. 06-12226. Accordingly, at the time this matter was automatically stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. § 362(a). The stay as to Coudert Brothers LLP remains in effect to this day. Thereafter, SenoRx filed a Fourth Amended Complaint on November 8, 2006. The Individual Partner Defendants demurred to the Fourth Amended Complaint. On January 23, 2007, the San Francisco Superior

1  Court overruled the Individual Partner Defendants' demurrer to the Fourth
2  Amended Complaint because the court would need to consider facts outside of the
3
4  4-corners of the Fourth Amended Complaint (which would be a task beyond the
5  scope of a demurrer) in order to determine California Corporations Code § 16956's
6  applicability in the context of this case which the court noted was more appropriate
7
8  in a summary judgment motion and accordingly invited such a motion.
9  　　　　On January 31, 2007, SenoRx filed a proof of claim in the Coudert Brothers
10
11 LLP bankruptcy case seeking the same recovery as the claim set forth in the Fourth
12 Amended Complaint.
13 　　　　Pursuant to Bankruptcy Rule 9006(b)(1), the time within which Civil
14
15 Actions may be removed under 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)
16 was extended by 90 days, through and including March 21, 2007, by United States
17 Bankruptcy Judge Robert D. Drain of the Southern District of New York.  Indeed,
18
19 the purpose of this extension was to allow matters such as this to be transferred to
20 the Bankruptcy home court in the Southern District of New York.
21 　　　　Accordingly, on February 21, 2007, this action was properly removed
22
23 pursuant to the provisions of 28 U.S.C. Sections 1452 and 1334 and Bankruptcy
24 Rule 9027, as a necessary first step in getting this matter transferred to New York.
25 The removal was filed in light of the fact that SenoRx filed a $25,000,000 plus
26
27 proof of claim on January 31, 2007, with the bankruptcy court in the Southern
28 District of New York.  SenoRx consented to the jurisdiction of the United States

Bankruptcy Court for the Southern District of New York by the filing of such a claim.

Although SenoRx thereafter sought to have this matter remanded back to state court, this Court issued an Order on May 24, 2007, denying SenoRx's motion to remand noting among other things that the large amount of money at stake in this litigation has the potential to greatly reduce the bankruptcy estate and constitutes a significant potential liability for the debtor. The estimation of such liabilities is a "mandatory obligation of the bankruptcy court" <u>A.H. Robbins Co. v. Piccinin</u>, 788 F.2d 994, 1012 (4th Cir. 1986). In addition, this Court also noted that the proof of claim filed by SenoRx concerned the same transactions as this case and that the Individual Partner Defendants have been named as guarantors of the firm's liabilities. As such, any action against the Individual Partners Defendants will necessarily inquire into the liability of the debtor, Coudert Brothers LLP first, and whether its insurance is sufficient to cover SenoRx's claims. Accordingly, this Court agreed that SenoRx's claims against the non-debtor partners are thus inextricably linked to its claims against the debtor, Coudert Borthers LLP.

As such, by denying SenoRx's motion to remand, this Court confirmed that this matter was properly removed by the debtor Coudert Brothers LLP, joined by the Individual Partner Defendants, to the United States District Court as a necessary first step in having it transferred to the Bankruptcy Court for the

Southern District of New York. Therefore, debtor Coudert Brothers LLP, joined by the Individual Partner Defendants will now move to have this matter transferred to the Bankruptcy home court in the Southern District of New York.

**B.      What Changes if Any Should Be Made to the Timing, Form, or Requirement of Initial Disclosures Under Rule 26(a)(1):**

The parties have stipulated that it is premature to engage in initial disclosures at this time. It is the Individual Partner Defendants' position that it is premature to litigate this matter and accordingly premature for any type of disclosures or discovery at this point because: (1) the Individual Partner Defendants are being sued as guarantors if there is a finding of liability for malpractice against Coudert Brothers LLP; and (2) this matter is stayed as to Coudert Brothers LLP, pursuant to 11 U.S.C. § 362(a). Coudert Brothers LLP is an indispensable party to this action as there can be no finding of liability against the Individual Partner Defendants until there is: (1) a finding of liability against Coudert Brothers LLP; (2) a subsequent damages assessment against Coudert Brothers LLP based on the liability finding; and (3) a finding that Coudert Brothers cannot satisfy the self-insured-retention under the insurance policy applicable to this case. This necessarily involves a determination of the extent of Coudert Brothers LLP's liability for legal malpractice in this action, which cannot happen at this point due to the stay. Indeed, the Individual Partner Defendants are not

being sued for malpractice. They are being sued squarely as guarantors. Accordingly, this matter is not yet ready for initial disclosures.

The discovery relevant in this matter, including discovery on the above inquiries, which necessarily includes discovery regarding Coudert Brothers LLP's insurance coverage and self-insured-retention, is discovery that would be directed to and from Coudert Brothers LLP, and this matter is currently stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. Section 362. Moreover, the estimation of such liabilities is a mandatory obligation of the Bankruptcy Court. A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 1012 (4th Cir. 1986). Therefore, any discovery activities, including disclosures should be deferred to after this matter is properly transferred to the Southern District of New York where SenoRx filed its proof of claim against Coudert Brothers LLP and/or until SenoRx is able to proceed with their claim against Coudert Brothers LLP. Indeed, SenoRx's desire to engage in discovery regarding Coudert Brothers LLP's insurance proceeds falls squarely within the jurisdiction of the Bankruptcy Court as it involves the Coudert Brothers LLP's bankruptcy estate.

