1  Martin K. Deniston (State Bar No. 106737)
   Diana M. Estrada (State Bar No. 212702)
2  **WILSON, ELSER, MOSKOWITZ,**
   **   EDELMAN & DICKER LLP**
3  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
4  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
5
   Attorneys for Defendant
6  Coudert Brothers LLP and Defendants identified in Exhibit 1

7                UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 SENORX, INC.,                      )  Case No: C 07-01075 SC
                                      )
11              Plaintiff,            )
                                      )
12 v.                                 )  **DEFENDANTS' NOTICE OF AND**
                                      )  **MOTION TO TRANSFER VENUE**
13 COUDERT BROTHERS, LLP, and         )  **PURSUANT TO 28 U.S.C. §1412**
   DOES 1 – 500,                      )
14                                    )
                Defendants.           )  **Date: August 17, 2007**
15                                    )  **Time: 10:00 a.m.**
                                      )  **Courtroom: 1**
16                                    )  **Judge: Honorable Samuel Conti**
                                      )
17                                    )
                                      )  **[Filed Concurrently with Declaration**
18 _____)  **of Diana M. Estrada]**

19

20 TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD:

21

22       PLEASE TAKE NOTICE that at 10:00 a.m. on August 17, 2007, or as soon

23 thereafter as the matter may be heard in the Honorable Samuel Conti's courtroom

24 (Courtroom 1) of the United States District Court for the Northern District of

25 California, 450 Golden Gate Avenue, 17th Floor, San Francisco, California,

26 defendants Coudert Brothers LLP (hereinafter referred to as "Coudert Brothers

27 LLP" and/or "debtor"), Charles E. Aster, Steven H. Becker, Philippe Bennett,

28 Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen,

                                      1

James C. Colihan, William K. Coulter, Richard N. Dean, Richard De Palma, Robert L. Eisen, Joseph Farrell, Kay Georgi, Tara K. Giunta, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Janet Hernandez, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Owen Nee, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Robert F. Pietrowski, Jr., Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, Olga Sirodoeva, James B. Sitrick, Roger D. Stark, Edward H. Tillinghast, III, Charles H. Wagner, Roger B. Wagner, Christopher M. Wells, Anthony Williams, Mary F. Voce, John M. Gurley, and Carol B. Stubblefield (hereinafter referred to as "Individual Partner Defendants") will move this Court, pursuant to 28 U.S.C. §1412, for an Order to transfer this matter to the United States District Court for the Southern District of New York, the district in which Coudert Brothers LLP's Chapter 11 Bankruptcy proceeding, entitled <u>In re Coudert Brothers LLP</u>, Case No. 06-12226, is currently pending.

      This motion is based on the accompanying memorandum in support of the motion, the declaration of Diana M. Estrada, as well as the pleadings, records, and files in this action, and any other such documentary or oral evidence which may be supplied at the hearing.

Dated: July 11, 2007                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By: _____
          Martin K. Deniston
          Diana M. Estrada
          Attorneys for Defendant
          COUDERT BROTHERS LLP and
          Defendants identified in Exhibit 1

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     FACTUAL BACKGROUND ..................................................................... 1

        A.      Inception of Action and the Parties ....................................... 1

        B.      Coudert Brothers LLP's Bankruptcy and
                Automatic Stay ......................................................................... 2

        C.      SenoRx's Proof of Claim Filed in the Southern
                District of New York .............................................................. 3

        D.      Removal to the United States District Court for the
                Northern District of California ............................................... 4

        E.      Denial of SenoRx's Motion to Remand ................................. 4

III.    28 U.S.C. § 1412 AUTHORIZES THIS COURT TO TRANSFER
        THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR
        THE SOUTHERN DISTRICT OF NEW YORK ...................................... 6

IV.     THIS COURT MAY TRANSFER THIS MATTER EITHER IN
        THE "INTEREST OF JUSTICE" OR FOR THE "CONVENIENCE
        OF THE PARTIES" .................................................................................. 7

V.      TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK
        IS IN THE INTEREST OF JUSTICE ....................................................... 7

        A.      There is a Presumption in Favor of Transferring this Matter
                to the "Home Court" in the Southern District of New York .............. 9

        B.      Transferring this Matter to the Southern District of
                New York will Promote the Economic and Efficient
                Administration of the Bankruptcy Estate .......................... 10

        C.      California's Interest in Having This Matter Decided Within
                Its Borders is Minimal and Far Outweighed by Benefits of
                Transfer on the Administration of the Estate ................... 14

