| | |
|---|---|
| 1 | LAW OFFICES OF MICHAEL J. PIUZE |
| | Michael J. Piuze, SBN 51342 |
| 2 | Geraldine Weiss, SBN 168455 |
| | Holly L. Hostrop, SBN 108403 |
| 3 | 11755 Wilshire Blvd., Suite 1170 |
| | Los Angeles, California 90025 |
| 4 | Telephone: (310) 312-1102 |
| | Facsimile: (310) 473-0708 |
| 5 | Email address dweiss@mjplaw.net |
| 6 | Attorneys for Plaintiff SenoRx, Inc. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SENORX, INC., | ) | CASE NO. C - 07-01075 SC |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412** |
| vs. | ) | |
| | ) | |
| COUDERT BROTHERS, LLP; and DOES 1-500, inclusive, | ) | |
| | ) | Date: August 17, 2007 |
| Defendants. | ) | Time: 10:00 a.m. |
| | ) | Ctrm: 1 |
| | ) | Judge: Honorable Samuel Conti |
| | ) | |
| | ) | Complaint Filed: October 27, 2004 |
| | ) | |
| | ) | FILED CONCURRENTLY HEREWITH |
| | ) | |
| | ) | DECLARATION OF GERALDINE WEISS |

i

**TABLE OF CONTENTS**

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. BACKGROUND | 2 |
|     A. FACTUAL BACKGROUND | 2 |
|     B. PROCEDURAL BACKGROUND | 3 |
| III. LEGAL ARGUMENT | 5 |
|     A. THIS ACTION MAY NOT BE TRANSFERRED UNDER SECTION 1412 BECAUSE SENORX'S CLAIMS AGAINST THE INDIVIDUAL PARTNER DEFENDANTS ARE NOT "CORE" | 5 |
|     B. THE INTERESTS OF JUSTICE AND CONVENIENCE OF PARTIES AND WITNESSES WOULD NOT BE SERVED BY THE TRANSFER OF THIS ACTION TO NEW YORK | 7 |
| IV. CONCLUSION | 13 |

**INDEX OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

1. *Donald v. Curry*, 328 B.R. 192 (2005)

2. *Goldberg Holding Corp. v. NEP Productions, Inc.*, 93 B.R. 33

3. *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (7th Cir. 1979), *cert. denied*, 44 U.S. 1045 (1980)

4. *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996)

5. *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991)

6. *In re Windtech, Inc.,* 73 B.R. 448 (Bnkr. D. Conn. 1987)

7. *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 35-36 (S.D.N.Y. 2000)

8. *Waire v. Baker*, 145 B.R. 267

**Statutes**

1. 28 U.S.C. § 1412

2. 28 U.S.C. section 157

3. 44 Federal Rules of Bankruptcy Procedure Rule 1014(a)(1)

4. California Corporations Code Section 16956

## I. **INTRODUCTION**

Defendant Coudert Brothers LLP and Defendants Charles E. Aster, Steven H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, William K. Coulter, Richard N. Dean, Richard De Palma, Robert L. Eisen, Joseph Farrell, Kay Georgi, Tara K. Giunta, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Janet Hernandez, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Owen Nee, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Robert F. Pietrowski, Jr., Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, Olga Sirodoeva, James B. Sitrick, Roger D. Stark, Edward H. Tillinghast, III, Charles H. Wagner, Roger B. Wagner, Christopher M. Wells, Anthony Williams, Mary F. Voce, John M. Gurley, and Carol B. Stubblefield ("Appearing Individual Partner Defendants") have moved for an Order ***under 28 U.S.C. § 1412*** to transfer this matter to the United States District Court for the Southern District of New York, because this is the district in which Coudert Brothers LLP's Chapter 11 Bankruptcy proceeding, entitled <u>In re Coudert Brothers LLP</u>, Case No.06-12226, is currently pending.

