**EXHIBIT 3**

1  COUDERT BROTHERS LLP
   William M. Walker (State Bar No.  )
2  333 South Hope Street, 23rd Floor
   Los Angeles, California 90071
3  Telephone:  213-229-2900
   Facsimile:  213-229-2999
4
   Defendant *Pro Se*
5

6

7  SUPERIOR COURT OF THE STATE OF CALIFORNIA SUPERIOR COURT OF THE STATE OF CALIFORNIA    Document 33-5    Filed 07/27/2007    Page 2 of 20

8  IN AND FOR THE COUNTY OF SAN FRANCISCO

9  UNLIMITED JURISDICTION

10

11  SENORX, INC.,                          Case No. CGC 04-435849

12         Plaintiff,
                                          **DEFENDANT COUDERT BROTHERS
13     v.                                 LLP'S RESPONSES TO PLAINTIFF
                                          SENORX, INC'S FIRST SET OF SPECIAL
14  COUDERT BROTHERS LLP, and             INTERROGATORIES**
    DOES 1-500,
15                                        Complaint Filed:      October 27, 2004
           Defendants.
16

17

18  PROPOUNDING PARTY:    Plaintiff, SENORX, INC.

19  RESPONDING PARTY:     Defendant COUDERT BROTHERS LLP

20  SET NO.:              ONE

21

22      Pursuant to Section 2030 of the California Code of Civil Procedure, defendant Coudert

23  Brothers LLP ("Coudert" or "Responding Party") hereby responds and objects as follows to the

24  first set of Special Interrogatories propounded by plaintiff SenoRx, Inc. ("SenoRx" or "Demanding

25  Party").

26                              **PRELIMINARY STATEMENT**

27      These responses are made solely for the purpose of this action and are subject to all

28  objections as to competence, relevance, materiality, propriety, and admissibility and any and all

---

DEFENDANT COUDERT BROTHERS LLP'S RESPONSES TO PLAINTIFF SENORX, INC.'S
FIRST SET OF SPECIAL INTERROGATORIES

4.    Coudert objects to each and every Interrogatory on the ground that it prematurely seeks Coudert's contentions and on the ground that these contentions are sought in a fashion that is unduly burdensome, confusing and oppressive.  These responses have been prepared early in the litigation.    Any responses given are necessarily preliminary and subject to revision.    These responses have been prepared in good faith, based on Coudert's preliminary investigation.

5.    Coudert objects to each and every Interrogatory to the extent it is vague, and/or ambiguous and/or unintelligible.

6.    Coudert objects to each and every Interrogatory to the extent it prematurely seeks discovery of expert opinions or work product.

7.    Coudert objects to each and every Interrogatory to the extent that it calls for information protected by the attorney client privilege, the attorney work product doctrine, or any other privilege recognized by statute or case law.

8.    Coudert objects to each and every Interrogatory to the extent it purports to call for personal information, confidential information, information protected by the right of privacy, including but not limited to tax records and other government filings, confidential business information, commercially sensitive information, and the disclosure of trade secrets.

9.    Coudert objects that it has not yet completed its discovery and investigation in this action.  These responses are given without prejudice to Coudert's right to produce evidence of any subsequently discovered facts or to add, modify, or otherwise change or amend the responses.  The information set forth herein is subject to correction for errors, mistakes or unintended omissions.

