Martin K. Deniston (State Bar No. 106737)
Diana M. Estrada (State Bar No. 212702)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
Coudert Brothers LLP and Defendants identified in Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENORX, INC., <br><br> Plaintiff, <br><br> v. <br><br> COUDERT BROTHERS, LLP, and DOES 1 – 500, <br><br> Defendants. | Case No: C 07-01075 SC <br><br> **REPLY BRIEF OF DEFENDANTS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1412** <br><br> **Date: August 17, 2007** <br> **Time: 10:00 a.m.** <br> **Courtroom: 1** <br> **Judge: Honorable Samuel Conti** |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................... 1

II. 28 U.S.C. § 1412 AUTHORIZES THIS COURT TO TRANSFER BOTH RELATED TO AND CORE PROCEEDINGS AND THUS THE INSTANT MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK ...................................................... 2

III. EVEN IF THE COURT CONCLUDED THAT 28 U.S.C. § 1412 AUTHORIZES ONLY THE TRANSFER OF CORE PROCEEDINGS, THIS IS A CORE PROCEEDING AGAINST COUDERT BROTHERS LLP……………………………………………..5

IV. SENORX DOES NOT DISPUTE THAT THIS COURT MAY TRANSFER THIS MATTER EITHER IN THE "INTEREST OF JUSTICE <u>OR</u> FOR THE "CONVENIENCE OF THE PARTIES" ................................. 6

V. SENORX'S OPPOSITION FAILS TO DISPUTE THE FACT THAT THE TRANSFER OF THIS MATTER TO THE SOUTHERN DISTRICT OF NEW YORK IS IN THE INTEREST OF JUSTICE ............................... 6

    A.  SenoRx Fails to Address the Relevant Factors ....................................... 6

    B.  Even Assuming the Six Factors Cited By SenoRx Somehow Apply, They Weigh in Favor of the Transfer of This Matter ........................................................................................................ 7

        1.  The First, Second and Fourth Factors Cited by SenoRx Regarding the Proximity of Creditors, the Debtor and the Debtor's Assets Weigh in Favor of a New York Venue ................................................................................. 8

        2.  SenoRx Has Not Shown That the Third Factor Regarding the Proximity of Witnesses Necessary to the Administration of the Estate, Would Mitigate Against the Transfer of this Matter ............................................................ 8

        3.  SenoRx does not dispute that transferring this matter to the Southern District of New York will promote the economic and efficient administration of the Bankruptcy Estate including any further administration ............................................ 9

VI. EVEN IF TRANSFER WERE NOT IN THE INTEREST OF JUSTICE, THE CONVENIENCE OF THE PARTIES SUPPORTS THE TRANSFER OF THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK................................................................12

VII. CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

Cases

*A.B. Real Estate, Inc. v. Bruno's Inc.* (*In re Bruno's, Inc.*)
277 B.R. 311, 323 (Bankr. N.D. Ala.1998) ...................................................................3, 6

*Aliant Health Mgmt. Servs. v. Vital Link Private Duty Lodi, Inc.* (*In re Vital Link Lodi, Inc.*), 240
B.R. 15, 19 (Bankr. W.D. Mo. 1999) .................................................................................4

*Blanton v. IMN Fin. Corp.*
260 B.R. 257, 267 (M.D.N.C. 2001) ...............................................................................3, 4

*In Re Chicago Milwaukee, St. Paul & Pacific R.R. Co.*
6 F.3d 1184 (7th Cir. 1993) ................................................................................................12

*City of Liberal v. Trailmobile Corp.*
316 B.R. 358, 362 (D. Kan. 2004) ......................................................................................4

*In re Cole Associates, Inc.*
7 B.R. 154, 157 (Bankr. D. Utah 1980) ..............................................................................9

*In re Commonwealth Oil Refining Company, Co.*
596 F.2d 1239, 1247 (5th Cir. 1979) ...............................................................................7, 9

*In re Enron Corp.*
274 B.R. 327, 343-349 (Bankr. S.D.N.Y. 2002).................................................................7