**C.    The Subjects on Which Discovery May Be Needed to Be Completed, When That Discovery Should be Completed, and Whether It Should be Conducted In Phases Or Focused On Particular Issues:**

As set forth in more detail above, no discovery should be conducted at this point. The discovery relevant in this matter is discovery that would be directed to

1  and from Coudert Brothers LLP and this matter is currently stayed as to Coudert
2  Brothers LLP pursuant to 11 U.S.C. Section 362. None of the Individual Partner
3  Defendants were involved in the alleged malpractice and are instead being sued as
4  guarantors to the extent there is: (1) a finding of liability against Coudert Brothers
5  LLP; (2) a subsequent damages assessment against Coudert Brothers LLP based on
6  the liability finding; and (3) a finding that Coudert Brothers cannot satisfy the self-
7  insured-retention under the insurance policy applicable to this case. Also,
8  discovery activities should be deferred to after this matter is properly transferred to
9  the Southern District of New York where SenoRx filed its proof of claim against
10 Coudert Brothers LLP.

**D.  Any Issues Relating to Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced:**

As set forth in more detail above this issue is more appropriately addressed by Coudert Brothers LLP as the discovery relevant in this matter would be directed to and from Coudert Brothers LLP and this matter is currently stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. Section 362.

//
//
//
//

8
DEFENDANTS' REPORT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)
551782.2

**E. Any Issues Related to Claims of Privilege or of Protection of Trial Preparation Material, and If the Parties Agree Upon a Procedure to Assert Such Claims After Production, Whether to Seek a Court Order Adopting their Agreement:**

Again, as set forth in more detail above this issue is more appropriately addressed by Coudert Brothers LLP as the discovery relevant in this matter would be directed to and from Coudert Brothers LLP and this matter is currently stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. Section 362.

**F. What Changes if Any Should be Made to the Limitations on Discovery Imposed by Rule 26 or by Local Rule:**

As set forth in more detail above, no discovery should be conducted at this point and accordingly, it is necessarily premature to determine what if any changes should be made to the limitations on discovery imposed by Rule 26 or the Local Rules at this time. Also, such determinations regarding discovery activities should be deferred to after this matter is properly transferred to the Southern District of New York where SenoRx filed its proof of claim against Coudert Brothers LLP.

**G. Any Other Orders that Should be Entered Relating to Discovery Pursuant to Rule 26(c) or Under Rule 16(b) and (c):**

An order should be issued that this matter is stayed pending the transfer to the Southern District of New York where SenoRx filed its proof of claim against

1  Coudert Brothers LLP and/or until SenoRx is able to proceed with their claim

2  against Coudert Brothers LLP.

3

4  Dated: June 1, 2007                                    WILSON, ELSER, MOSKOWITZ,
                                                              EDELMAN & DICKER LLP
5

6

7                                                    By:        /s/
                                                              Martin K. Deniston
                                                              Diana M. Estrada
8                                                             Attorneys for Defendant
                                                              COUDERT BROTHERS LLP and
9                                                             Defendants identified in Exhibit

# EXHIBIT 1

## Case No.: C 07-01075 SC
## SENORX V. COUDERT BROTHERS LLP AND DOES 1 - 500

Charles E. Aster,
Steven H. Becker,
Pamela T. Church,
Charles H. Critchlow,
Edmund S. Cohen,
Jeffrey E. Cohen,
James C. Colihan,
William K. Coulter,
Richard N. Dean,
Richard De Palma,
Robert L. Eisen,
Joseph Farrell,
Kay Georgi,
Tara K. Giunta,
Kevin W. Goering,
Deborah Goldstein,
John M. Gurley,
Michael J. Hagan,
Robert E. Hanlon,
Gerard V. Hannon,
Andrew Hedden,
Janet Hernandez,
Stephen M. Hudspeth,
W. Michael Kelly,
Frederick P. Konta,
George J. Martin, Jr.,
Edwin S. Matthews, Jr.,
Brian McGunigle,
Barry Metzger,
Owen Nee,
Marilyn S. Okoshi,
Richard M. Ornitz,
Kenneth R. Page,
Robert F. Pietrowski, Jr.,
Darrell Prescott,

Clyde E. Rankin, III,
Richard Reilly,
Thomas Rice,
Olga Sirodoeva,
James B. Sitrick,
Roger D. Stark,
Carol B. Stubblefield
Edward H. Tillinghast, III,
Mary F. Voce,
Charles H. Wagner,
Roger B. Wagner,
Christopher M. Wells,
Anthony Williams,
Philippe Bennet

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2900, Los Angles, CA 90071.

On **June 1, 2007**, I served the **DEFENDANTS' REPORT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)** on the interested parties in this action by placing  XX  a true copy ___ the original thereof enclosed in a sealed envelope addressed as follows:

| Law Offices of Michael J. Piuze<br>Michael J. Piuze, SBN 51342<br>Geraldine Weiss, SBN 168455<br>11755 Wilshire Blvd., Suite 1170<br>Los Angeles, California 90025 | **Attorney for Plaintiff**<br>**Senorx, Inc.**<br><br>Ph: 310-312-1102<br>Fx: 310-473-0708 |
|---|---|

**[ X ]** (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 X  (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 1, 2007**, at Los Angeles, California.

Kathleen Spendlove                    /s/

---

1

Joint Case Management Statement and Proposed Order

551782.2