D. The Ability to Receive a Fair Trial and the Enforceability of Any Judgment Weigh in Favor of the Transfer of this Matter....................................................................... 14

E. SenoRx's Original Choice of Forum Weighs in Favor of the Transfer of this Matter ............................................. 15

VI. ALTERNATIVELY, CONVENIENCE OF THE PARTIES SUPPORTS THE TRANSFER OF THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK ................................ 15

VII. CONCLUSION........................................................................... 18

1

# TABLE OF AUTHORITIES

2

Cases

3

4
*A.B. Real Estate, Inc. v. Bruno's Inc.* (*In Re: Bruno's, Inc.*) 277 B.R. 311, 323
(Bankr. N.D. Ala.1998 ................................................................................. 6

5

6
*A.H. Robins Co., v. Piccinin*,
788 F.2d 994, 1012 (4th Cir. Va. 1986)................................................5, 10

7

8
*In re Bruno's, Inc.*
277 B.R. 311, 324 (Bankr. N.D. Ala.1998)................................7, 8, 15, 16

9

10
*In Re Chicago Milwaukee, St. Paul & Pacific R.R. Co.*

11
6 F.3d 1184 (7th Cir. 1993)……………………………………………14

12

13
*In re Cole Associates, Inc.*
7 B.R. 154, 157 (Bankr. D. Utah 1980) ................................................. 8

14

15
*In re Commonwealth Oil Refining Company, Inc.,*
596 F.2d 1239, 1247 (5th Cir. 1979) ..................................................... 8

16

17
*In re Cuyahoga Equip. Corp.*
980 F.2d 110, 117 (2d Cir. 1992)............................................................ 7

18

19
*Geo. F. Martin Co. v. Royal Ins. Co. of Am.*
2004 U.S. Dist. LEXIS 8927, at *7 n.3 (N.D. Cal. May 14, 2004) ........... 17

20

21
*In re G.I. Industries*
204 F.3d 1276, 1279-80 (9th Cir. Cal.2000) ........................................ 4

22

23
*Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*
896 F.2d 1384, 1391 (2d. Cir. 1991) ..................................................... 8

24

25
*In re Iridium Operating LLC*
185 B.R. 822, 835 (Bankr. S.D.N.Y. 2002 ............................................. 6

26

27
*Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*
246 B.R. 421, 440 (Bankr. N.D. Ala. 2000) .......................................... 9

28

*Larami Ltd. v. Yes! Entertainment Corp.*
244 B.R. 56 (D.N.J. 2000 ........................................................................ 16

*In re Manville Forest Products Corp.*
896 F.2d 1384, 1391 (2d Cir. 1990) ........................................................... 8

*In re Red Ash Coal & Coke Corp.*
83 B.R. 399 (1988 W.D. Va.) .................................................................. 12

*Renaissance Cosmetics, Inc. v. Development Specialists, Inc.*
277 B.R. 5, 19-20 (S.D.N.Y. 2002) ........................................................... 18

*Securities and Exchange Commission v. KPMG, LLP*
2003 WL 1842871 (S.D.N.Y. 2003) ........................................................... 7

*In re Showcase Natural Casing Co.*
(54 B.R. 142 (1985 B.C. S.D. Ohio) ......................................................... 12

*Solomon v. Continental American Life Ins. Co.*
472 F.2d 1043, 1047 (3d Cir. N.J. 1973) ................................................... 17

*In re TIG Company*
264 B.R. 661, 668 (BAnkr. CD. CA 2001) ................................................... 7

*In re Toxic Control Technologies*
84 B.R. 140 (Bankr. N.D. Ind. 1988) ......................................................... 7

*Tracy v. Consolidated R. Corp.*
723 F. Supp. 1051, 1053 (D. Del. 1989) ..................................................... 17

Statutes

Bankruptcy Rule 9006(b)(1) .................................................................... 4

Bankruptcy Rule 9027(a) ........................................................................ 4

California Corporations Code § 16956 ......................................................... 3

11 U.S.C. § 362 ................................................................................. 11

11 U.S.C. § 362(a) .............................................................................. 3

28 U.S.C. § 157(b)(2) ............................................................................ 4

28 U.S.C. § 157(c) ................................................................................................ 11

28 U.S.C. § 1334 ............................................................................................. 4, 11

28 U.S.C. § 1404 .................................................................................................. 6

28 U.S.C. § 1412 ........................................................................................... 1, 6, 7

28 U.S.C. § 1452 ............................................................................................. 4, 12


Treatises

1 *Collier on Bankruptcy* P4.04[4][b] (15th ed. rev. 2005) ...................................... 6