Plaintiff SenoRx, Inc. ("SenoRx") opposes transfer on the grounds that the interests of justice and the convenience of both parties and witnesses will not be served by transfer of this action to New York:

1. This is a legal malpractice case involving a California medical device manufacturer plaintiff, California lawyer defendants, and California witnesses, based on events that occurred in California, that will utilize California law and it should be

1  tried in California and not in the Southern District of New York.  See, Declaration of
2  Geraldine Weiss ("Weiss Dec.") served and filed herewith.
3  / / /
4
5      2.    A determination of California Corporations Code  section 16956's
6  applicability in the context of this case (admittedly one of first impression) should be
7  made in California and not in the Southern District of New York.  See, The meaning
8  of California statutes, and potentially the  intent of the California legislature, should be
9  determined in California, not in the Southern District of New York;
10      3.    Only ***core proceedings*** may be transferred under 28 U.S.C. § 1412.
11  *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 35-36 (S.D.N.Y. 2000).  SenoRx's
12  legal malpractice claims and guarantor claims against the Individual Partner
13  Defendants' are not ***core proceedings*** and, thus, transfer on the basis of Section 1412
14  is inappropriate. See, Order Denying Plaintiff's Motion to Remand at p. 3:24-25, Ex.
15  "5" to Weiss Dec.;
16      4.    Filing of a Proof of Claim in the Bankruptcy Court chosen by Coudert
17  Brothers LLP by SenoRx does not constitute a consent to jurisdiction or venue in the
18  Southern District of New York; and
19      6.    SenoRx does not agree that there can be no finding of liability against
20  Individual Partner Defendants until a finding of liability, a determination of damages,
21  and especially a finding that Coudert Brothers LLP cannot satisfy the self insured
22  retention has been made. Some Individual Partner Defendants (who are California
23  residents) may be independently and directly liable.  If so, their liability for damages
24  is independent of Coudert's satisfaction of its self insured retention.
25  Defendants' Motion to Transfer should be denied.
26  ## II. BACKGROUND
27
28  2

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412
CASE NO. C -01075 SC

## A. FACTUAL BACKGROUND

On October 27, 2004, Plaintiff SenoRx, Inc. commenced this action for legal malpractice in the Superior Court of the State of California for the County of San Francisco, captioned *SenoRx, Inc. vs. Coudert Brothers, LLP, and Does 1-500,* CGC 04435849. The causes of action contained in the Complaint are based solely upon events that occurred in California. Each and every cause of action contained in this legal malpractice action is based upon California law.

The legal malpractice action arises from Coudert Brothers LLP's failure to timely render legal services relating to the filing of patent applications for SenoRx. Specifically, the San Francisco office of Coudert Brothers LLP was retained by SenoRx in 2001 to file patent applications for medical equipment. SenoRx claims it was damaged when three foreign patent applications were not timely filed by Coudert Brothers and the attorneys and other employees based in its San Francisco office. The relevant patents are PCT/US/01/4303, PCT/US/01/49295 and PCT/US/01/48233. These patents could not be revived in the Japanese market. SenoRx sustained millions of dollars in damages.

## B. PROCEDURAL BACKGROUND

On October 26, 2005, on November 3, 2005, and on January 25, 2006, SenoRx filed Doe amendments with respect to the Complaint for purposes of substituting specifically named individual defendants for fictitiously named defendants. On those dates, SenoRx named Doe defendants, including the Individual Partner Defendants. ***Thirty two are former limited liability partners of Coudert Brothers, LLP. who are California residents and who did, or may have, rendered services to SenoRx. The remainder***, Appearing Individual Partner Defendants, are former limited liability partners of Coudert Brothers LLP, none of whom are California residents ***and may not have*** rendered any services to SenoRx.

---

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412
CASE NO. C -01075 SC

On September 22, 2006, Coudert Brothers LLP filed a Chapter 11 Bankruptcy Petition, in the United States Bankruptcy Court for the Southern District of New York entitled <u>In re Coudert Brothers LLP</u>, Case No. 06-12226. Accordingly, at the time this matter was automatically stayed as to Coudert Brothers LLP pursuant to 11U.S.C. § 362(a). The stay as to Coudert Brothers LLP remains in effect.