## INTERROGATORIES AND RESPONSES

**SPECIAL INTERROGATORY NO. 1:**

Identify all persons at Coudert who performed any work for SenoRx on the matter which lead to the issuance of United States Patent No. 6,725,083.  Identify means provide the name, last known address and telephone number of each such person.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

The general objections above are incorporated by reference as though fully set forth herein.  Subject to and without waiving its general objections, Coudert specifically objects to this

3

1   interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant

2   nor reasonably calculated to lead to admissible evidence.    Coudert further objects to this

3   interrogatory as excessive under Code of Civil Procedure Section 94(a).    Without waiving and

4   subject to the foregoing objections, Coudert states that the following is a list of former employees

5   of Coudert who performed work on the matter which lead to the issuance of United States Patent

6   No. 6,725,083 and their last known addresses:

Ruth Der
395 Euclid Avenue, Apt. 203
San Francisco, CA 94118

Tara Faenza
95 McCoppin Street, Apt. 210
San Francisco, CA 94103

Jordan L. Wilson
3701 Sacramento Street, Apt. 415
San Francisco, CA 94118

Lorraine O. Carcamo
243-B Fourth Avenue
San Francisco, CA 94118

**SPECIAL INTERROGATORY NO. 2:**

Identify all persons at Coudert who performed any work for SenoRx on the matter which lead to the issuance of United States Patent No. 6,540,695.    Identify means provide the name, last known address and telephone number of each such person.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

The general objections above are incorporated by reference as though fully set forth herein. Subject to and without waiving its general objections, Coudert specifically objects to this interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to admissible evidence.    Coudert further objects to this interrogatory as excessive under Code of Civil Procedure Section 94(a).    Without waiving and subject to the foregoing objections, Coudert states that the following is a list of former employees of Coudert who performed work on the matter which lead to the issuance of United States Patent

4

1   No. 6,540,695 and their last known addresses:

2

3   James A. Fox
    3708 Carlson Circle
4   Palo Alto, CA 94306

5   Jordan L. Wilson
    3701 Sacramento Street, Apt. 415
6   San Francisco, CA 94118

7   Lorraine O. Carcam
8   243-B Fourth Avenue
    San Francisco, CA 94118

9   **SPECIAL INTERROGATORY NO. 3:**

10          Identify all persons at Coudert who performed any work for SenoRx on the matter which

11  lead to the issuance of United States Patent No. 6,607,528.  Identify means provide the name, last

12  known address and telephone number of each such person.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

14          The general objections above are incorporated by reference as though fully set forth herein.

15  Subject to and without waiving its general objections, Coudert specifically objects to this

16  interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant

17  nor reasonably calculated to lead to admissible evidence.   Coudert further objects to this

18  interrogatory as excessive under Code of Civil Procedure Section 94(a).  Without waiving and

19  subject to the foregoing objections, Coudert states that the following is a list of former employees

20  of Coudert who performed work on the matter which lead to the issuance of United States Patent

21  No. 6,607,528 and their last known addresses:

22

23  Ed Lynch
    2990 Clay Street, Apt. 3
24  San Francisco, CA 94115

25

26  James A. Fox
    3708 Carlson Circle
27  Palo Alto, CA 94306

28

DEFENDANT COUDERT BROTHERS LLP'S RESPONSES TO PLAINTIFF SENORX, INC.'S
FIRST SET OF SPECIAL INTERROGATORIES

1   Jordan L. Wilson
    3701 Sacramento Street, Apt. 415
2   San Francisco, CA 94118

3   Lorraine O. Carcamo
    243-B Fourth Avenue
4   San Francisco, CA 94118

5   Tara Faenza
    95 McCoppin Street, Apt. 210
6   San Francisco, CA 94103.

7   **SPECIAL INTERROGATORY NO. 4:**

8
9       State the last known address and telephone number of Tara Faenza.

    **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**
10
11      The general objections above are incorporated by reference as though fully set forth herein.

12  Subject to and without waiving its general objections, Coudert specifically objects to this

13  interrogatory as seeking information containing, referring to or constituting personal, confidential

    or proprietary information.  Coudert further objects to this interrogatory as excessive under Code of
14
15  Civil Procedure Section 94(a).  Without waiving and subject to the foregoing objections, Coudert

16  states that the last known address for Tara Faenza is: 95 McCoppin Street, Apt. E210, San

17  Francisco, California, 94103.

    **SPECIAL INTERROGATORY NO. 5:**
18
19      State whether Tara Faenza was terminated from her employment at Coudert.

    **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**
20
21      The general objections above are incorporated by reference as though fully set forth herein.