*In re G.I. Industries.*
204 F3d 1276, 1279-80 (9th Cir. Cal. 2000)......................................................................5

*Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products
Corp.)* 896 F.2d 1384, 1391 (2d. Cir. 1991) .......................................................................8

*In re Harnischfeger Indus.* ..................................................................................................7
246 B.R. 421, 440 (Bankr. N.D. Ala. 2000)

*Hohl v. Bastian*,
279 B.R. 165, 177-78 (W.D. Pa. 2002) ..............................................................................3

*In re Red Ash Coal & Coke Corp.*
83 B.R. 399 (Bankr. W.D. Va. 1998) .................................................................................5

*In re Iridium Operating LLC*
185 B.R., 822, 835 (Bankr. S.D.N.Y. 2002).......................................................................2

*In re Sudbury*
149 B.R. 489, 493 (Bankr. N.D. Ohio 1993) ......................................................................3

*TIG Insurance Co. v. Smolker (In re TIG Insurance Company)*
264 B.R. 661, 666-667 ..................................................................................................4, 6

*In re Toxic Control Technologies, Inc.*
84 B.R. 140 (Bankr. N.D. Ind. 1988) ................................................................................. 6

*TVI, Inc. v. Russo (In re Russo)*
2002 Bankr. LEXIS 1927 (Bankr. D. Idaho 2002) ............................................................ 4

Statutes

Fed.R. Bankr.7087 ........................................................................................................... 4

28 U.S.C. § 1404(a) .......................................................................................................... 4

28 U.S.C. § 1412 ............................................................................................ 2, 3, 4, 5, 6

Treatises

*Collier on Bankruptcy* (P4.04[4][b])
(15th ed. rev. 2005) ........................................................................................................... 2

*Collier on Bankruptcy* (P4.04[4][1])
(15th ed. rev. 2005) ........................................................................................................... 3

10 *Collier on Bankruptcy* Chapter 7087 *Transfer of Adversary Proceeding*
P 7087.02 (15th ed. rev. 2005) ......................................................................................... 6

REPLY BRIEF OF DEFENDANTS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
573200.1

TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD:

Defendants Coudert Brothers LLP, Charles E. Aster, Stephen H. Becker, Philippe Bennett, Pamela T. Church, Charles H. Critchlow, Edmund S. Cohen, Jeffrey E. Cohen, James C. Colihan, William K. Coulter, Richard N. Dean, Richard De Palma, Robert L. Eisen, Joseph Farrell, Kay Georgi, Tara K. Giunta, Kevin W. Goering, Deborah Goldstein, Michael J. Hagan, Robert E. Hanlon, Gerard V. Hannon, Andrew Hedden, Janet Hernandez, Stephen M. Hudspeth, W. Michael Kelly, Frederick P. Konta, George J. Martin, Jr., Brian McGunigle, Barry Metzger, Owen Nee, Marilyn S. Okoshi, Richard M. Ornitz, Kenneth R. Page, Robert F. Pietrowski, Jr., Darrell Prescott, Clyde E. Rankin, III, Richard Reilly, Thomas Rice, Olga Sirodoeva, James B. Sitrick, Roger D. Stark, Edward H. Tillinghast, III, Charles H. Wagner, Roger B. Wagner, Christopher M. Wells, Anthony Williams, Mary F. Voce, John M. Gurley, and Carol B. Stubblefield (collectively, "Defendants") hereby submit their reply to plaintiff SenoRx's Opposition to Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1412.

## I. INTRODUCTION

This Court should grant Defendants' motion to transfer this matter to the United States District Court for the Southern District of New York, the court where Coudert Brothers LLP's bankruptcy is pending, as SenoRx's Opposition has failed to present any relevant facts or evidence that would preclude the court from granting the motion. SenoRx has not disputed that the transfer of this matter would be in the interest of justice as it would promote the economic and efficient administration of the bankruptcy estate. SenoRx has presented no evidence that indicates that such transfer would so inconvenience any party as to overcome the presumption in favor of transfer. Indeed, SenoRx simply ignores the seven factors addressed in Defendants' moving papers that courts consider in determining whether a transfer is in the interest of justice.