10 *Collier on Bankruptcy* Chapter 7087 *Transfer of Adversary Proceeding*
P 7087.02 (15th ed. rev 2005) ............................................................................ 8, 16

**MEMORANDA OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This Court should grant Defendants' motion to transfer this matter to the United States District Court for the Southern District of New York, the court where Coudert Brothers LLP's bankruptcy is pending because SenoRx has consented to the jurisdiction of the Bankruptcy Court by virtue of filing its proof of claim in the United States Bankruptcy Court in the Southern District of New York, thus making this matter a core bankruptcy proceeding.  Moreover, localizing the litigation of this instant matter in that court will promote the economic and efficient administration of the bankruptcy estate.  Accordingly, for the reasons stated herein, venue of this proceeding properly lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1412.

## II.    FACTUAL BACKGROUND

### A.    Inception of Action and the Parties:

On October 27, 2004, Plaintiff SenoRx, Inc. commenced this action for legal malpractice in the Superior Court of the State of California for the County of San Francisco, captioned *SenoRx, Inc. vs. Coudert Brothers, LLP, and Does 1-500,* CGC 04435849.  The legal malpractice action arises from Coudert Brothers LLP's alleged failure to timely render legal services relating to the filing of foreign patent applications for SenoRx.  The original Complaint was filed by Plaintiff SenoRx on October 27, 2004.  On November 3, 2005, and on January 25, 2006, SenoRx filed

Doe amendments with respect to the Complaint for purposes of substituting specifically named individual defendants for fictitiously named defendants.  On those dates, SenoRx named Doe defendants, including the Individual Partner Defendants, who have appeared in this action, who are former limited liability partners of Coudert Brothers LLP.  None of the appearing Individual Partner Defendants are California residents or rendered any services to SenoRx and notably, SenoRx has only served the named Doe defendants that reside on the East Coast (e.g., New York, Connecticut, Maryland, Washington, D.C., etc.).  None of the other Doe defendants have ever been served.

In March 2006, a demurrer was filed on behalf of the Individual Partner Defendants, arguing that the partners of a limited liability partnership who were not involved in the provision of services to SenoRx have no vicarious liability for the liabilities of the partnership with respect to such services.  The court sustained this demurrer, and sustained three subsequent demurrers on the same grounds, each time giving SenoRx leave to amend its complaint.  In addition, at the hearing on the first demurrer the state court ordered all discovery proceedings stayed pending resolution of all pleading issues.

**B.    Coudert Brothers LLP's Bankruptcy and Automatic Stay:**

On September 22, 2006, Coudert Brothers LLP filed a Chapter 11 Bankruptcy Petition, in the United States Bankruptcy Court for the Southern District of New York entitled In re Coudert Brothers LLP, Case No. 06-12226.

Accordingly, at that time this matter was automatically stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. § 362(a).  The stay as to Coudert Brothers LLP remains in effect to this day.  Thereafter, SenoRx filed a Fourth Amended Complaint on November 8, 2006.  The Individual Partner Defendants demurred to the Fourth Amended Complaint.  On January 23, 2007, the San Francisco County Superior Court overruled the Individual Partner Defendants' demurrer to the Fourth Amended Complaint because the court ruled it would need to consider facts outside of the 4-corners of the Fourth Amended Complaint (which would be a task beyond the scope of a demurrer) in order to determine California Corporations Code § 16956's applicability in the context of this case which the court noted was more appropriate in the context of a summary judgment motion and accordingly invited such a motion to be filed at some point in the future.

**C.**    **SenoRx's Proof of Claim Filed in the Southern District of New York:**

On January 31, 2007, SenoRx filed a proof of claim in Coudert Brothers LLP's bankruptcy case.  A true and correct copy of the Proof of Claim filed by SenoRx is attached to the declaration of Diana M. Estrada as Exhibit "A."  The recovery in that proof of claim mirrors the recovery sought in this action.

///

///

///

3

**D.      Removal to the United States District Court for the Northern District of California:**

Pursuant to Bankruptcy Rule 9006(b)(1), the time within which Civil Actions may be removed under  28 U.S.C. § 1452 and Bankruptcy Rule 9027(a) was extended by 90 days, through and including March 21, 2007, by United States Bankruptcy Judge Robert D. Drain of the Southern District of New York.

On February 21, 2007, this action was removed pursuant to the provisions of 28 U.S.C. Sections 1452 and 1334 and Bankruptcy Rule 9027.  The removal was filed in light of the fact that SenoRx filed a $25,000,000 plus proof of claim on January 31, 2007, with the bankruptcy court in the Southern District of New York. By doing so, SenoRx consented to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York.