Thereafter, SenoRx filed a Fourth Amended Complaint on November 8, 2006. The ***Appearing*** Individual Partner Defendants, none of whom are California residents, demurred to the Fourth Amended Complaint.[1] On January 23, 2007, the San Francisco Superior Court overruled the ***Appearing*** Individual Partner Defendants' demurrer to the Fourth Amended Complaint because the court would need to consider facts outside of the 4-corners of the Fourth Amended Complaint (which would be a task beyond the

---

[1]Service by mail was attempted on all individual defendants who were partners at Coudert Brothers LLP. Such out of state defendants appeared and demurred based on their claimed status as limited liability partners. None of the California Defendants accepted service by mail nor have they yet appeared in this action. While the demurrer was pending, no further expense was incurred by SenoRx in personally serving California defendants (all Coudert partners) who would raise the same issue, because the state court's ruling on the out of state Appearing Individual Partner Defendants' demurrer would be binding on individual California partner defendants. The expense of personally serving several dozen individual defendants was deferred until the court's final ruling. Once that occurred this case was removed to Federal Court. See, Weiss Dec. ¶¶ 7, 8.

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412
CASE NO. C -01075 SC

scope of a demurrer) in order to determine California Corporations Code § 16956's applicability in the context of this case which the court noted was more appropriate in a summary judgment motion and accordingly invited such a motion.

On January 31, 2007, SenoRx filed a proof of claim in the Coudert Brothers LLP bankruptcy case seeking the same recovery as the claim set forth in the Fourth Amended Complaint against Coudert Brothers LLP.

On February 21, 2007, the Appearing Individual Partner Defendants removed pursuant to the provisions of 28 U.S.C. Sections 1452 and 1334 and Bankruptcy Rule 9027.

Although SenoRx thereafter sought to have this matter remanded back to state court, this Court issued an Order on May 24, 2007, denying SenoRx's motion to remand.

This Motion to Transfer Venue brought *solely* under 28 U.S.C. §1412 was thereafter filed by Coudert Brothers LLP and the Appearing Individual Partner Defendants.

### III.  LEGAL ARGUMENT

### A.  THIS ACTION MAY NOT BE TRANSFERRED UNDER SECTION 1412 BECAUSE SENORX'S CLAIMS AGAINST THE INDIVIDUAL PARTNER DEFENDANTS ARE NOT "CORE"

> "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.

5

The factors employed by courts in determining whether a transfer of venue is appropriate are set forth in *Puerto Rico v. Commonwealth Oil Refining Co.* and are: (1) the proximity of all creditors to the court; (2) the proximity of the debtor to the court; (3) the proximity of witnesses necessary to administer the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity for ancillary administration in the event of liquidation. *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (7th Cir. 1979), *cert. denied*, 44 U.S. 1045 (1980).

44 Federal Rules of Bankruptcy Procedure Rule 1014(a)(1) states:

"If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties."

The party seeking a change of venue has the burden of proof, which must be carried by a preponderance of the evidence. *In re Commonwealth Oil Refining,* 596 F.2d 1293 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980).

Only **core proceedings** may be transferred under 28 U.S.C. § 1412. *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 35-36 (S.D.N.Y. 2000); *Goldberg Holding Corp. v. NEP Productions, Inc.,* 93 B.R. 33 (Section 1412 permitting district court to transfer case or proceeding under Bankruptcy Code to district court for another district in interest of justice or for convenience of parties *does not apply to action merely related to bankruptcy case*).

The present action is not a core proceeding. See, *Waire v. Baker*, 145 B.R. 267 (adversary proceeding brought by former client against bankrupt attorney for his alleged malpractice was noncore proceeding).

/ / /

"'[A] proceeding is core under [28 U.S.C.] section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996) (quoting In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991)). "'If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.'" Id. (quoting In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)).

This legal malpractice action does not involve any substantive rights provided by the Bankruptcy Code. Nor could any of SenoRx's claims arise only in a bankruptcy case. Indeed, this action was pending for two years before Defendant Coudert Brothers filed its bankruptcy petition. Clearly, this action is non-core. Thus, Defendants' Motion to Transfer Venue under Section 1412 must be denied, because it is not a core proceeding to which Section 1412 applies. See, e.g., *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 35-36 (S.D.N.Y. 2000).