22  Subject to and without waiving its general objections, Coudert specifically objects to this

23  interrogatory as seeking information containing, referring to or constituting personal, confidential

    or proprietary information.  Coudert further objects to this interrogatory as excessive under Code of
24
25  Civil Procedure Section 94(a).  Without waiving and subject to the foregoing objections, Coudert

26  states that Tara Faenza was terminated from her employment at Coudert.

    **SPECIAL INTERROGATORY NO. 6:**
27
28      If Tara Faenza was terminated from her employment at Coudert, please state each and

DEFENDANT COUDERT BROTHERS LLP'S RESPONSES TO PLAINTIFF SENORX, INC.'S
FIRST SET OF SPECIAL INTERROGATORIES

1   regarding the matter which lead to the issuance of United States Patent No. 6,607,528.

2   **SPECIAL INTERROGATORY NO. 39:**

3       State the total amount of legal fees that Coudert contends SenoRx still owes Coudert

4   regarding the matter which lead to the issuance of United States Patent No. 6,607,528.

5   **RESPONSE TO SPECIAL INTERROGATORY NO. 39:**

6       The general objections above are incorporated by reference as though fully set forth herein.

7   Subject to and without waiving its general objections, Coudert specifically objects to this

8   interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant

9   nor reasonably calculated to lead to admissible evidence.    Coudert further objects to this

10  interrogatory as excessive under Code of Civil Procedure Section 94(a).   Coudert further objects

11  that the interrogatory mis-states Coudetr's contentions.    Without waiving and subject to the

12  foregoing objections, Coudert states that it does not contend that SenoRx still owes money to

13  Coudert regarding the matter which lead to the issuance of United States Patent No. 6,607,528.

16  Dated:    July 6, 2005                      COUDERT BROTHERS LLP

18            By:    _William M. Walker / cmk_
                        William M. Walker
                        Defendant *Pro Se*

DEFENDANT COUDERT BROTHERS LLP'S RESPONSES TO PLAINTIFF SENORX, INC.'S
FIRST SET OF SPECIAL INTERROGATORIES

**EXHIBIT 4**

1    SEDGWICK, DETERT, MORAN & ARNOLD LLP
      STEVEN D. WASSERMAN  Bar No. 88291

2    MARK J. HANCOCK  Bar No. 160662
      One Market Plaza

3    Steuart Tower, 8th Floor
      San Francisco, California 94105

4    Telephone: (415) 781-7900
      Facsimile: (415) 781-2635

NOV 3 2005

5

6    Attorneys for Cross-Defendants
      Edward J. Lynch and Duane Morris LLP

7      

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF SAN FRANCISCO

10

| | |
|---|---|
| 11   SENORX, INC., | CASE NO. CGC 04-435849 |
| 12        Plaintiff, | **RESPONSES OF DUANE MORRIS LLP** |
| 13        v. | **TO COUDERT BROTHERS LLP'S** **FORM INTERROGATORIES (SET ONE)** |
| 14   COUDERT BROTHERS, LLP, and DOES 1-500, | |
| 15 | |
| 16        Defendants. | |
| 17   COUDERT BROTHERS LLP, | |
| 18        Cross-Complainant, | |
| 19        v. | |
| 20   EDWARD J. LYNCH, an individual; DUANE MORRIS LLP; and DOES 1 to | Complaint Filed:    October 27, 2004 |
| 21   60, inclusive, | Trial Date:        January 9, 2006 |
| 22        Cross-Defendants. | |
| 23 | |
| 24   AND RELATED CROSS-ACTIONS. | |