Instead, SenoRx, mistakenly elects to direct this court's attention to six factors from cases that address a request by creditors to transfer the bankruptcy proceeding itself to a different jurisdiction. Furthermore, despite setting forth those six factors, SenoRx fails to address them or explain how they apply in the instant matter. Finally, even assuming *arguendo* the six factors somehow do apply, they also all weigh in favor of transfer.

Further, SenoRx has not disputed that it has consented to the jurisdiction of the Bankruptcy Court by virtue of filing its proof of claim in the United States Bankruptcy Court in the Southern District of New York. SenoRx has not disputed that the filing of the proof of claim made this matter a core bankruptcy proceeding which should accordingly be litigated in the Southern District of New York. Moreover, SenoRx has failed to set forth any compelling reasons why this matter should not be transferred to the Southern District of New York pursuant to 28 U.S.C. §1412.

**II. 28 U.S.C. § 1412 AUTHORIZES THIS COURT TO TRANSFER BOTH RELATED TO AND CORE PROCEEDINGS, AND THUS THE TRANSFER OF THE INSTANT MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IS APPROPRIATE.**

Contrary to SenoRx's assertion that 28 U.S.C. § 1412 is not the appropriate vehicle by which to transfer related to matters, SenoRx blatantly ignores the authority set forth in the moving papers establishing that 28 U.S.C. § 1412 is not only the appropriate statute governing the transfer of core proceedings[1], it is also the appropriate statue governing the transfer of related to

---

[1] "Where a party seeks to transfer venue for a core proceeding, the applicable statue is [also] 28 U.S.C. § 1412." (In re Iridium Operating LLC, 185 B.R. 822, 835 (Bankr. S.D.N.Y. 2002); 1 Collier on Bankruptcy P4.04[4][b] (15th ed. rev. 2005) .) Indeed, SenoRx does not dispute that this matter is also a core proceeding by virtue of the proof of claim SenoRx has filed with the United States Bankruptcy Court for the Southern District of New York. As such, 28 U.S.C. §

proceedings. "28 U.S.C. § 1412 is the applicable change of venue statute for determining whether a transfer of proceedings related to the bankruptcy case is appropriate." (*A.B. Real Estate, Inc. v. Bruno's Inc.* (*In re Bruno's, Inc.*) 277 B.R. 311, 323 (Bankr. N.D. Ala.1998); *See Hohl v. Bastian*, 279 B.R. 165, 177-78 (W.D. Pa. 2002) ("The home court presumption provides that a court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts."); *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 267 (M.D.N.C. 2001) ("Many courts presume that the proper venue for a proceeding related to a bankruptcy case is in the district hearing the bankruptcy case"); *Aliant Health Mgmt. Servs. v. Vital Link Private Duty Lodi, Inc.* (*In re Vital Link Lodi, Inc.*), 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999) ("The general rule is that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction."); *In re Sudbury*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993).)

Although there may a split of authority throughout the country on this issue, the principal commentators on bankruptcy conclude that "Section 1412 of title 28 applies to changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11" and stating further "[a] few courts treat related claims and causes of action somewhat differently for change-of-venue purposes, a conclusion not to be recommended." (Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* P4.04[1] (15th ed. rev. 2005).) Moreover, the Court in *In re Bruno's, Inc.* stated, that the majority of courts use § 1412 as the mechanism by which to transfer related to cases. (*In Re: Bruno's, Inc. supra at* 323.)

1412 is the appropriate vehicle by which this Court may issue an order transferring this matter to the United States District Court for the Southern District of New York.