**E.      Denial of SenoRx's Motion to Remand:**

Although SenoRx sought to have this matter remanded back to state court, this Court issued an Order on May 24, 2007, denying SenoRx's motion to remand, noting, among other things, that the proof of claim filed by SenoRx in the Southern District of New York concerned the same transactions as this case and as a result, is a core bankruptcy matter subject to jurisdiction of the bankruptcy court.  "The filing of a proof of claim is the prototypical situation involving the 'allowance or disallowance of claims against the estate,' a core proceeding under 28 U.S.C. § 157(b)(2)."  *In re G.I. Industries*, 204 F.3d 1276, 1279-80 (9th Cir. Cal. 2000).

Noting that the Individual Partner Defendants have been named as alleged guarantors of the firm's liabilities in this case to the extent that Coudert Brothers LLP does not satisfy the self-insured-retention under the insurance policy applicable to this case, this Court concluded that the claims against the Individual Partner Defendants are related to the bankruptcy case because the outcome of any proceeding against them would have an effect on the Coudert Brothers LLP's bankruptcy estate. Moreover, any action against the Individual Partner Defendants will necessarily first require a determination of the liability, if any, of Coudert Brothers LLP before addressing any potential liability of the Individual Partner Defendants and the sufficiency of any applicable insurance if liability is established. Accordingly, this Court agreed that SenoRx's claims against the non-debtor Individual Partner Defendants are inextricably linked to its claims against the debtor, Coudert Brothers LLP.

In addition, this Court further noted that the large amount of money at stake in this litigation has the potential to greatly reduce the bankruptcy estate and constitutes a significant potential liability for the debtor. The estimation of such liabilities is a "mandatory obligation of the bankruptcy court" *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 1012 (4th Cir. 1986). For these reasons, among others, SenoRx's motion to remand this matter back to state court was denied.

By denying SenoRx's motion to remand, this Court confirmed that this matter was properly removed by the debtor Coudert Brothers LLP, joined by the

Individual Partner Defendants, to the United States District Court as a necessary first step in having it transferred to the United States District Court for the Southern District of New York, the court where Coudert Brothers LLP's bankruptcy is currently pending.  Therefore, debtor Coudert Brothers LLP, joined by the Individual Partner Defendants, now move to have this matter transferred to the court wherein Coudert Brothers LLP's bankruptcy case is currently pending.

**III.     28 U.S.C. § 1412 AUTHORIZES THIS COURT TO TRANSFER THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.**

"28 U.S.C. § 1412 is the applicable change of venue statute for determining whether a transfer of proceedings related to the bankruptcy case is appropriate." (*A.B. Real Estate, Inc. v. Bruno's Inc.* (*In Re: Bruno's, Inc.)* 277 B.R. 311, 323 (Bankr. N.D. Ala.1998).)  Moreover, "[w]here a party seeks to transfer venue for a core proceeding, the applicable statue is [also] 28 U.S.C. § 1412."  (*In re Iridium Operating LLC,* 185 B.R. 822, 835 (Bankr. S.D.N.Y. 2002); *See also* 1 *Collier on Bankruptcy* P4.04[4][b] (15th ed. rev. 2005) (noting that §1412 is the applicable statute for change of venue regarding bankruptcy proceedings because, unlike § 1404,  § 1412 does not require that the district court to which the movant seeks transfer must be a district court in which the proceeding could initially have been brought.).  As such, 28 U.S.C. § 1412 is the appropriate vehicle by which this Court

may issue an order transferring this matter to the United States District Court for the Southern District of New York.

## IV.   THIS COURT MAY TRANSFER THIS MATTER EITHER IN THE "INTEREST OF JUSTICE <u>OR</u> FOR THE "CONVENIENCE OF THE PARTIES."

28 U.S.C. § 1412 provides that a district court may transfer a case or proceeding to a district court for another federal district, "in the interest of justice or for the convenience of the parties." Because the criteria under § 1412 are phrased in the disjunctive, the case or proceeding is transferable upon a sufficient showing of either the interest of justice or for the convenience of the parties. (*In re Toxic Control Technologies, Inc.,* 84 B.R. 140 (Bankr. N.D. Ind. 1988).) Transfer of venue under § 1412 requires a case-by-case analysis that is subject to broad discretion of the court. (*In re TIG Company*, 264 B.R. 661, 668 (Bankr. CD. CA 2001).)