### B. THE INTERESTS OF JUSTICE AND CONVENIENCE OF PARTIES AND WITNESSES WOULD NOT BE SERVED

**BY THE TRANSFER OF THIS ACTION TO NEW YORK**

Under 28 U.S.C. Section 1412 of the Bankruptcy Code, a case or proceeding may be transferred "in the interest of justice or for the convenience of the parties." See, *Puerto Rico v. Commonwealth Oil Ref. Co.* (*In re Commonwealth Oil Ref. Co.*), 596 F.2d 1239, 1247 (5th Cir. 1979) (court must consider, inter alia, proximity of creditors, debtor, witnesses, books, assets).

"The analysis of any combination of "interest of justice" and "convenience of parties" under § 1412 is inherently factual and necessarily entails the exercise of discretion based on the totality of the circumstances, ***which may include considerations regarding witnesses and the presentation of evidence***.

"Thus, a typical laundry list of non-exclusive factors, which usually adds up to a totality-of-circumstances analysis, takes witnesses into account: (1) proximity of creditors to Court; (2) proximity of debtor to Court; (3) proximity of witnesses necessary to administration of estate; (4) location of assets; (5) economic and efficient administration of case; (6) need for further administration if liquidation ensues. See *Puerto Rico v. Commonwealth Oil Ref. Co.* (*In re Commonwealth Oil Ref. Co.*), 596 F.2d 1239, 1247 (5th Cir. 1979), cited with approval, *In re Enron Corp.*, 274 B.R. 327, 343-49 (Bankr. S.D.N.Y. 2002); 1 COLLIER P4.04[4][a][ii].

"Such factors, however, when distilled to their essence, reveal that they

are mere secondary tools facilitating the ultimate § 1412 analysis, which entails a balancing of due process concerns of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case. ***While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in interest, the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court***." Donald v. Curry, 328 B.R. 192 (2005) (emphasis added).

In this instance, those considerations support a California venue over a New York venue.

This is a legal malpractice case involving a California medical device manufacturer plaintiff, California lawyer defendants, and California witnesses, based on events that occurred in California, that will utilize California law. See, Weiss Dec. It should be tried in California and not in the Southern District of New York.

All of the events upon which this action is a based took place in California.

All of SenoRx's legal malpractice claims and guarantor claims are based solely on California state law.

Additionally, this action involves a determination of California Corporations Code Section 16956's applicability in the context of this case (admittedly one of *first impression*) and should be made in California and not in the Southern District of New York. The meaning of California statutes, and potentially the intent of the California legislature, should be determined in California, not in the Southern District of New

York.

Numerous party and non-party witnesses, including but not necessarily limited to current and former employees of both SenoRx and Defendant Coudert Brothers LLP, are California residents. See, Weiss Dec. ¶¶1-5. The expense and inconvenience of transporting these witnesses to New York weighs heavily against a change of venue. *In re Windtech, Inc.,* 73 B.R. 448 (Bnkr. D. Conn. 1987) (considering expense and inconvenience of transporting essential witness to a distant location as one factor weighing against a change of venue).

It is undisputed that SenoRx is a California corporation. SenoRx is based at 11 Columbia, Suite A, Aliso Viejo, California 92656. **The SenoRx employees who had dealings with Coudert Brothers and who therefore would testify at trial are all based in California**. Weiss Dec. at ¶ 9.

Coudert Brothers admits that all of the employees of Defendant Coudert Brothers LLP *who performed work for SenoRx on the three patents at issue in this action*, including both witnesses who are not named as defendants and those who are named as defendants, are ***California*** residents; these include Ruth Der, Tara Faenza, Jordan Wilson, Lorraine Carcamo and James Fox. **All are based in San Francisco or Palo Alto**. See, Defendant Coudert Brother's responses to Special interrogatories which identify the names and addresses of ex-Coudert employees who worked on the SenoRx file (See Responses No 1, 2 and 3.3), Ex. "3" to Weiss Dec. See, also, ex-cross defendant Duane Morris' responses to Form Interrogatories which identify the names and addresses of ex-Coudert employees who have knowledge of the SenoRx

10

malpractice, again California based; these include Edward Lynch, Ruth Der, Tara Faenza and defendants Don Bartels and David Schnaff. **All are based in San Francisco or Palo Alto**.  See Response No 12.1, Ex. "4" to Weiss Dec.