25   ASKING PARTY:        Defendant Pro Se COUDERT BROTHERS LLP

26   ANSWERING PARTY:     Cross-Defendant DUANE MORRIS LLP

27   SET NUMBER:        ONE

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1290703v1

-1-

1  **RESPONSE TO FORM INTERROGATORY NO. 4.2:**

2        The responding party objects to this interrogatory on the ground that the term "incident"

3  is vague and ambiguous in the context of this litigation.  The responding party further objects to

4  this interrogatory on the ground that it seeks information that is not relevant to the subject matter

5  of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6  Without waiving these objections, the responding party responds as follows:  No

7  **FORM INTERROGATORY NO. 12.1:**

8        State the name, **ADDRESS**, and telephone number of each individual:

9        (a)    who witnessed the **INCIDENT** or the events occurring immediately before or

10             after the **INCIDENT**;

11       (b)    who made any statement at the scene of the **INCIDENT**;

12       (c)    who heard any statements made about the **INCIDENT** by any individual at the

13             scene;

14       (d)    who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge

15             of the **INCIDENT** (except for expert witnesses covered by Code of Civil

16             Procedure, § 2034).

17  **RESPONSE TO FORM INTERROGATORY NO. 12.1:**

18       The responding party objects to this interrogatory on the ground that the term "incident"

19  is vague, ambiguous and unintelligible within the context of this litigation.  Without waiving

20  these objections, some or all of the following people may have knowledge of the matters alleged

21  in the cross-complaint:  Edward J. Lynch, Ruth Der, Tara Faenza, Donald Bartels, David Schnapf

22  and Paul Lubock.  Mr. Lynch and Ms. Der may be contacted through counsel, Sedgwick, Detert,

23  Moran & Arnold LLP.  Ms. Fenza's current address is unknown, Mr. Bartels is believed to be

24  with the firm of Nixon Peabody in San Francisco, and Mr. Schnapf's current address is unknown.

25  **FORM INTERROGATORY NO. 12.2:**

26       Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual

27  concerning the **INCIDENT**? If so, for each individual state:

28       (a)    the name, **ADDRESS**, and telephone number of the individual interviewed;

RESPONSE OF DUANE MORRIS LLP TO COUDERT BROTHERS LLP'S
FORM INTERROGATORIES (SET ONE)

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

## **VERIFICATION**

I, Edward J. Lynch, declare:

I am a cross-defendant in the above entitled action. I have read the foregoing responses of Edward J. Lynch to Coudert Brothers, LLP's Form Interrogatories (Set One) and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

Case 3:07-cv-01075-SC    Document 33-5    Filed 07/27/2007    Page 11 of 20

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed at San Francisco, California on the 1st day of November, 2005.

_Edward J Lynch_
Edward J. Lynch

SF/1290708v1

RESPONSE OF EDWARD J. LYNCH TO COUDERT BROTHERS LLP'S
FORM INTERROGATORIES (SET ONE)

SEDGWICK
DETERT, MORAN & ARNOLD LLP

*SenoRx, Inc. v. Coudert Brothers, LLP, et al.* and Related Cross Action
San Francisco County Superior Court No. CGC 04-435849

1

## PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party to
3  the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market
Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On November 1, 2005, I
4  served the within document(s):

5      **RESPONSES OF EDWARD J. LYNCH TO COUDERT BROTHERS LLP'S
FORM INTERROGATORIES (SET ONE)**

6

☐      FACSIMILE - by transmitting via facsimile the document(s) listed above to the
7             fax number(s) set forth on the attached Telecommunications Cover Page(s) or this
date before 5:00 p.m.

8      ☒      MAIL - by placing the document(s) listed above in a sealed envelope with postage
9             thereon fully prepaid, in the United States mail at San Francisco, California
addressed as set forth below.

10      ☐      PERSONAL SERVICE - by personally delivering the document(s) listed above to
the person(s) at the address(es) set forth below.

11
☐      OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
12             envelope with shipping prepaid, and depositing in a collection box for next day
delivery to the person(s) at the address(es) set forth below via .