3
REPLY BRIEF OF DEFENDANTS TO PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
573200.1

The Court in *City of Liberal v. Trailmobile Corp.,* 316 B.R. 358, 362 (D. Kan. 2004) acknowledging the split of authority justified the use of § 1412 as a vehicle by which to transfer related to cases as follows:

> "If the court were to resolve the matter, it would find that § 1412 controls, and find that the line of decisions exemplified in *In re Bruno's* is the more persuasive. As that court noted, this interpretation is supported on two grounds. The plain language of § 1412 provides that it applies to a change of venue of a Title 11 Bankruptcy case or proceeding, while § 1404(a) refers generally only to a "civil action." Moreover, Fed.R. Bankr.7087, which deals with removed adversary proceedings[,] explicitly references § 1412 rather than § 1404(a).

Not only do the majority of court's hold that §1412 is the appropriate change of venue statute for related to matters, SenoRx fails to cite to any authority from the Ninth Circuit and/or any United States Bankruptcy Court in California holding contrary to all of the above cited cases that instruct that §1412 is the appropriate means by which to transfer related to proceedings. In fact, the United States Bankruptcy Court for the Central District of California, in *TIG Insurance Co. v. Smolker (In re TIG Insurance Company)* 264 B.R. 661, 666-667, followed *In re Bruno's, Inc.* in utilizing §1412 in a "related to" proceeding that the debtor sought to have transferred to the district in which the debtor's bankruptcy was pending. In addition, the court in *TVI, Inc. v. Russo (In re Russo)* 2002 Bankr. LEXIS 1927 (Bankr. D. Idaho 2002), cited *In re Bruno's, Inc. supra* for authority in reference to its use of §1412 to transfer an adversary proceeding. Thus, although there may be a split of authority, the majority position, as set forth in *Collier on Bankruptcy* and adopted within the Ninth Circuit in *In re TIG Insurance Company supra* and *In re Russo supra,* is that 28 U.S.C. § 1412 is the appropriate vehicle by which this Court may issue an order transferring this matter to the United States District Court for the Southern District of New York and SenoRx's argument to the contrary, should rejected.

### III. EVEN IF THE COURT CONCLUDED THAT 28 U.S.C. § 1412 AUTHORIZES ONLY THE TRANSFER OF CORE PROCEEDINGS, THIS IS A CORE PROCEEDING AGAINST COUDERT BROTHERS LLP.

Even if the Court were to conclude that 28 U.S.C. § 1412 only applied to transfers of core proceedings, SenoRx does not dispute that this is a core proceeding as to Coudert Brothers LLP. Moreover, this Court issued an Order on May 24, 2007, denying SenoRx's motion to remand, noting, among other things, that the proof of claim filed by SenoRx in the Southern District of New York concerned the same transactions as this case and, as a result, is a core bankruptcy matter subject to jurisdiction of the bankruptcy court.  "The filing of a proof of claim is the prototypical situation involving the 'allowance or disallowance of claims against the estate,' a core proceeding under 28 U.S.C. § 157(b)(2)." *In re G.I. Industries*, 204 F.3d 1276, 1279-80 (9th Cir. Cal. 2000).

It would make no sense to split this case and only transfer the case against Coudert Brothers LLP and not the partners.  Indeed, this case consists of a single claim, which is not capable of being severed.  Because SenoRx seeks to redress a single wrong in its single cause of action against both the alleged guarantors (i.e., the Individual Partner Defendants) and the debtor (Coudert Brothers LLP), the claim is rendered a single claim under 28 U.S.C. §1452 and not separate and distinct claims capable of being severed.  (*In re Red Ash Coal & Coke Corp.* 83 B.R. 399 (1988 W.D. Va.)  Therefore, if this Court were to conclude that § 1412 only applied to transfers of core proceedings, the Court should transfer the entire matter in light of the single claim incapable of being severed and the fact that this is a core proceeding as to Coudert Brothers LLP.

## IV. SENORX DOES NOT DISPUTE THAT THIS COURT MAY TRANSFER THIS MATTER EITHER IN THE "INTEREST OF JUSTICE OR FOR THE "CONVENIENCE OF THE PARTIES."