## V.   TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS IN THE INTEREST OF JUSTICE.

The "interest of justice" ground is a broad and flexible standard which must be applied on a case-by-case basis and is subject to the broad discretion of the court to grant or deny motions to transfer. *In re Bruno's, Inc.* 227 B.R. 311, 324 (Bankr. N.D. Ala. 1998); *Securities and Exchange Commission v. KPMG, LLP,* 2003 WL 1842871 (S.D.N.Y. 2003) (quoting *In re Cuyahoga Equip. Corp.*, 980

DEFENDANTS' NOTICE OF AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1412

F.2d 110, 117 (2d Cir. 1992) (additional citation omitted)); *see also In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990).  There are several relevant factors that courts consider when making the determination whether the interest of justice or convenience of the parties warrants a change in venue.  When motions to transfer venue are filed in the "outpost court" (i.e., as opposed to the local court, in which the bankruptcy case is pending), courts have considered a variety of factors in evaluating "the interest of justice," including: (a) the economics of estate administration, (b) the presumption in favor of the local court, (c) judicial efficiency, (d) the ability to receive a fair trial, (e) the state's interest in having local controversies decided within its borders, by those familiar with its laws, (f) enforceability of any judgment rendered, and (g) plaintiff's original choice of forum.  (*In re Bruno's, Inc. supra.* at 324-325; 10 *Collier on Bankruptcy* Chapter 7087 *Transfer of Adversary Proceeding* P 7087.02 (15th ed. rev. 2005) (citations omitted).)

The most important of all the relevant factors is generally recognized to be whether the transfer of the proceeding would promote the economic and efficient administration of the bankruptcy estate.  (*Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)* 896 F.2d 1384, 1391 (2d. Cir. 1991); *See also e.g., In re Commonwealth Oil Refining Company, Inc.,* 596 F.2d 1239, 1247 (5th Cir. 1979); *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bankr. D. Utah 1980) ("If one factor be singled out as having the most logical

8

importance, it would be whether a transfer would promote the efficient economic administration of the estate").

### A. There is a Presumption in Favor of Transferring this Matter to the "Home Court" in The Southern District of New York.

It is because the most important of all relevant factors is generally recognized to be whether the transfer of the proceeding would promote the economic and efficient administration of the bankruptcy estate that there is a presumption in favor of transferring all adversary proceedings related to a bankruptcy case to the location of the pending bankruptcy case. The Court in *Irwin v. Beloit Corp. (In re Harnischfeger Indus.*, 246 B.R. 421, 440 (Bankr. N.D. Ala. 2000).) stated that "…the home court, presumption was created to facilitate an economic and efficient administration of the debtor's estate…" and that "a majority of the courts that have considered whether change of venue is appropriate have created a presumption that the bankruptcy court in which the debtor's case is pending, the home court, is the proper venue for adjudicating all proceedings in the case, including state actions removed to a bankruptcy court in which the debtor's case is not pending (referred to as the 'conduit court' or 'outpost' court)." (*Id.* at 439.) In addition to this presumption, an analysis of the interest of justice factors likewise supports transferring this matter to the Southern District of New York as the appropriate venue for this proceeding.

///

DEFENDANTS' NOTICE OF AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1412

559901.1

**B.    Transferring this Matter to the Southern District of New York will Promote the Economic and Efficient Administration of the Bankruptcy Estate.**

Transferring this matter to the Southern District of New York will promote the economic and efficient administration of the bankruptcy estate. Given the nature and extent of the relief that SenoRx is seeking, as evidenced by the $25 million plus proof of claim filed by SenoRx with the bankruptcy court, the resolution of this case will have a significant effect on the bankruptcy estate as the large amount of money at stake in this litigation has the potential to greatly reduce the bankruptcy estate and constitutes a significant potential liability for the debtor. The determination of such liabilities is "a mandatory obligation of the bankruptcy court." *A.H Robins Co. v.* Piccinin, 788 F.2d 994, 1012 (4th Cir. 1986). As such, the determination of liability by any other court would interfere with the inherent function of the bankruptcy court to determine the extent of Coudert Brothers LLP's liability in this action. Such interference may cause delay in the preparation or filing of a plan and/or delay the confirmation of a Chapter 11 Plan.