///

Additionally, Coudert ex-employee, San Francisco based Anne Marie Leavy, identifies the local, California-based employees who were responsible for Coudert foreign filings as San Francisco area based Tara Faenza (page 13, lines 10-17), who was supervised by defendant, San Francisco based Don Bartels (page 18, lines 15-16 and page 83, lines 4-8).  The interim managing partner to whom Ms. Leavy complained about Mr. Faenza's work was San Francisco based defendant Lillian Nakagawa (page 77, lines 13-24, page 78, lines 4-14 and page 96, lines 3-10).  The managing partner at Coudert San Francisco was San Francisco area based Mr. Hebert (page 97, lines 20-21).  The testimony of Ms. Leavy is crucial to this case as it shows that the Coudert employee in charge of the SenoRx  foreign filings (in this legal malpractice case where the three foreign filings were missed) was incompetent and inadequately supervised. **Based upon information received from Coudert during discovery, these ex Coudert employees (some of whom are defendants) are all California based.**  See, Deposition of Anne Maria Leavy, Ex. "1" to Weiss Dec.

Also, San Francisco area based Ruth Der testified at her deposition that local, California based Don Bartels and David Schnaff were supervising attorneys for IP at Coudert Brothers (pages 17-18, lines 20-3).   Defendant Don Bartels supervised international property for Northern California (page 19, lines 10-18).  Defendant Mr.

1   Hebert was the co-managing partner with defendant Mr. Michaelson. (Page 19, lines
2   2-9). SenoRx was assigned to the San Francisco office (only). ALL of the files were
3   kept there and various San Francisco Coudert employees worked on the SenoRx file -
4   James Fox, Nita Miller, Anne Marie Leavy, Jordan Wilson and Tara Faenza - who was
5   in charge of prosecuting the SenoRx foreign applications (page 20-21, lines 4-20). **All
6   of these employees are California residents**. The testimony of Ms. Der is important
7   as it illustrates who worked on the SenoRx files and also identifies which of the
8   Coudert attorney defendants were involved in managing the San Francisco offices
9   where the malpractice occurred. Deposition of Ruth Der, Ex. "2" to Weiss Dec.

Finally, the testimony of Ms. Der regarding the location of SenoRx files (San Francisco) calls attention to another relevant factor - this is a document intensive case and the documents were kept in the San Francisco area by its former attorney Coudert Brothers *and its current San Francisco based attorney, Duane Morris*.

The *only* factor, besides the location of Defendant Coudert Brothers LLP's bankruptcy action, arguably weighing in favor of transfer to New York is the residence of the Appearing Individual Partner Defendants in various locations other than California. However, Appearing Individual Partner Defendants (who are not California residents) all claim that they rendered no services to SenoRx. Thus, their value as witnesses in this action is minimal. Additionally, there are numerous Individual Partner Defendants who are California residents who have not yet appeared in this action.

It cannot be seriously argued that a New York Court can more effectively

12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412
CASE NO. C -01075 SC

administer this action when the legal malpractice occurred in California; all of the non-party witnesses, the Plaintiff, and most of the defendants directly involved in the malpractice are residents of California; most, and perhaps all, of the documents relevant to a determination of this action are maintained in California; and California law controls.

All of these factors warrant a conclusion that California is the proper venue for SenoRx's action against the Individual Partner Defendants and that Defendants' Motion to Transfer Venue of this action to New York should be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 should be denied.

Dated: July 27, 2007                    LAW OFFICES OF MICHAEL J. PIUZE


                                        By: _____
                                            Holly L. Hostrop
                                            Attorney for Plaintiff SenoRx, Inc.