13
Michael J. Puize, Esq.                              Attorneys For Plaintiff SenoRx
14  Geraldine Weiss, Esq.
Law Offices of Michael J. Puize
15  11755 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
16  T: 310-312-1102
F: 310-473-0708
17
Glenn W. Trost, Esq.                               Attorneys For Defendant and Cross-Complainant
18  William M. Walker, Esq.                          Coudert Brothers LLP
Jon E. Hokanson, Esq.
19  Brian F. Drazich, Esq.
Coudert Brothers LLP
20  333 South Hope Street, 23rd Floor
Los Angeles, CA 90071
21  T: 213-229-2900
F: 213-229-2999
22

23      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
24  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
25  meter date is more than one day after date of deposit for mailing in affidavit.

26      I declare under penalty of perjury under the laws of the State of California that the above
is true and correct. Executed on November 1, 2005, at San Francisco, California.

27

28                                                          _____
                                                                         Marion Tate

1
Proof of Service

SF/1295685v1

**EXHIBIT 5**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SENORX, INC., | ) | No. C-07-1075 SC |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING |
| COUDERT BROTHERS, LLP, and DOES 1-500, | ) | PLAINTIFF'S MOTION TO REMAND |
| Defendants. | ) | |

I.  **INTRODUCTION**

Presently before the Court is a motion by Plaintiff SenoRx, Inc. ("Plaintiff" or "SenoRx") to remand the action to state court.  See Mot. to Remand, Docket No. 13.  Defendants Coudert Brothers, LLP et al. ("Defendants" or "Coudert") filed an opposition to Plaintiff's motion.  See Opp'n, Docket No. 15.

For the reasons discussed herein, the Court DENIES Plaintiff's Motion to Remand.

II.  **BACKGROUND**

In 2001, SenoRx retained the law firm Coudert Brothers LLP to represent it in the filing of several patent applications.  See Weiss Decl., Ex. 1.  In 2004, Plaintiff sued Defendants in California Superior Court for professional negligence stemming from Defendants' legal advice and actions on behalf of Plaintiff.

United States District Court
For the Northern District of California

1    <u>See</u> Not. of Removal, ¶ 1.  From late 2004 through late 2006, the

2    state court litigation continued as Plaintiff filed several

3    amendments to substitute named limited liability partners of

4    Coudert Brothers LLP for the DOE defendants and Defendants filed

5    demurrers.  <u>See</u> <u>id.</u> at ¶¶ 2-3.

6    On September 22, 2006, Coudert filed a Chapter 11 Bankruptcy

7    Petition in the United States Bankruptcy Court for the Southern

8    District of New York: <u>In re Coudert Brothers LLP</u>, Case No. 06-

9    12226 (the "Bankruptcy Case").  <u>See</u> <u>id.</u> at ¶ 4.  On November 8,

10   2006, Plaintiff filed its Fourth Amended Complaint and the state

11   court subsequently overruled Defendants' demurrer to that

12   complaint.  <u>See</u> <u>id.</u> at 5.  On January 31, 2007, Plaintiff filed a

13   proof of claim in the Bankruptcy Case seeking the same recovery as

14   the claims set forth in its Fourth Amended Complaint.  <u>See</u> <u>id.</u> at

15   6.  Defendants removed the action to this Court on February 21,

16   2007.  <u>See</u> <u>id.</u>

17

18   **III.  <u>DISCUSSION</u>**

19       **A.  <u>Jurisdiction</u>**

20       This matter was removed to federal court pursuant to 28

21   U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy

22   Procedure.  Under 28 U.S.C. § 1334(b), which governs federal

23   jurisdiction over bankruptcy matters, "Congress intended to grant

24   comprehensive jurisdiction to the bankruptcy courts so that they

25   might deal efficiently and expeditiously with all matters

26   connected with the bankruptcy estate."  <u>Celotex Corp. v. Edwards</u>,

27   514 U.S. 300, 308 (1995).  Furthermore, "the 'related to' language

28                                    -2-

**United States District Court**
For the Northern District of California

Case 3:07-cv-01075-SC   Document 33-5   Filed 07/27/2007   Page 16 of 20

1   of § 1334(b) must be read to give district courts (and bankruptcy

2   courts under § 157(a)) jurisdiction over more than simple

3   proceedings involving the property of the debtor or the estate."