28 U.S.C. § 1412 provides that a district court may transfer a case or proceeding to a district court for another federal district, "in the interest of justice or for the convenience of the parties." Because the criteria under § 1412 are phrased in the disjunctive, the case or proceeding is transferable upon a sufficient showing of either the interest of justice or for the convenience of the parties. (*In re Toxic Control Technologies, Inc.,* 84 B.R. 140 (Bankr. N.D. Ind. 1988).) SenoRx does not dispute this and has failed to establish either that the transfer of this matter is not in the interest of justice and/or that it is not for the convenience of the parties.

## V. SENORX'S OPPOSITION FAILS TO DISPUTE THE FACT THAT THE TRANSFER OF THIS MATTER TO THE SOUTHERN DISTRICT OF NEW YORK IS IN THE INTEREST OF JUSTICE.

### A. SenoRx Fails to Address the Relevant Factors.

SenoRx has failed to set forth any facts that establish that the transfer of this matter is not in the interest of justice. Defendants addressed the seven relevant factors in its moving papers that courts often consider in determining whether the transfer of a matter is in the interest of justice (i.e., (1) the economics of estate administration, (2) the presumption in favor of the home court, (3) judicial efficiency, (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders, by those familiar with its laws, (6) enforceability of any judgment rendered, and (7) plaintiff's original choice of forum. (*In re Bruno's, Inc. supra.* at 324-325; *TIG Insurance Co. v. Smolker (In re TIG Insurance Company)* 264 B.R. 661, 668 (Bankr. CD. CA 2001); 10 *Collier on Bankruptcy* Chapter 7087 *Transfer of Adversary Proceeding* P 7087.02 (15th ed. rev. 2005) (citations omitted).) In pages 9 through 15 of their

6
REPLY BRIEF OF DEFENDANTS TO PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
573200.1

moving papers, Defendants addressed each one of these factors and illustrated how each of these seven factors weighed in favor of the transfer of this matter to the United States District Court for the Southern District of New York. SenoRx has failed to respond in any way to any of Defendants' comments concerning these factors and does not dispute any of the factors. Therefore, because there is a presumption in favor of transfer, this matter should be transferred to the United States District Court for the Southern District of New York. (*Id; In re Harnischfeger Indus.*, 246 B.R. 421, 440 (Bankr. N.D. Ala. 2000).)

SenoRx has simply ignored these factors opting instead to direct this court to the following six factors cited from *In re Commonwealth Oil Refining Company, Co.* 596 F.2d 1239, 1247 (5th Cir. 1979) and *In re Enron Corp.* 274 B.R. 327, 343-349 (Bankr. S.D.N.Y. 2002): (1) The proximity of creditors of every kind to the Court; (2) The proximity of the bankrupt (debtor) to the Court; (3) The proximity of the witnesses necessary to the administration of the estate; (4) The location of the assets; (5) The economic administration of the estate; and (6) The necessity for further administration if liquidation ensues. *In re Commonwealth Oil Refining Company, Co.* and *In re Enron Corp.* were cases that addressed a request by creditors to transfer the bankruptcy proceeding itself to a different jurisdiction. Here, SenoRx, the creditor, is not requesting a transfer of the bankruptcy proceeding. Accordingly, the six factors cited by SenoRx are inapplicable to the instant motion.

**B. Even Assuming the Six Factors Cited By SenoRx Somehow Apply, They Weigh in Favor of the Transfer of This Matter.**

Even assuming arguendo that the six factors cited by SenoRx applied in the instant matter, application of those six factors weigh strongly in favor of the transfer of this matter to the Southern District of New York.

1. **The first, second, and fourth factors cited by SenoRx regarding the proximity of creditors, the debtor and the debtor's assets weigh in favor of a New York venue.**

The first factor regarding the proximity of creditors of every kind to the Court where Coudert Brothers LLP's bankruptcy is currently pending weighs in favor of the transfer because Coudert Brothers LLP was a worldwide law firm with its principal place of business in the state of New York. Therefore, Coudert Brothers LLP certainly has creditors in New York as well as creditors scattered throughout the world. SenoRx is only one of many creditors. Thus, New York provides a venue that is no better or no worse to a creditor in California versus a creditor in London. As such, this factor does not militate against the transfer of this matter to New York.