In addition, the administration of the bankruptcy estate will be affected by litigation against the Individual Partner Defendants. As the Individual Partner Defendants had no involvement in the alleged malpractice and rendered no services to SenoRx, the Fourth Amended Complaint against the Individual Partner Defendants alleges that the Individual Partner Defendants are "guarantors" of any judgment

obtained against Coudert Brothers LLP to the extent of Coudert Brothers LLP's self-insured-retention under the insurance policy applicable to this case if Coudert Brothers LLP does not satisfy the self-insured-retention.   Thus, until there is: (1) a finding of liability against Coudert Brothers LLP, (2) a judgment against Coudert Brothers LLP, and (3) a showing that the Coudert Brothers LLP bankrupt estate cannot satisfy or discharge that judgment, the action cannot proceed against the Individual Partner Defendants as any alleged liability they may have is derivative of Coudert Brothers LLP's alleged liability.  All of these three perquisites are better and more efficiently adjudicated in the court where the bankruptcy case is pending.

This matter is currently stayed as to Coudert Brothers LLP pursuant to 11 U.S.C. §362.   Accordingly, the transfer of this matter to the local court would facilitate the administration of the estate by allowing for both a determination of the liability of Coudert Brothers LLP as well as a determination of the liability of the Individual Partner Defendants in a timelier fashion than may be made in the Northern District of California in light of the current stay.

Moreover, the transfer would also facilitate the preparation and confirmation of a Chapter 11 Plan because any holding of liability against the Individual Partner Defendants will affect the valuation of the bankruptcy estate.  Indeed, the bankruptcy court has jurisdiction under 28 U.S.C. § 1334 to hear adversary proceedings against alleged guarantors of Chapter 11 debtor's debt, which are related proceedings under 28 U.S.C. § 157(c) because a holding of liability against

the Individual Partner Defendants gives rise to indemnity claims by the Individual

Partner Defendants against the Coudert Brothers LLP bankruptcy estate; thus,

negatively impacting the bankruptcy estate, as it will have to pay legal fees to defend

itself, thus potentially depleting the estate and any insurance policies belonging to

the estate.  This will interfere with the administration of the estate.  Therefore, this

matter should be transferred to the Southern District of New York so that matters

affecting the bankruptcy estate will be dealt with by the local court that is

administering the estate.

Furthermore, transferring this matter promotes judicial economy as it prevents

the bifurcation of a single claim, which is not capable of being severed.  Because

SenoRx seeks to redress a single wrong in its single cause of action against both the

alleged guarantors (i.e., the Individual Partner Defendants) and the debtor (Coudert

Brothers LLP), the claim is rendered a single claim under 28 U.S.C. §1452 and not

separate and distinct claims capable of being severed.  (*In re Red Ash Coal & Coke

Corp.* 83 B.R. 399 (1988 W.D. Va.)  Indeed, this is yet another reason why this

matter is proper in the local court of the bankruptcy estate where all matters can be

decided during a single proceeding cutting down on significant cost and complexity

and promoting judicial economy.

Additionally, SenoRx's suit against the Individual Partner Defendants could

also detrimentally impact the administration of debtor Coudert Brothers LLP's estate

by imposing discovery burdens on the debtor.  Again, this action against Coudert

Brothers LLP and the Individual Partner Defendants is based on a single cause of action for legal malpractice. Although none of the Individual Partner Defendants named in this lawsuit were in any way involved in this alleged malpractice, they were named defendants as alleged guarantors. That said, the debtor, Coudert Brothers LLP, not the non-debtor Individual Partner Defendants, will bear the brunt of discovery as it will be Coudert Brothers LLP, not the Individual Partner Defendants, to whom discovery will be appropriately directed. Such focus will detract from Coudert Brothers LLP's ability to focus on the administration of the estate.

Transferring this proceeding to the Southern District of New York would promote judicial economy and the efficient administration of Coudert Brothers LLP's bankruptcy estate by co-locating in a single forum all claims arising from the alleged legal malpractice of Coudert Brothers LLP, and similarly promote judicial efficiency by requiring only one judge to so familiarize himself with the relevant facts. Considering the fact that the judge in the local court in the Southern District of New York has already taken jurisdiction of the Bankruptcy Case, he is already knowledgeable regarding issues and can thus ensure that this proceeding would be administered more economically and efficiently in the Southern District of New York.

**C.     California's Interest in Having This Matter Decided Within Its Borders is Minimal and Far Outweighed By Benefits of Transfer on the Administration of the Estate.**

While SenoRx is located in California and some of the events in question took place in California, the real thrust of this case has to do with the foreign patent applications in Japan, Canada, and Europe, which make up SenoRx's malpractice case against Coudert Brothers LLP.  Accordingly, this case will entail an examination of the laws of other countries and a determination of whether SenoRx could obtain patents in these others countries based upon the countries' criteria. Therefore, this matter has little to do with California law.  As such, a New York court can address the issues in this case just as easily as a California court. Further, to the extent this case involves a straightforward state law claim of legal malpractice, as this Court noted in its decision denying SenoRx's motion to remand, bankruptcy courts are capable of resolving issues of state law, as the court will be able to do in this case.  (*In Re Chicago Milwaukee, St. Paul & Pacific R.R. Co.* 6 F.3d 1184 (7th Cir. 1993) (stating that bankruptcy courts are qualified to resolve issues of state law).