4   Id.

5        On January 31, 2007, Plaintiff filed a proof of claim in the

6   Bankruptcy Case seeking the same recovery it seeks in this

7   case.   See Not. of Removal, ¶ 6.   As a result, Plaintiff's claims

8   against Coudert Brothers LLP are core bankruptcy matters which are

9   subject to the jurisdiction of the bankruptcy court.   See In re

10  G.I. Industries, 204 F.3d 1276, 1279-80 (9th Cir. 2000) ("The

11  filing of a proof of claim is the prototypical situation involving

12  the 'allowance or disallowance of claims against the estate,' a

13  core proceeding under 28 U.S.C. § 157(b)(2).").

14       In this action, Plaintiff has also filed suit against

15  numerous individuals who were partners of the Coudert law firm

16  (the "Individual Partner Defendants").   The Individual Partner

17  Defendants are not debtors in the Bankruptcy Case.   See Pl.'s

18  Reply, 2.   In its Reply Brief, Plaintiff concedes that the Court

19  cannot remand the claims against Coudert Brothers LLP, but

20  requests that the Court remand the claims against the Individual

21  Partner Defendants.   See id., 1-2.

22       28 U.S.C. § 1452 also allows "removal of claims related to

23  bankruptcy cases."   Though not core bankruptcy proceedings, the

24  claims against the Individual Partner Defendants are related to

25  the Bankruptcy Case.   The Ninth Circuit has stated:

26       The usual articulation of the test for determining whether a
         civil proceeding is related to bankruptcy is whether the
27       outcome of the proceeding could conceivably have any effect

28                                    -3-

United States District Court
For the Northern District of California

Case 3:07-cv-01075-SC Document 33-5 Filed 07/27/2007    Page 17 of 20

1    on the estate being administered in bankruptcy. [citations
     omitted]. Thus, the proceeding need not necessarily be
2    against the debtor or against the debtor's property. An
     action is related to bankruptcy if the outcome could alter
3    the debtor's rights, liabilities, options, or freedom of
     action (either positively or negatively) and which in any way
4    impacts upon the handling and administration of the bankrupt
     estate.
5    In re Feitz, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in

6    original).

7    recover from the Individual Partner Defendants will either

8    positively or negatively affect the bankruptcy estate.  On the one

9    hand, if the Individual Partner Defendants are liable for

10   malpractice and guarantors for damages against Coudert Brothers

11   LLP, claims against the estate will be reduced.  On the other

12   hand, a holding of liability will likely give rise to indemnity

13   claims by the partners against the bankruptcy estate, negatively

14   affecting the estate.  See In re Sizzler Rests. Int'l, Inc., 262

15   B.R. 811, 818-819 (Bankr. C.D. Cal. 2001) (discussing how

16   indemnity claims give rise to "related to" bankruptcy

17   jurisdiction).

18       **B.  Abstention**

19       Plaintiff asserts that the Court should abstain from hearing

20   this case under 28 U.S.C. § 1334(c).  See Mot. to Remand, 14.

21   Plaintiff's argument fails.  In the Ninth Circuit, abstention is

22   unavailable if there is no pending state court proceeding.  See In

23   re Lazar, 237 F.3d 967, 981-82 (9th Cir. 2001) ("Accordingly,

24   because there is no pending state proceeding, §§ 1334(c)(1) and

25   1334(c)(2) are simply inapplicable to this case.").  As a result

26   of Defendant's removal, no pending state proceeding remains and

27   abstention does not apply.