The second factor regarding the proximity of the bankrupt (debtor) to the Court supports the transfer of this matter because Coudert Brothers LLP's principal place of business was in New York, the state in which it filed Chapter 11 Bankruptcy. The bankruptcy proceeding is being administered in New York, and Defendants through this motion are seeking to transfer this instant matter to New York so that it is in a closer proximity to the debtor.

The fourth factor, the location of assets, also weighs in favor of the transfer of this matter to New York. Again, Coudert Brothers LLP's principal place of business was in New York. As such, numerous assets of Coudert Brothers LLP are located in New York.

2. **SenoRx does not dispute that transferring this matter to the Southern District of New York will promote the economic and efficient administration of the Bankruptcy Estate, including any further administration.**

The fifth and sixth factors cited by SenoRx, which are the most important factors, weigh heavily in favor of transfer. SenoRx does not dispute that the most important of all the relevant factors is generally recognized to be whether the transfer of the proceeding would promote the economic and efficient administration of the bankruptcy estate. (*Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)* 896 F.2d 1384, 1391

(2d. Cir. 1991); *See also e.g., In re Commonwealth Oil Refining Company, Inc.,* 596 F.2d 1239, 1247 (5th Cir. 1979); *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bankr. D. Utah 1980) ("If one factor be singled out as having the most logical importance, it would be whether a transfer would promote the efficient economic administration of the estate"). Of the six factors cited by SenoRx, the Court in *In re Commonwealth Oil Refining Company, Inc.* states that "the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." (*In re Commonwealth Oil Refining Company, Co.* at 1247.) Here, SenoRx has not and cannot dispute that the transfer of this matter would promote the economic and efficient administration of the estate. As detailed in Defendants' moving papers, and undisputed by SenoRx, transferring this proceeding to the Southern District of New York would promote judicial economy and the efficient administration of Coudert Brothers LLP's bankruptcy estate. As such, based on this fact alone, this matter should be transferred.

The sixth factor also weighs in favor of transfer of this matter because if SenoRx were to prevail in its claim against Coudert Brothers LLP in order to collect on the judgment there would be a liquidation proceeding for SenoRx to collect. Such a proceeding would take place in New York as that is where the bankruptcy proceeding is venued. Therefore, New York would be better suited for the instant matter. Accordingly, this factor also weighs in favor of transferring this matter.

**3.    SenoRx has not shown that the third factor regarding the proximity of witnesses necessary to the administration of the estate would militate against the transfer of this matter.**

The third factor regarding the proximity of the witnesses necessary to the administration of the estate also weighs in favor of transfer. While SenoRx is located in California and some of the events in question took place in California, the thrust of this case has to do with the undisputed missed filing deadlines of foreign patent applications in Japan, Canada, and Europe.

REPLY BRIEF OF DEFENDANTS TO PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
573200.1

Again, there is no dispute that the patent filing deadlines were missed. Accordingly, there are three primary issues in this case: (1) whether there was a breach of standard of care; (2) causation; and (3) damages.

The first issue in this case will require a determination of whether it was below the standard of care to miss the filing deadline. The focus of this inquiry will be international in nature because the applications were to be filed in Japan, Canada, and Europe. Moreover, patent law is federal in nature. Accordingly, there will be very little connection to California in reference to this issue. Moreover, the question of whether or not the standard of care was breached will be an issue addressed by retained experts, not by the testimony of former Coudert Brothers LLP paralegals, secretaries, or partners in California. The focus of these retained experts will be on international and national procedure that will be used to determine whether there was a breach of the standard of care.