**D.     The Ability to Receive a Fair Trial and the Enforceability of Any Judgment Weigh in Favor of the Transfer of this Matter.**

There is no reason to suppose that the litigants in this proceeding will not be able to obtain a fair trial in New York, nor any reason to believe they will have any

14

difficulty enforcing any judgment entered in their favor in New York, the state wherein Coudert Brothers LLP's principal place of business is located.  If a "judgment is obtained against non-debtor defendants [Individual Partner Defendants], the location of the litigation will not prejudice the collection thereof." (*In Re Bruno* at 328.)  Indeed, the Individual Partner Defendants certainly are not located in California.

> ### E.     SenoRx's Original Choice of Forum Weighs in Favor of the Transfer of this Matter.

Finally, with respect to SenoRx's original choice of forum, where the venue of a bankruptcy case is proper, the debtor's choice of forum is accorded weight and deference.  (*In Re Bruno supra.* at 328.)  Accordingly, as there is no evidence to suggest that Coudert Brothers LLP's bankruptcy case is not properly venued, in New York and Coudert Brothers LLP and the Individual Partner Defendants have established that the other factors weigh in favor of transfer, deference should be given to the venue of the bankruptcy case.

## VI.    ALTERNATIVELY, CONVENIENCE OF THE PARTIES SUPPORTS THE TRANSFER OF THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

Alternatively, the convenience of the parties also supports transfer of this proceeding to the Southern District of New York, or at the very least, does not

indicate that such transfer would so inconvenience any party as to overcome the presumption in favor of transfer.  In considering "the convenience of the parties," courts generally consider: (a) the location of the plaintiff and defendant, (b) ease of access to necessary proof, (c) convenience of witnesses, (d) availability of subpoena power for unwilling witnesses, and (e) the expense related to obtaining witnesses.  (*In Re Bruno supra*. at 325; see also *Larami Ltd. v. Yes! Entertainment Corp.*, 244 B.R. 56 (D.N.J. 2000)."10 *Collier on Bankruptcy* Chapter 7087 *Transfer of Adversary Proceeding* P 7087.02 (15th ed. rev. 2005) (citations omitted).)

The fact that SenoRx is a Delaware corporation and Defendant Coudert Brothers LLP's principal place of business was in New York, where the current bankruptcy proceeding is pending, makes adjudication of the instant proceeding in New York more convenient.  Moreover, SenoRx itself even alleges in its Fourth Amended Complaint that the following Individual Partner Defendants "are, and at all times relevant were, residents of, …New York…:" Charles E. Aster, Steven H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, Richard De Palma, Robert L. Eisen, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Darrell Prescott, Clyde E.

Rankin, III, Richard Reilly, Thomas Rice, James B. Sitrick, Edward H. Tillinghast, III, Mary F. Voce, Charles H. Wagner, Christopher M. Wells, Carol B. Stubblefield, and Anthony Williams.  (Fourth Amended Complaint ¶8.)  Assuming that allegation is true, counting Coudert Brothers LLP, 37 out of the 49 appearing defendants are located in New York.  The remaining 12 appearing defendants in this case reside and/or practice in Connecticut, Maryland and/or the District of Columbia.  Based on that locality it is much more convenient for them to travel to the Southern District of New York than to the Northern District of California.  Therefore, the transfer of this proceeding to the Southern District of New York will not inconvenience the parties and witnesses.  If anything, it will be more convenient.

Defendants are not aware of any facts, nor any documents of any magnitude, of which SenoRx is not already in possession, located in this or any other state besides New York, where Coudert Brothers LLP was headquartered.  Finally, any Article III district judge, exercises nationwide subpoena power identical to this Court.

The fact that SenoRx's lawyers are in California is irrelevant.  Numerous cases reject the notion that convenience of counsel is a legitimate concern even for a transfer motion.  (*See, e.g., Solomon v. Continental American Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir. N.J. 1973); *Tracy v. Consolidated R. Corp.,* 723 F. Supp. 1051, 1053 (D. Del. 1989); *Geo. F. Martin Co. v. Royal Ins. Co. of Am.*, 2004 U.S. Dist. LEXIS 8927, at *7 n.3 (N.D. Cal. May 14, 2004).