28                                    -4-

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    **C.    Equitable Remand**

2        Plaintiff also requests equitable remand of the action

3    pursuant to 28 U.S.C. § 1452(b).  <u>See</u> Mot. to Remand, 10.  In

4    analyzing whether to remand, the Court should consider a variety

5    of equitable factors, including:

6        (1) the effect of the action on the administration of the

7        bankruptcy estate; (2) the extent to which the issues of

8        state law predominate; (3) the difficulty of applicable state

9        law; (4) comity; (5) the relatedness or remoteness of the

10       action to the bankruptcy case; (6) the existence of a right

11       to jury trial; and (7) prejudice to the party involuntarily

12       removed from state court.

13   <u>Williams v. Shell Oil Co.</u>, 169 B.R. 684, 692-693 (S.D. Cal. 1994).

14   A thorough evaluation of the relevant factors weighs in favor of

15   denying equitable remand.

16       1.    **Effect of the action on the bankruptcy estate**

17       As previously discussed, the resolution of this case will

18   have a significant effect on the bankruptcy estate.  The large

19   amount of money at stake in this litigation has the potential to

20   greatly reduce the bankruptcy estate and constitutes a significant

21   potential liability for the debtor.  The estimation of such

22   liabilities is "a mandatory obligation of the bankruptcy court"

23   <u>A.H. Robbins Co. v. Piccinin</u>, 788 F.2d 994, 1012 (4th Cir. 1986).

24       2.    **Relatedness of the action to the Bankruptcy Case**

25       As noted by Defendants, this action is related to the

26   Bankruptcy Case.  First, Coudert Brothers LLP is the debtor in the

27   Bankruptcy Case and Plaintiff filed a proof of claim in that case

28                                -5-

concerning the same transactions as this case.  Second, the
Individual Partner Defendants were allegedly members of the firm
at the time it did legal work for Plaintiff and have been named as
guarantors of the firm's liabilities.  As such, any action against
the Individual Partner Defendants will necessarily inquire into
the liability of the debtor and whether its insurance is
sufficient to cover Plaintiff's claims.  Plaintiff's claims
against the non-debtor partners are thus inextricably linked to
its claims against the debtor.

> ### 3.  Issues of state law

Plaintiff's case involves relatively straightforward state
law claims of legal malpractice.  In support of its motion to
remand, Plaintiff argues that the trial court will need to
interpret California Corporations Code § 16956, which regulates
the amount of insurance a limited liability partnership must hold.
See Mot. to Remand, 11.  Despite the presence of state law claims
and the need to interpret a state statute, bankruptcy courts are
capable of resolving issues of state law, as the court will be
able to do in this case.  See In the Matter of Chicago, Milwaukee,
St. Paul & Pacific R.R. Co., 6 F.3d 1184 (7th Cir. 1993) (stating
that bankruptcy courts are qualified to resolve issues of state
law).

> ### 4.  Comity

Comity does not favor remand in this case.  Though the case
was before the state court for some time, the court had not made
significant progress.  Indeed, it was not until January 2007 that
the demurrer to Plaintiff's Fourth Amended Complaint was

**United States District Court**
For the Northern District of California

1  overruled.  <u>See</u> Not. of Removal, ¶ 5; <u>see</u> <u>e.g.</u>, <u>In re Talon</u>

2  <u>Holdings, Inc.</u>, 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998) ("[A]t

3  the time this action was removed, the proceedings in the State

4  Court were not sufficiently advanced such that concerns for comity

5  and waste of judicial resources are implicated.")

6

7  Consideration of the remaining factors weighs against remand.

8

9  **IV.    <u>CONCLUSION</u>**

10  For the reasons described herein, Plaintiff's Motion to

11  Remand is DENIED.

12

13  IT IS SO ORDERED.

14

15  Dated: May 24, 2007

16

17  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28