The causation issue in this case will require inquiries during discovery that include the issue of whether the patent would have been issued even if the patent applications had been timely filed. The answer to that question will depend on the particular laws in Japan, Canada, and the European countries in question, not the laws of California. This will entail an examination of the laws of other countries and a determination of whether SenoRx would have obtained patents in these other countries based upon the countries' criteria for issuing patents. Moreover, these issues will be addressed by retained experts from these countries, not by the testimony of former Coudert Brothers LLP paralegals, secretaries, or partners in California. The testimony on these issues will focus not on what happened in California but what would have happened in Japan, Canada and countries in Europe.

If this matter proceeds to a damages phase, discovery will take place regarding the type of protections SenoRx's patented product would have received under the laws of Japan, Canada,

and whatever European countries it is determined that a patent would have been granted. In addition, an inquiry will likely be made regarding the regulatory issues and standards in those countries, including the approval needed prior to entering the medical markets of these foreign countries. Accordingly, the focus again will be on foreign laws and facts not the law of California.

Moreover, the discovery will also focus on these foreign markets for the product SenoRx sought to have patented not on the California market. For example, the assessment of the Japanese, Canadian, and European markets will necessarily ensue to determine what the markets for these products are, what the sales volume is for such products, and what kind of market share SenoRx could have achieved when competing against similar domestic products. Such inquiries have nothing to do with anything in California.

Therefore, it is clear that this matter has little to do with California law or witnesses. As such, a federal court in New York court can address the issues in this case just as easily as a federal court in California court and a New York court will be just as convenient, if not more so, as a California court for their witnesses who will be testifying about these issues. Thus, the fact that SenoRx has referenced some of the California partner defendants from Coudert Brothers LLP, who to this day have not been served, in its Opposition is nothing more than a red herring, as these partners were not involved in the missed patent filing deadlines and even if they were, the missed deadlines are not in dispute. Accordingly, these partners would add nothing more than the 49 east coast Individual Defendant Partners who have already appeared in this matter.

The crux of this case deals with laws and facts arising out of foreign countries as set forth above. The questions of law that do not deal with foreign countries, such as the standard of care, are nationally based, not California based, and are questions that are appropriately addressed by retained experts as discussed above. Even if this case involved a straightforward state law claim

REPLY BRIEF OF DEFENDANTS TO PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
573200.1

of legal malpractice, which it does not, as this Court noted in its decision denying SenoRx's motion to remand, bankruptcy courts are capable of resolving issues of state law, as the court will be able to do in this case. (*In Re Chicago Milwaukee, St. Paul & Pacific R.R. Co.* 6 F.3d 1184 (7th Cir. 1993) (stating that bankruptcy courts are qualified to resolve issues of state law). As such, a federal court in New York can address the issues in this case just as easily as a federal court in California. Therefore, this matter should be transferred to the Southern District of New York.

## VI. EVEN IF TRANSFER WERE NOT IN THE INTEREST OF JUSTICE, THE CONVENIENCE OF THE PARTIES SUPPORTS THE TRANSFER OF THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

The convenience of the parties supports the transfer of this proceeding to the Southern District of New York or, at the very least, does not indicate that such transfer would so inconvenience any party as to overcome the presumption in favor of transfer. SenoRx did not dispute Defendants' discussion set forth on pages 15 through 18 of its moving papers and has offered little in its moving papers that would establish that the transfer of this matter would so inconvenience any party as to overcome the presumption in favor of transfer. Indeed, all of the Coudert Brothers LLP decision makers and 37 of the 49 east coast Individual Partner Defendants that have appeared in this matter are in New York, with the remaining 12 in Connecticut, Maryland and/or the District of Columbia, not California. Accordingly, any attempts to mediate this matter are better suited to take place in New York. Moreover, as detailed in the moving papers and above, the thrust of issues in this case deal with foreign law and federal patent law, not California law. Therefore, this matter should be transferred for the convenience of the parties.