The pending action is not a lawsuit between two California residents, but one with parties mostly on the East Coast. SenoRx will in no way be prejudiced by litigating the pending action in the United States District Court for the Southern District of New York. (*See, e.g., Renaissance Cosmetics, Inc. v. Development Specialists, Inc.*, 277 B.R. 5, 19-20 (S.D.N.Y. 2002) (denying debtor's attempt to remand action to state court in part because conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses). Therefore, there will be no prejudice to SenoRx in this regard.

As established by the foregoing, transferring this matter to the Southern District of New York is not only supported by the interest of justice ground but also by the convenience of the parties ground. As such, this matter should be transferred to the United States District Court for the Southern District of New York.

## VII. CONCLUSION

This court has the broad discretion to grant Coudert Brothers LLP's and the Individual Partner Defendants' Motion to Transfer this matter to the Southern District of New York either in the interest of justice and/or alternatively for the convenience of the parties. Therefore, Coudert Brothers LLP and the Individual Partner Defendants respectfully request that this Court issue an Order to transfer this matter to the United States District Court for the Southern District of New York,

///

///

the district in which Coudert Brothers LLP's Chapter 11 Bankruptcy proceeding is currently pending.


Dated: July 11, 2007                                WILSON, ELSER, MOSKOWITZ,
                                                    EDELMAN & DICKER LLP



                                       By:_____/s/_____
                                            Martin K. Deniston
                                            Diana M. Estrada
                                            Attorneys for Defendant
                                            COUDERT BROTHERS LLP and
                                            Defendants identified in Exhibit 1

559901.1

1

**EXHIBIT 1**
**Case No.:   C 07-01075 SC**
**SENORX V. COUDERT BROTHERS LLP AND DOES 1 - 500**

2

3

4

5
Charles E. Aster,
Steven H. Becker,
6
Pamela T. Church,
Charles H. Critchlow,
7
Edmund S. Cohen,
Jeffrey E. Cohen,
8
James C. Colihan,
William K. Coulter,
9
Richard N. Dean,
10
Richard De Palma,
Robert L. Eisen,
11
Joseph Farrell,
12
Kay Georgi,
Tara K. Giunta,
13
Kevin W. Goering,
14
Deborah Goldstein,
John M. Gurley,
15
Michael J. Hagan,
16
Robert E. Hanlon,
Gerard V. Hannon,
17
Andrew Hedden,
18
Janet Hernandez,
Stephen M. Hudspeth,
19
W. Michael Kelly,
20
Frederick P. Konta,
George J. Martin, Jr.,
21
Edwin S. Matthews, Jr.,
22
Brian McGunigle,
Barry Metzger,
23
Owen Nee,
24
Marilyn S. Okoshi,
Richard M. Ornitz,
25
Kenneth R. Page,
26
Robert F. Pietrowski, Jr.,
27

Darrell Prescott,
Clyde E. Rankin, III,
Richard Reilly,
Thomas Rice,
Olga Sirodoeva,
James B. Sitrick,
Roger D. Stark,
Carol B. Stubblefield
Edward H. Tillinghast, III,
Mary F. Voce,
Charles H. Wagner,
Roger B. Wagner,
Christopher M. Wells,
Anthony Williams,
Philippe Bennet

28

DEFENDANTS' NOTICE OF AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1412
559901.1

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within action.  My business address is 555 South Flower Street, Suite 2900, Los Angles, CA 90071.

On July 11, 2007, I served the DEFENDANTS' NOTICE OF AND MOTION TO TRANSFER VENUE PURSUANT TO 28 US.C. §1412 on the interested parties in this action by email to dweiss@mjplaw.net [Geraldine Weiss] and mpiuze@mjplaw.net [Michael J. Piuze] and by placing  XX  a true copy ____ the original thereof enclosed in a sealed envelope addressed as follows:

| Law Offices of Michael J. Piuze | **Attorney for Plaintiff** |
|---|---|
| Michael J. Piuze, SBN 51342 | **Senorx, Inc.** |
| Geraldine Weiss, SBN 168455 | |
| 11755 Wilshire Blvd., Suite 1170 | Ph: 310-312-1102 |
| Los Angeles, California 90025 | Fx: 310-473-0708 |

**[X] BY OVERNIGHT MAIL**  I placed true and correct copies of said document(s) in sealed envelopes addressed as stated on the attached service list and caused such envelopes to be sent by overnight mail via Federal Express.

X   **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 11, 2007**, at Los Angeles, California.

Kathleen Spendlove                                    /s/

---
1

CERTIFICATE OF SERVICE

559901.1