## VII. CONCLUSION.

This court has the broad discretion to grant Coudert Brothers LLP's and the Individual Partner Defendants' Motion to Transfer this matter to the Southern District of New York either in the interest of justice and/or alternatively for the convenience of the parties. Therefore, Coudert Brothers LLP and the Individual Partner Defendants respectfully request that this Court issue an Order to transfer this matter to the United States Court for the Southern District of New York.

Dated: August 3, 2007               WILSON, ELSER, MOSKOWITZ,
                                     EDELMAN & DICKER LLP


                                    By:_____/s/_____
                                       Martin K. Deniston
                                       Diana M. Estrada
                                       Attorneys for Defendant
                                       COUDERT BROTHERS LLP and
                                       Defendants identified in Exhibit 1

**EXHIBIT 1**
Case No.: C 07-01075 SC
**SENORX V. COUDERT BROTHERS LLP AND DOES 1 - 500**

| | |
|---|---|
| Charles E. Aster, | Edward H. Tillinghast, III, |
| Steven H. Becker, | Mary F. Voce, |
| Pamela T. Church, | Charles H. Wagner, |
| Charles H. Critchlow, | Roger B. Wagner, |
| Edmund S. Cohen, | Christopher M. Wells, |
| Jeffrey E. Cohen, | Anthony Williams, |
| James C. Colihan, | Philippe Bennet |
| William K. Coulter, | |
| Richard N. Dean, | |
| Richard De Palma, | |
| Robert L. Eisen, | |
| Joseph Farrell, | |
| Kay Georgi, | |
| Tara K. Giunta, | |
| Kevin W. Goering, | |
| Deborah Goldstein, | |
| John M. Gurley, | |
| Michael J. Hagan, | |
| Robert E. Hanlon, | |
| Gerard V. Hannon, | |
| Andrew Hedden, | |
| Janet Hernandez, | |
| Stephen M. Hudspeth, | |
| W. Michael Kelly, | |
| Frederick P. Konta, | |
| George J. Martin, Jr., | |
| Edwin S. Matthews, Jr., | |
| Brian McGunigle, | |
| Barry Metzger, | |
| Owen Nee, | |
| Marilyn S. Okoshi, | |
| Richard M. Ornitz, | |
| Kenneth R. Page, | |
| Robert F. Pietrowski, Jr., | |
| Darrell Prescott, | |
| Clyde E. Rankin, III, | |
| Richard Reilly, | |
| Thomas Rice, | |
| Olga Sirodoeva, | |
| James B. Sitrick, | |
| Roger D. Stark, | |
| Carol B. Stubblefield | |

1 **CERTIFICATE OF SERVICE**

2
3 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4  I am employed in the County of Los Angeles, State of California, by WILSON, ELSER,
5 MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within
6 action. My business address is 555 South Flower Street, Suite 2900, Los Angles, CA 90071.
7  On August 3, 2007, I served the DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S
8 OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28
9 US.C. §1412 on the interested parties in this action by email to dweiss@mjplaw.net [Geraldine
10 Weiss] and mpiuze@mjplaw.net [Michael J. Piuze] and by placing XX a true copy ____ the
11 original thereof enclosed in a sealed envelope addressed as follows:

| Law Offices of Michael J. Piuze | **Attorney for Plaintiff** |
|---|---|
| Michael J. Piuze, SBN 51342 | **Senorx, Inc.** |
| Geraldine Weiss, SBN 168455 | |
| 11755 Wilshire Blvd., Suite 1170 | Ph: 310-312-1102 |
| Los Angeles, California 90025 | Fx: 310-473-0708 |

17  **[X] BY OVERNIGHT MAIL**  I placed true and correct copies of said document(s) in
18 sealed envelopes addressed as stated on the attached service list and caused such envelopes to be
19 sent by overnight mail via Federal Express.
20  X   **(Federal)**  I declare that I am employed in the office of a member of the bar of this
21 court at whose direction the service was made.
22  Executed on **August 3, 2007**, at Los Angeles, California.

Kathleen Spendlove            /s/

---

1
CERTIFICATE OF SERVICE

573200.1